

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

September 2, 2021

**VIA ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Jason Frey, et al., v. City of New York, et al.,* 21 CV 5334

Dear Judge Román:

This Office represents Defendant Kevin Bruen, Superintendent of the New York State Police. We write respectfully and jointly with the New York City Law Department, which represents Defendants New York City and Dermot Shea, Commissioner of the New York City Police Department ("NYPD"), to request: (i) an adjournment of all Defendants' time to respond to the Complaint from September 14, 2021, to November 12, 2021; and (ii) an adjournment of all Defendants' time to oppose Plaintiff's motion for a preliminary injunction from September 7, 2021, to October 28, 2021, and for Plaintiff's time to reply from September 14, 2021, to November 4, 2021.

The reason for this request is that, based on our analysis of the allegations in the Complaint, we do not believe that Defendant Bruen is a proper party to this case and that Plaintiffs do not have standing to assert the present claims against him, pursuant to the holdings of *Ex parte Young*, 209 U.S. 123 (1908), *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), and related cases. Specifically, Plaintiffs allege that "New York State's handgun licensing scheme under Penal Law § 400.00, et seq. unconstitutionally infringes upon the preexisting individual right of Plaintiffs and all other individuals who have been issued a valid New York State pistol license under § 400.00 to "bear arms" for self-protection by, inter alia, (i) banning the unrestricted open carriage of a handgun; (ii) criminalizing the open carriage of a handgun; and (iii) restricting the validity of an unrestricted carry license based on the county of issuance." Complaint ¶ 10. Other than stating that Defendant Bruen is the Superintendent of the New York State Police, Plaintiffs do not allege that he had any involvement in the licensing issues

Judge Román  Page 2
September 2, 2021

they challenge.

In *Libertarian Party v. Cuomo*, a case with similar facts and legal claims, the court ruled - and the Second Circuit affirmed - that the Superintendent of the NY State Police was not a proper party to a claim involving the denial of a gun license application and dismissed Plaintiffs' claims against him due to a lack of standing. *See Libertarian Party of Erie County v. Cuomo, et al.,* 970 F.3d 106 (2d Cir. 2020). There, the district court held that "Claims challenging the constitutional validity of any statutes criminalizing possession of a firearm without a license are subsumed into a plaintiff's claims challenging a firearms licensing law where the plaintiff applied for the license and was denied." *Libertarian Party of Erie County v. Cuomo*, 300 F.Supp.3d 424, 435 n.7 (W.D.N.Y. 2018). The Court determined that the proper party was the county official who actually denied the gun license application. We believe that the same factual and legal reasoning applies in this case. In order to confirm our argument, we have attempted to obtain Plaintiffs' pistol permit applications from the Counties at issue in this case: Westchester, Orange, Nassau, and New York. However, we have not yet received those documents from the Counties at issue. As a result, we need additional time to acquire those documents and complete our analysis. We have asked Plaintiffs' counsel for the relevant license application documents, but she has informed us that she does not have them.

This afternoon we spoke with counsel for Plaintiffs, Amy Bellantoni, Esq., and explained our concerns regarding standing and the naming of Defendant Bruen as a party as well as our need for the relevant license applications. As a result, Ms. Bellantoni initially agreed to our requested adjournments. However, during a conversation later in the day, Ms. Bellantoni withdrew her consent for an extension of time to respond to the motion for preliminary injunction.

By their preliminary injunction application, Plaintiffs essentially seek on an interim basis the ultimate relief sought in this action: a removal of limitations on their own gun licenses and the right for themselves and "others similarly situated" to carry loaded handguns openly or in a concealed fashion "in New York State, including the 5 boroughs of New York City." *See*, Plaintiffs' Notice of Motion. Given the breadth of Plaintiffs' claims and the significance of the relief sought, the Defendants' requested extension would provide the time necessary to ensure that the resources of the Court would not be engaged prematurely on a preliminary injunction involving improper parties.

This is the first request for an extension of time to respond to Plaintiff's motion for a preliminary injunction and the second request for an extension to respond to the Complaint. Counsel for Plaintiffs has consented to our application for an extension of time to respond to the Complaint but has refused to consent to our application for an adjournment of Defendants' time to respond to the motion for preliminary injunction.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Ian Ramage

Judge Román  Page 3
September 2, 2021

>Ian Ramage
>Assistant Attorney General
>Ian.Ramage@ag.ny.gov

cc: Amy Bellantoni, Esq.
    (via ECF)
    New York City Law Department
    (via ECF)