

September 2, 2021

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

  Re: *Frey, et al. v. New York City, et al.*
     21 Civ. 05334 (NSR)

Your Honor,

  I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter.

  I write in response to the motion of the State defendant to adjourn (i) all defendants' time to file a response to the complaint from September 14, 2021 to November 12, 2021; and (ii) an extension of time in which to file an opposition to Plaintiffs' motion for a preliminary injunction from September 7, 2021 to October 28, 2021, and Plaintiffs' reply to November 4, 2021.

  With regard to the defendants' request for time to file a response to the complaint, Plaintiffs promptly consented to Defendants' request for a 60-day extension of time from September 14, 2021 to November 12, 2021 as a matter of professional courtesy and in the interest of amicable relationships throughout the litigation.

  However, with regard to Defendants' request to adjourn their opposition to Plaintiffs' motion for a preliminary injunction, I cannot identify a sound legal basis for Defendants' position that Defendant Bruen is not a proper party to be sued.

  After discussions with counsel this afternoon, a review of the cases upon which they rely, and then further discussions with counsel later this afternoon, I cannot see how *Libertarian Party* is 'similar to the claims here' or how the district and circuit courts' reasoning therein for finding that the New York State Police superintendent was not a proper party to be sued applies to this case.

  There appears to be a misunderstanding of the nature of Plaintiffs' claims. Plaintiffs seek to enjoin the enforcement of criminal statutes under Penal Law § 265.00 (and § 400.00(15)) against individuals, including those who have been vetted through the pistol license process and who hold such

2 Overhill Road, Suite 400   *info@bellantoni-law.com*   (914) 367-0090 (t)
Scarsdale, New York 10583   www.bellantoni-law.com   (888) 763-9761 (f)

a license, who thereafter openly carry a handgun registered thereon in New York State.

Plaintiffs are not "seeking a removal of the limitations on their own gun licenses" as Defendants contend. Each Plaintiff has a <u>concealed carry license</u> ("CCW") with varying restrictions: Mr. Sappe has an unrestricted CCW; Brianna and Jason Frey are restricted to "sportsman" concealed carry; and Jack Cheng is restricted to "target shooting" concealed carry.

The removal of the limitations on Plaintiffs' handgun licenses would result in Plaintiffs having an <u>unrestricted concealed carry</u> handgun license. Removing the restrictions on Plaintiffs' concealed carry handgun licenses would not result in an open carry license, nor does an open carry license exist.

In *Libertarian Party*, the injury facing the plaintiffs was directly tied to the state licensing statute and the licensing officer who denied their respective applications. The proper party in *Libertarian Party*[1] was determined to be (i) the licensing officer who denied the applications to obtain a pistol license in the first instance based on the "moral character" and "good cause" factors, and/or (ii) the licensing officer who denied their applications for an unrestricted CCW for lack of "proper cause". The injuries of the plaintiffs therein were being denied a handgun license and/or being denied an unrestricted CCW license. Those injuries were "fairly traceable" to the licensing officers' decisions because the licensing officers made those decisions under the plain language and discretion of the licensing statute, Penal Law
§ 400.00.

Here, Plaintiffs are not challenging the denial of a handgun license or the denial of an unrestricted CCW license. Each Plaintiff has a handgun license. No plaintiff has been denied the issuance of an open carry license because there is no such license in New York State nor is there a process for either applying for, or obtaining, one. Open carry is banned; there is no defense to a criminal charge for openly carrying a handgun in public – even a handgun that is licensed.

Following the State defendants' analysis of *Libertarian Party*, the proper party to sue would be the 'licensing officer who denied the application'. But there is no licensing officer 'who denied an application for an open carry license'. No licensing officer can provide Plaintiffs with redress nor is there any licensing officer to whom Plaintiffs' open carry-related injuries can be 'fairly traced'. No application for an open carry license was made to a licensing officer because no such license exists. No licensing officer has the authority or jurisdiction to issue an open carry license. Licensing officers only have authority to issue those licenses that New York State has made available to be issued: premises and concealed carry. See, Penal Law § 400.00(2) "Types of Licenses".  From there, licensing officers may place restrictions on the activities during which a licensee's handgun may be carried <u>concealed</u> – target practice, hunting, employment, sportsman activities, or unrestricted. Open carry is not an option.

Plaintiffs already hold a valid NYS license to possess their handguns. The licensing scheme can provide them with no additional relief. The injuries facing Plaintiffs on the issue of open carry are 'fairly traceable' to the New York State Police, who enforce the New York State Penal Law, and the superintendent who sets their policies and directs their actions.

---

[1] In *Libertarian Party*, the plaintiffs challenged the "moral character", and "good cause" factors for denying an application for a pistol license in the first instance; as well as the "proper cause" requirement for the issuance of a concealed carry license.

   Plaintiffs face arrest by the New York State Police and criminal penalties under Penal Law § 265.00, *et seq.*[2] for carrying their lawfully owned, registered, and possessed handguns open and exposed on their person throughout New York State.[3] Enjoining defendant Bruen, his agents, employees, and all those receiving notice of such injunction who act in concert with him, will provide Plaintiffs with the temporary relief they are seeking.

   As for the permanent relief sought by Plaintiffs, a holding that the challenged provisions of Penal Law § 265.00, *et seq.* are facially unconstitutional and/or unconstitutional as applied to Plaintiffs and similarly situated people (those individuals who possess licensed handguns), will be applicable to all law enforcement and related prosecutions under the challenged provisions of § 265.00.

   Defendants' second basis for seeking an adjournment of the deadline for filing an opposition to Plaintiffs' motion for a preliminary injunction is the desire to obtain Plaintiffs' pistol license files from each respective county clerk's office.

   This afternoon, I provided Defendants' counsel with copies of each Plaintiff's New York State Pistol Licenses as verification that each Plaintiff, in fact, holds a valid NYS license and the concealed carry restrictions thereon.

   The issues to be decided in this case are not fact-based; they involve, and will be resolved based on, questions of law. The contents of the respective Plaintiffs' pistol license files are immaterial and irrelevant to the legal issues before the Court.[4]

   Based on the foregoing, it is respectfully requested that the previously scheduled dates for the submission of Plaintiffs' motion for a preliminary injunction, requiring Defendants' opposition to be served on or before September 7, 2021, and Plaintiffs' reply to be filed on or before September 14, 2021 be maintained.

   Thank you for the Court's consideration.

Sincerely,

/s
Amy L. Bellantoni

cc: NYS Attorney General's Office (via ECF)

   NYC Law Department (via ECF)

---

[2] As well as § 400.00(15), which provides that any violation of the licensing scheme constitutes a Class A misdemeanor.

[3] Plaintiff William Sappe, who holds an unrestricted NYS CCW license also seeks to carry his handgun <u>concealed</u> into New York City; New York City's denial of his application for an endorsement of his CCW license under Penal Law § 400.00(6) is traceable to New York City and the NYC licensing officer, Commissioner Dermot Shea, who have properly been named as parties herein.

[4] I would hope that Defendants are not seeking Plaintiffs' files in search of derogatory information to disparage Plaintiffs' reputations before this Court, as each Plaintiff has already been determined by a NYS County Court Judge to possess the requisite "moral character" and lacking any legal prohibitors to the possession of firearms in the first instance.