**MEMORANDUM ENDORSEMENT**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  09/03/2021

Frey at al v. Bruen et al

21-cv-5334 (NSR)

The Court has reviewed Defendânts' letters, dated September 2, 2021 and September 3, 2021, requesting an extension of time to respond to the Complaint and the motion for a preliminary injunctioṅ. (ECF Nos. 12 & 14.) The Court also reviewed Plaintiffs' letter, dated September 2, 2021, consenting to the extension of time to respond to the Complaint, but opposing the extension for the opposition papers. (ECF No. 13.)

Defendants' requests are  GRANTED. Defendants' time to respond to the Complaint is extended to October 14, 2021. The briefing schedule for the motion for a preliminary injunction is amended as follows:  Defendants'  opposition p̀apers shall be served (not filed) on or before September 14, 2021; and Plaintiffs'  reply p̀apers shall be served on or before September 21, 2021.

All motion documents shall be filed on the reply date, September 21, 2021. The parties shall mail two courtesy copies and email one electronic copy of their motion documents to Chambers as the documents are served.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 12 & 14.

Dated: September 3, 2021
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

MEMO ENDORSED



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

September 2, 2021

**VIA ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Jason Frey, et al., v. City of New York, et al.,* 21 CV 5334

Dear Judge Román:

This Office represents Defendant Kevin Bruen, Superintendent of the New York State Police. We write respectfully and jointly with the New York City Law Department, which represents Defendants New York City and Dermot Shea, Commissioner of the New York City Police Department ("NYPD"), to request: (i) an adjournment of all Defendants' time to respond to the Complaint from September 14, 2021, to November 12, 2021; and (ii) an adjournment of all Defendants' time to oppose Plaintiff's motion for a preliminary injunction from September 7, 2021, to October 28, 2021, and for Plaintiff's time to reply from September 14, 2021, to November 4, 2021.

The reason for this request is that, based on our analysis of the allegations in the Complaint, we do not believe that Defendant Bruen is a proper party to this case and that Plaintiffs do not have standing to assert the present claims against him, pursuant to the holdings of *Ex parte Young*, 209 U.S. 123 (1908), *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), and related cases. Specifically, Plaintiffs allege that "New York State's handgun licensing scheme under Penal Law § 400.00, et seq. unconstitutionally infringes upon the preexisting individual right of Plaintiffs and all other individuals who have been issued a valid New York State pistol license under § 400.00 to "bear arms" for self-protection by, inter alia, (i) banning the unrestricted open carriage of a handgun; (ii) criminalizing the open carriage of a handgun; and (iii) restricting the validity of an unrestricted carry license based on the county of issuance." Complaint ¶ 10. Other than stating that Defendant Bruen is the Superintendent of the New York State Police, Plaintiffs do not allege that he had any involvement in the licensing issues

Judge Román                                                                                          Page 2
September 2, 2021

they challenge.

In *Libertarian Party v. Cuomo*, a case with similar facts and legal claims, the court ruled –
and the Second Circuit affirmed - that the Superintendent of the NY State Police was not a proper
party to a claim involving the denial of a gun license application and dismissed Plaintiffs' claims
against him due to a lack of standing. *See Libertarian Party of Erie County v. Cuomo, et al.,* 970
F.3d 106 (2d Cir. 2020). There, the district court held that "Claims challenging the constitutional
validity of any statutes criminalizing possession of a firearm without a license are subsumed into
a plaintiff's claims challenging a firearms licensing law where the plaintiff applied for the license
and was denied." *Libertarian Party of Erie County v. Cuomo*, 300 F.Supp.3d 424, 435 n.7
(W.D.N.Y. 2018). The Court determined that the proper party was the county official who actually
denied the gun license application. We believe that the same factual and legal reasoning applies in
this case. In order to confirm our argument, we have attempted to obtain Plaintiffs' pistol permit
applications from the Counties at issue in this case: Westchester, Orange, Nassau, and New York.
However, we have not yet received those documents from the Counties at issue. As a result, we
need additional time to acquire those documents and complete our analysis. We have asked
Plaintiffs' counsel for the relevant license application documents, but she has informed us that she
does not have them.

This afternoon we spoke with counsel for Plaintiffs, Amy Bellantoni, Esq., and explained
our concerns regarding standing and the naming of Defendant Bruen as a party as well as our need
for the relevant license applications. As a result, Ms. Bellantoni initially agreed to our requested
adjournments. However, during a conversation later in the day, Ms. Bellantoni withdrew her
consent for an extension of time to respond to the motion for preliminary injunction.

By their preliminary injunction application, Plaintiffs essentially seek on an interim basis
the ultimate relief sought in this action: a removal of limitations on their own gun licenses and the
right for themselves and "others similarly situated" to carry loaded handguns openly or in a
concealed fashion "in New York State, including the 5 boroughs of New York City." *See*,
Plaintiffs' Notice of Motion. Given the breadth of Plaintiffs' claims and the significance of the
relief sought, the Defendants' requested extension would provide the time necessary to ensure that
the resources of the Court would not be engaged prematurely on a preliminary injunction involving
improper parties.

This is the first request for an extension of time to respond to Plaintiff's motion for a
preliminary injunction and the second request for an extension to respond to the Complaint.
Counsel for Plaintiffs has consented to our application for an extension of time to respond to the
Complaint but has refused to consent to our application for an adjournment of Defendants' time to
respond to the motion for preliminary injunction.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Ian Ramage

Judge Román                                                                 Page 3
September 2, 2021

                                                    Ian Ramage
                                                    Assistant Attorney General
                                                    Ian.Ramage@ag.ny.gov

cc:     Amy Bellantoni,  Esq.
        (via ECF)
        New York City Law Department
        (via ECF)



**BELLANTONI**
L A W   F I R M

September 2, 2021

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Frey, et al. v. New York City, et al.*
             21 Civ. 05334 (NSR)

Your Honor,

I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter.

I write in response to the motion of the State defendant to adjourn (i) all defendants' time to file a response to the complaint from September 14, 2021 to November 12, 2021; and (ii) an extension of time in which to file an opposition to Plaintiffs' motion for a preliminary injunction from September 7, 2021 to October 28, 2021, and Plaintiffs' reply to November 4, 2021.

With regard to the defendants' request for time to file a response to the complaint, Plaintiffs promptly consented to Defendants' request for a 60-day extension of time from September 14, 2021 to November 12, 2021 as a matter of professional courtesy and in the interest of amicable relationships throughout the litigation.

However, with regard to Defendants' request to adjourn their opposition to Plaintiffs' motion for a preliminary injunction, I cannot identify a sound legal basis for Defendants' position that Defendant Bruen is not a proper party to be sued.

After discussions with counsel this afternoon, a review of the cases upon which they rely, and then further discussions with counsel later this afternoon, I cannot see how *Libertarian Party* is 'similar to the claims here' or how the district and circuit courts' reasoning therein for finding that the New York State Police superintendent was not a proper party to be sued applies to this case.

There appears to be a misunderstanding of the nature of Plaintiffs' claims. Plaintiffs seek to enjoin the enforcement of criminal statutes under Penal Law § 265.00 (and § 400.00(15)) against individuals, including those who have been vetted through the pistol license process and who hold such

2 Overhill Road, Suite 400          *info@bellantoni-law.com*          (914) 367-0090 (t)
Scarsdale, New York 10583        www.bellantoni-law.com         (888) 763-9761 (f)

a license, who thereafter openly carry a handgun registered thereon in New York State.

Plaintiffs are not "seeking a removal of the limitations on their own gun licenses" as Defendants contend. Each Plaintiff has a <u>concealed carry license</u> ("CCW") with varying restrictions: Mr. Sappe has an unrestricted CCW; Brianna and Jason Frey are restricted to "sportsman" concealed carry; and Jack Cheng is restricted to "target shooting" concealed carry.

The removal of the limitations on Plaintiffs' handgun licenses would result in Plaintiffs having an <u>unrestricted concealed carry</u> handgun license. Removing the restrictions on Plaintiffs' concealed carry handgun licenses would not result in an open carry license, nor does an open carry license exist.

In *Libertarian Party*, the injury facing the plaintiffs was directly tied to the state licensing statute and the licensing officer who denied their respective applications. The proper party in *Libertarian Party[1]* was determined to be (i) the licensing officer who denied the applications to obtain a pistol license in the first instance based on the "moral character" and "good cause" factors, and/or (ii) the licensing officer who denied their applications for an unrestricted CCW for lack of "proper cause". The injuries of the plaintiffs therein were being denied a handgun license and/or being denied an unrestricted CCW license. Those injuries were "fairly traceable" to the licensing officers' decisions because the licensing officers made those decisions under the plain language and discretion of the licensing statute, Penal Law § 400.00.

Here, Plaintiffs are not challenging the denial of a handgun license or the denial of an unrestricted CCW license. Each Plaintiff has a handgun license. No plaintiff has been denied the issuance of an open carry license because there is no such license in New York State nor is there a process for either applying for, or obtaining, one. Open carry is banned; there is no defense to a criminal charge for openly carrying a handgun in public – even a handgun that is licensed.

Following the State defendants' analysis of *Libertarian Party*, the proper party to sue would be the 'licensing officer who denied the application'. But there is no licensing officer 'who denied an application for an open carry license'. No licensing officer can provide Plaintiffs with redress nor is there any licensing officer to whom Plaintiffs' open carry-related injuries can be 'fairly traced'. No application for an open carry license was made to a licensing officer because no such license exists. No licensing officer has the authority or jurisdiction to issue an open carry license. Licensing officers only have authority to issue those licenses that New York State has made available to be issued: premises and concealed carry. See, Penal Law § 400.00(2) "Types of Licenses".  From there, licensing officers may place restrictions on the activities during which a licensee's handgun may be carried <u>concealed</u> – target practice, hunting, employment, sportsman activities, or unrestricted. Open carry is not an option.

Plaintiffs already hold a valid NYS license to possess their handguns. The licensing scheme can provide them with no additional relief. The injuries facing Plaintiffs on the issue of open carry are 'fairly traceable' to the New York State Police, who enforce the New York State Penal Law, and the superintendent who sets their policies and directs their actions.

---

[1] In *Libertarian Party*, the plaintiffs challenged the "moral character", and "good cause" factors for denying an application for a pistol license in the first instance; as well as the "proper cause" requirement for the issuance of a concealed carry license.

Plaintiffs face arrest by the New York State Police and criminal penalties under Penal Law § 265.00, *et seq.*[2] for carrying their lawfully owned, registered, and possessed handguns open and exposed on their person throughout New York State.[3] Enjoining defendant Bruen, his agents, employees, and all those receiving notice of such injunction who act in concert with him, will provide Plaintiffs with the temporary relief they are seeking.

As for the permanent relief sought by Plaintiffs, a holding that the challenged provisions of Penal Law § 265.00, *et seq.* are facially unconstitutional and/or unconstitutional as applied to Plaintiffs and similarly situated people (those individuals who possess licensed handguns), will be applicable to all law enforcement and related prosecutions under the challenged provisions of § 265.00.

Defendants' second basis for seeking an adjournment of the deadline for filing an opposition to Plaintiffs' motion for a preliminary injunction is the desire to obtain Plaintiffs' pistol license files from each respective county clerk's office.

This afternoon, I provided Defendants' counsel with copies of each Plaintiff's New York State Pistol Licenses as verification that each Plaintiff, in fact, holds a valid NYS license and the concealed carry restrictions thereon.

The issues to be decided in this case are not fact-based; they involve, and will be resolved based on, questions of law. The contents of the respective Plaintiffs' pistol license files are immaterial and irrelevant to the legal issues before the Court.[4]

Based on the foregoing, it is respectfully requested that the previously scheduled dates for the submission of Plaintiffs' motion for a preliminary injunction, requiring Defendants' opposition to be served on or before September 7, 2021, and Plaintiffs' reply to be filed on or before September 14, 2021 be maintained.

Thank you for the Court's consideration.

Sincerely,

/s
Amy L. Bellantoni

cc:    NYS Attorney General's Office (via ECF)

       NYC Law Department (via ECF)

---

[2] As well as § 400.00(15), which provides that any violation of the licensing scheme constitutes a Class A misdemeanor.
[3] Plaintiff William Sappe, who holds an unrestricted NYS CCW license also seeks to carry his handgun underlined concealed into New York City; New York City's denial of his application for an endorsement of his CCW license under Penal Law § 400.00(6) is traceable to New York City and the NYC licensing officer, Commissioner Dermot Shea, who have properly been named as parties herein.
[4] I would hope that Defendants are not seeking Plaintiffs' files in search of derogatory information to disparage Plaintiffs' reputations before this Court, as each Plaintiff has already been determined by a NYS County Court Judge to possess the requisite "moral character" and lacking any legal prohibitors to the possession of firearms in the first instance.



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**RACHEL K. MOSTON**
Senior Counsel
Administrative Law Division
phone: 212-356-2190
fax: 212-356-2019
email: rmoston@law.nyc.gov

September 3, 2021

**By ECF**

Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re:    *Jason Frey, et al., v. City of New York, et al.,* 21 CV 5334

Dear Judge Román:

I am an attorney in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, counsel for defendants, New York City and Dermot Shea, in his official capacity as NYPD Police Commissioner (collectively, "City Defendants"). I write to respectfully join in the State Defendant's request for an extension of defendants' time to oppose plaintiffs' motion for a preliminary injunction. Currently, defendants' opposition papers are due Tuesday, September 7, 2021. City Defendants require additional time to oppose plaintiffs' motion based on the fact that plaintiffs previously relayed their consent to the request for an extension, as well as the upcoming holiday weekend and Jewish Holidays over the next few weeks. In addition, City Defendants require additional time for client review. This is City Defendants' first request for an extension. In the event that the Court is not inclined to grant the full 45-day extension requested by State Defendant in the letter dated September 2, 2021 (ECF Docket No. 12), then City Defendants respectfully request at least several more weeks to prepare and file their opposition papers.

Respectfully submitted,

/s/

Rachel K. Moston

cc:  All Counsel of Record (via ECF)