UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON FREY, BRIANNA FREY, JACK CHENG, and
WILLIAM SAPPE,

                                      Plaintiffs,

-against-

KEVIN P. BRUEN, Acting Superintendent of the New
York State Police, in his official capacity, NEW YORK
CITY, New York, and DERMOT SHEA, in his official
capacity as NYPD Police Commissioner,

                                      Defendants.

------------------------------------------------------------------------ x

**CITY DEFENDANTS'
ANSWER TO COMPLAINT**

21-cv-5334 (NSR)

                Defendants, the City of New York ("City") and Dermot Shea, in his official

capacity as NYPD Police Commissioner (collectively, "City Defendants"), by their attorney,

Georgia M. Pestana, Corporation Counsel of the City of New York, for their answer to plaintiffs'

Complaint, respectfully allege:

                1.       Deny the allegations set forth in paragraphs 1 and 2 of the Complaint,

except admit that plaintiffs purport to proceed as set forth therein.

                2.       Deny the allegations set forth in paragraph 3 of the Complaint, and

respectfully refer the Court to New York State Penal Law ("Penal Law" or "PL") § 70.02 for its

full text and true meaning.

                3.       Deny the allegations set forth in paragraphs 4, 5, 6, 7, and 8 of the

Complaint, except admit that plaintiffs purport to proceed as set forth therein.

4.      Deny the allegations set forth in paragraphs 9 and 10 of the Complaint, except admit that plaintiffs purport to proceed as set forth therein and respectfully refer the Court to the sections of the Penal Law cited by plaintiffs therein for their full text and true meaning.

5.      Deny the allegations set forth in paragraph 11 of the Complaint, except admit that the Penal Law does not provide a process or procedure for applying for an unrestricted open carry license, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for their full text and true meaning.

6.      Deny the allegations set forth in paragraph 12 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for their full text and true meaning.

7.      Deny the allegations set forth in paragraph 13 of the Complaint.

8.      Deny the allegations set forth in paragraphs 14, 15, 16, and 17 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law, and respectfully refer the Court to the Penal Law provisions cited therein for their full text and true meaning.

9.      Deny the allegations set forth in paragraphs 18 and 19 of the Complaint.

10.     Deny the allegations set forth in paragraphs 20 and 21 of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

11.     Deny the allegations set forth in paragraph 22 of the Complaint, except admit that venue properly lies in this Court.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23, 24, 25, and 26 of the Complaint.

13.     Deny the allegations set forth in paragraph 27 of the Complaint, except admit that Kevin P. Bruen is the Superintendent of the New York State Police.

14.     Deny the allegations set forth in paragraphs 28 and 29 of the Complaint to the extent that plaintiffs allege or purport to allege that Defendant Bruen acted improperly or contrary to law.

15.     Deny the allegations set forth in paragraph 30 of the Complaint, except admit that the City of New York is a municipality incorporated pursuant to the laws of the State of New York.

16.     Deny the allegations set forth in paragraph 31 of the Complaint, except admit that Dermot Shea is the Police Commissioner of the New York City Police Department ("NYPD") and respectfully refer the Court to Penal Law § 400.00 for its full text and true meaning.

17.     Deny the allegations set forth in paragraph 32 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, and Title 38 of the Rules of the City of New York ("RCNY") for a true and complete statement regarding the NYPD's authority and jurisdiction regarding the licensing of handguns and firearms in the City of New York.

18.     Deny the allegations set forth in paragraph 33 of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

19.     Neither admit nor deny the allegations set forth in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of the Complaint as they contain legal arguments to which no response is required; however, should this Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

20.     Deny the allegations set forth in paragraphs 48 and 49 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.01(1), 265.01-b, 265.03(2), and 265.03(3) for their full text and true meaning.

21.     Neither admit nor deny the allegations set forth in paragraph 50 of the Complaint, as it contains legal arguments to which no response is required; however, should this Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

22.     Deny the allegations set forth in paragraphs 51 and 52 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00, *et seq.*, and 400.00, *et seq.*, for their full text and true meaning.

23.     Deny the allegations set forth in paragraphs 53 and 54 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law.

24.     Deny the allegations set forth in paragraph 55 of the Complaint, except admit that the State has broad discretion to deny a request for a handgun license, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for a true and complete statement of the State's authority and jurisdiction regarding the licensing of handguns.

25.     Deny the allegations set forth in paragraph 56 of the Complaint, except admit that the State's procedures for the licensing of handguns are set forth, *inter alia*, in Penal Law §§ 400.00, *et. seq.*, and respectfully refer the Court to those provisions for their full text and true meaning.

26.     Deny the allegations set forth in paragraph 57 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for a true and complete statement of the State's handgun licensing procedure and for their full text and true meaning.

27.     Deny the allegations set forth in paragraph 58 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for a true and complete statement of the State's handgun licensing procedures.

28.     Deny the allegations set forth in paragraph 59 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for their full text and true meaning.

29.     Deny the allegations set forth in paragraph 60 of the Complaint, and respectfully refer the Court to Penal Law § 265.00, *et seq.*, for their full text and true meaning.

30.     Neither admit nor deny the allegations set forth in paragraphs 61, 62, and 63 of the Complaint, as they contain legal arguments to which no response is required; however, should this Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

31.     Neither admit nor deny the allegations set forth in paragraphs 64 and 65 of the Complaint, as they contain legal arguments to which no response is required; however, should this Court deem a response necessary, deny the allegations and respectfully refer the Court to Penal Law §§ 400.00(1)(b) and (n), and 38 RCNY §§ 5-10(a), (h), and (n) for their full text and true meaning.

32.     Deny the allegations set forth in paragraph 66 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(2) for a true and complete list of handgun licenses available to New York State residences.

33.     Neither admit nor deny the allegations set forth in paragraph 67 of the Complaint, as they contain legal arguments to which no response is required; however, should the Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

34.     Deny the allegations set forth in paragraph 68 of the Complaint, and respectfully refer the Court to N.Y. State Rifle & Pistol Assn. v. Becah, 354 F. Supp. 3d 143 (N.D.N.Y. 2018), for its full text and true meaning.

35.     Deny the allegations set forth in paragraph 69 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, and Penal Law §§ 265.00, *et seq.*, for their full text and true meaning.

36.     Deny the allegations set forth in paragraphs 70 and 71 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(15) for its full text and true meaning.

37.     Deny the allegations set forth in paragraph 72 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law.

38.     Deny the allegations set forth in paragraphs 73 and 74 of the Complaint.

39.     Deny the allegations set forth in paragraph 75 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(2) its full text and true meaning.

40.     Neither admit nor deny the allegations set forth in paragraph 76 of the Complaint, as they contain legal arguments to which no response is required; however, should the Court deem a response necessary, deny the allegations.

41.     Deny the allegations set forth in paragraph 77 of the Complaint, except admit that an applicant for a concealed carry pistol permit must establish proper cause under the

Penal Law, and respectfully refer the Court to Penal Law § 400.00(2)(f) for its full text and true meaning.

42.     Neither admit nor deny the allegations set forth in paragraph 78 of the Complaint, as they contain legal arguments to which no response is required; however, should the Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

43.     Deny the allegations set forth in paragraph 79 of the Complaint.

44.     Neither admit nor deny the allegations set forth in paragraph 80 of the Complaint, as they contain legal arguments to which no response is required; however, should the Court deem a response necessary, deny the allegations and respectfully refer the Court to the cases cited by plaintiffs therein for their full text and true meaning.

45.     Deny the allegations set forth in paragraphs 81, 82, and 83 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law, except admit that New York State law does not permit the open carry of handguns.

46.     Deny the allegations set forth in paragraphs 84, 85, and 86 of the Complaint.

47.     Deny the allegations set forth in paragraph 87 of the Complaint, and respectfully refer the Court to Penal Law §400.00(6) for its full text and true meaning.

48.     Deny the allegations set forth in paragraphs 88, 89, and 90 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, and 101 of the Complaint.

50.     Deny the allegations set forth in paragraph 102 of the Complaint, except admit that licensing officers are vested with discretion in determining whether an applicant satisfies the proper cause standard for a concealed carry license.

51.     Deny the allegations set forth in paragraph 103 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law.

52.     Deny the allegations set forth in paragraph 104 of the Complaint, and respectfully refer the Court to Article 78 of the New York Civil Practice Law and Rules ("CPLR") for a true and complete statement regarding the standard to be applied in Article 78 proceedings and for its full text and true meaning.

53.     Deny the allegations set forth in paragraphs 105, 106, and 107 of the Complaint, except admit that plaintiff Frey purports to proceed as set forth therein.

54.     Deny the allegations set forth in paragraph 108 of the Complaint, except admit that New York State does not permit the open carry of handguns in public, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for a true and complete statement of the types of handgun licenses permitted in New York State and the State's licensing procedures.

55.     Deny the allegations set forth in paragraph 109 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(15) and 400.00(1)(b) and (n) for their full text and true meaning.

56.     Deny the allegations set forth in paragraph 110 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00, *et seq.*, 265.00(17), 400.00(1)(c), and 400.00(15) for their full text and true meaning.

57.     Deny the allegations set forth in paragraph 111 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 112, 113, and 114 of the Complaint.

59.     Deny the allegations set forth in paragraph 115 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint.

61.     Deny the allegations set forth in paragraph 117 of the Complaint.

62.     Deny the allegations set forth in paragraphs 118, 119, and 120 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(15), 400.00, 400.00(6), 265.01-b, 265.03(2), and 265.03(3) for their full text and true meaning.

63.     Deny the allegations set forth in paragraph 121 of the Complaint, and respectfully refer the Court to Penal Law §§265.00, *et seq.*, for their full text and true meaning.

64.     Deny the allegations set forth in paragraph 122 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(1)(b) and (n) for their full text and true meaning.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 123, 124, 125, 126, 127, 128, 129, 130, 131, 132 and 133 and the Complaint.

66.     Deny the allegations set forth in paragraph 134 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Complaint.

68.     Deny the allegations set forth in paragraph 136 of the Complaint, except admit that licensing officers are vested with discretion in determining whether an applicant satisfies the proper cause standard for a concealed carry license.

69.     Deny the allegations set forth in paragraph 137 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law.

70.     Deny the allegations set forth in paragraph 138 of the Complaint, and respectfully refer the Court to Article 78 of the CPLR for a true and complete statement regarding the standard to be applied in Article 78 proceedings and for its full text and true meaning.

71.     Deny the allegations set forth in paragraphs 139, 140, 141, and 142 of the Complaint, except admit that plaintiff Frey purports to proceed as set forth therein.

72.     Deny the allegations set forth in paragraph 143 of the Complaint, except admit that New York State does not permit the open carry of handguns in public, and respectfully refer the Court to Penal Law §§ 400.00, *et seq.*, for a true and complete statement of the types of handgun licenses permitted in New York State and the State's licensing procedures.

73.     Deny the allegations set forth in paragraph 144 of the Complaint, except admit that plaintiff Frey purports to proceed as set forth therein.

74.     Deny the allegations set forth in paragraph 145 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law, except admit that New York State does not permit open carry.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 146, 147, 148, and 149 of the Complaint.

76.     Deny the allegations set forth in paragraph 150 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Complaint.

78.     Deny the allegations set forth in paragraph 152 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(6) for its full text and true meaning.

79.     Deny the allegations set forth in paragraph 153 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Complaint.

81.     Deny the allegations set forth in paragraph 155 of the Complaint, and respectfully refer the Court to Penal Law §§265.00, *et seq.*, 265.00(17), 400.00(1)(c), and 400.00(15) for their full text and true meaning.

82.     Deny the allegations set forth in paragraph 156 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.01-b, 265.03(2), 265.03(3), and 400.00(6) for their full text and true meaning.

83.     Deny the allegations set forth in paragraph 157 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00, *et seq.*, for their full text and true meaning.

84.     Deny the allegations set forth in paragraphs 158 and 159 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(1)(b), and (n) for their full text and true meaning.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint.

86.     Deny the allegations set forth in paragraph 161 of the Complaint, except admit that, as part of plaintiff Cheng's 2019 renewal application to the NYPD's License Division for his Carry Business License, he submitted a copy of his Nassau County Pistol License (License No. HG475092005).

87.     Deny the allegations set forth in paragraph 162 of the Complaint, except admit that, as part of plaintiff Cheng's 2019 renewal application to the NYPD's License Division for his Carry Business License, he submitted copy of a certificate from the "Veterans Recognition Program Office of the Nassau County Clerk."

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint.

89.     Deny the allegations set forth in paragraph 164 of the Complaint, except admit that, as part of plaintiff Cheng's 2019 renewal application to the NYPD's License Division for his Carry Business License, he submitted a copy of his Nassau County Pistol License (License No. HG475092005).

90.     Deny the allegations set forth in paragraph 165 of the Complaint, except admit that, as part of plaintiff Cheng's 2019 renewal application to the NYPD's License Division for his Carry Business License, he submitted a copy of his Nassau County Pistol License (License No. HG475092005), which states "Target/Hunting."

91.     Deny the allegations set forth in paragraph 166 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(6) and 38 RCNY §§ 5-01, *et seq.*, for their full text and true meaning.

92.     Deny the allegations set forth in paragraph 167 of the Complaint.

93.   Deny the allegations set forth in paragraph 168 of the Complaint, except admit that, as part of plaintiff Cheng's 2019 renewal application to the NYPD's License Division for his Carry Business License, he indicated that the owned several businesses in New York City.

94.   Deny the allegations set forth in paragraph 169 of the Complaint to the extent that plaintiffs allege or purport to allege that defendants acted improperly or contrary to law.

95.   Deny the allegations set forth in paragraph 170 of the Complaint, except admit that plaintiff Cheng's Carry Business License was set to expire on its own terms in October 2019.

96.   Deny the allegations set forth in paragraph 171 of the Complaint, except admit that applicants for renewal of carry licenses in the City of New York must demonstrate proper cause, and respectfully refer the Court to Penal Law § 400.00(2)(f) and 38 RCNY § 5-03 for their full text and true meaning.

97.   Deny the allegations set forth in paragraph 172 of the Complaint.

98.   Deny the allegations set forth in paragraph 173 of the Complaint, except admit that the NYPD License Division denied Cheng's renewal application by final determination dated November 9, 2020.

99.   Deny the allegations set forth in paragraph 174 of the Complaint, except admit that plaintiff Cheng purports to proceed as set forth therein.

100.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Complaint.

101.    Deny the allegations set forth in paragraph 176 of the Complaint, except admit that plaintiff Cheng purports to proceed as set forth therein.

102.    Deny the allegations set forth in paragraph 177 of the Complaint, except admit that New York State does not permit the open carry of handguns, and respectfully refer the Court to Penal Law §§ 400, *et seq.*, and 38 RCNY §§ 5-01, *et seq.*, for their full text and true meaning.

103.    Deny the allegations set forth in paragraph 178 of the Complaint, except admit that plaintiff Cheng purports to proceed as set forth therein.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 179 and 180 of the Complaint.

105.    Deny the allegations set forth in paragraph 181 of the Complaint.

106.    Deny the allegations set forth in paragraph 182 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00, *et seq.*, 265.00(17), 400.00(1)(c), and 400.00(15) for their full text and true meaning.

107.    Deny the allegations set forth in paragraph 183 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(6), 265.01-b, 265.03(2), and 265.03(3) for their full text and true meaning.

108.    Deny the allegations set forth in paragraph 184 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00, *et seq.*, for their full text and true meaning.

109.    Deny the allegations set forth in paragraphs 185 and 186 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(1)(b) and (n) for their full text and true meaning.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint.

112.    Deny the allegations set forth in paragraph 189 of the Complaint, except admit that as part of plaintiff Sappe's 2018 application to the NYPD for a carry license, he indicated that was licensed to carry handguns in other jurisdictions.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 190, 191, and 192 of the Complaint.

114.    Deny the allegations set forth in paragraph 193 of the Complaint, except admit that as part of plaintiff Sappe's 2018 application to the NYPD for a carry license, he indicated that was licensed to carry handguns in California.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Complaint.

116.    Deny the allegations set forth in paragraph 195 of the Complaint, except admit that as part of plaintiff Sappe's 2018 application to the NYPD for a carry license, he indicated that was an armed security guard in New York State.

117.    Deny the allegations set forth in paragraph 196 of the Complaint, except admit that as part of plaintiff Sappe's 2018 application to the NYPD for a carry license, he indicated that he was issued an "unrestricted" license to carry a pistol in Orange County, New York.

118.   Deny the allegations set forth in paragraph 197 of the Complaint, and respectfully refer the Court to Penal Law §§ 400.00(1) and (2)(f) for their full text and true meaning.

119.   Deny the allegations set forth in paragraph 198 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(6) for its full text and true meaning.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Complaint.

121.   Deny the allegations set forth in paragraph 200 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(6) for its full text and true meaning.

122.   Deny the allegations set forth in paragraph 201 of the Complaint, except admit that, in October 2018, plaintiff Sappe applied to the NYPD License Division for a concealed carry license.

123.   Deny the allegations set forth in paragraph 202 of the Complaint.

124.   Deny the allegations set forth in paragraph 203 of the Complaint, except admit that Sappe appealed the denial of his application to the NYPD License Division's Appeals Unit.

125.   Deny the allegations set forth in paragraph 204 of the Complaint.

126.   Deny the allegations set forth in paragraphs 205 and 206 of the Complaint, except admit that, by Notice of Disapproval After Appeal, dated October 17, 2019, the License Division denied plaintiff Sappe's application.

127.   Deny the allegations set forth in paragraph 207, 208, 209, 210, and 211 of the Complaint.

128.    Deny the allegations set forth in paragraphs 212 and 213 of the Complaint, except admit that Sappe filed an Article 78 proceeding in New York State Supreme Court, New York County [see Sappe v. O'Neill, Index No. 151336/2020, Engoron J. (Sup. Ct. N.Y. Co. 2020)] to challenge the License Divisions' October 17, 2019 Notice of Disapproval After Appeal, and respectfully refer the Court to the decision in the Article 78 proceeding, denying the petition and dismissing the proceeding, for its full text and true meaning.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 214 of the Complaint.

130.    Deny the allegations set forth in paragraph 215 of the Complaint, except admit that plaintiffs purport to proceed as set forth therein.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 216 and 217 of the Complaint.

132.    Deny the allegations set forth in paragraph 218 of the Complaint, except admit that New York State does not permit the open carry of handguns.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 219, 220, 221, 222, and 223 of the Complaint.

134.    Deny the allegations set forth in paragraph 224 of the Complaint.

135.    Deny the allegations set forth in paragraphs 225, 226, and 227 of the Complaint, and respectfully refer the Court to Penal Law § 400.00(6) for its full text and true meaning.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228 of the Complaint.

137.    Deny the allegations set forth in paragraphs 229 and 230 of the Complaint, and respectfully refer the Court to the provisions of the Penal Law cited by plaintiffs therein for their full text and true meaning.

138.    Deny the allegations set forth in paragraphs 231 and 232 of the Complaint, and respectfully refer the Court to Penal Law §§ 265.00(17) and 400.00(1)(b) and (n) for their full text and true meaning.

139.    In response to the allegations set forth in paragraph 233 of the Complaint, City Defendants repeat and reallege all the preceding paragraphs of the Answer, as if fully set forth herein.

140.    Deny the allegations set forth in paragraphs 234, 235, and 236 of the Complaint.

141.    In response to the allegations set forth in paragraph 237 of the Complaint, City Defendants repeat and reallege all the preceding paragraphs of the Answer, as if fully set forth herein.

142.    Denies the allegations set forth in paragraphs 238, 239, and 240 of the Complaint.

143.    In response to the allegations set forth in paragraph 241 of the Complaint, City Defendants repeat and reallege all the preceding paragraphs of the Answer, as if fully set forth herein.

144.    Deny the allegations set forth in paragraphs 242, 243, and 244 of the Complaint.

145.     In response to the allegations set forth in paragraph 245 of the Complaint, City Defendants repeat and reallege all the preceding paragraphs of the Answer, as if fully set forth herein.

146.     Deny the allegations set forth in paragraphs 246, 247, and 248 of the Complaint.

147.     In response to the allegations set forth in paragraph 249 of the Complaint, City Defendants repeat and reallege all the preceding paragraphs of the Answer, as if fully set forth herein.

148.     Deny the allegations set forth in paragraphs 250, 251, and 252 of the Complaint.

149.     Deny that plaintiffs are entitled to the relief set forth in the Wherefore Clause of the Complaint, including paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 thereto.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

150.     The Complaint fails to state a claim against City Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

151.     City Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have City Defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

152.    The challenged provisions of the RCNY and Penal Law do not violate the Second Amendment to the United States Constitution.  In addition, New York State's ban on open carry is not a per se violation of the Second Amendment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

153.    Plaintiffs lack standing to sue the City Defendants because City Defendants have not caused plaintiffs' alleged injuries regarding open carry and cannot afford plaintiffs the relief they seek.

154.    Plaintiffs lack standing to challenge the basic structure of New York State's discretionary gun licensing scheme.

155.    Plaintiffs Jason and Brianna Frey lack standing to challenge the City's licensing scheme, as the Freys admit that they have never applied to the NYPD License Division for any type of gun license.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

156.    Plaintiff Sappe's claims are barred by the doctrines of res judicata and collateral estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFNESE

157.    At all times relevant to the acts alleged in the Complaint, City Defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith, and without malice and/or without willful intent to violate any applicable law, rule, or regulation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

158.    Plaintiffs are not entitled to injunctive relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

159.    Plaintiffs' allegations do no establish supervisory liability of NYPD Commissioner Shea.

**WHEREFORE**, City Defendants respectfully request a judgment dismissing the Complaint, awarding City Defendants their costs and disbursements herein, including reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 14, 2021

> GEORGIA M. PESTANA
> Corporation Counsel of the
>   City of New York
> Attorney for City Defendants
> 100 Church Street, Room 5-153
> New York, New York 10007
> rmoston@law.nyc.gov
> (212) 356-2190
>
>
>                     /s/
> By:    _____
>        Rachel K. Moston
>        Assistant Corporation Counsel