

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

October 14, 2021

VIA ECF
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Jason Frey, et al., v. City of New York, et al.,* 21 Civ. 5334 (NSR)

Dear Judge Román:

This Office represents Defendant Kevin P. Bruen, Superintendent of the New York State Police ("NYSP"), in the above-referenced action. We write respectfully, pursuant to the Court's Individual Rules of Practice, to request a pre-motion conference regarding Superintendent Bruen's proposed motion to dismiss the Complaint.

Defendant seeks dismissal of the Complaint solely pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that (1) Plaintiffs do not have standing to assert their claims against Superintendent Bruen and (2) that Superintendent Bruen is not a proper party herein.

**Point I: Plaintiffs Do Not Have Standing To Assert Their Claims Against Superintendent Bruen**

Standing is "the threshold question in every federal case." *Warth v. Sedin*, 422 U.S. 490, 498 (1975). In order to have standing in federal court, a plaintiff must show (1) injury in fact, which is a "concrete and particularized" harm to a "legally protected interest"; (2) causation in the form of a "fairly traceable" connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be

remedied by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs fail to meet each of the three requirements for standing.

### A. Plaintiffs Have Not Suffered Injury in Fact

Justiciable injury for purposes of Article III must be "real and immediate" and not purely speculative and abstract. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). A credible threat of prosecution cannot rest on fears that are imaginary or speculative. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Here, Plaintiffs lack standing to challenge Penal Laws §§ 265.01(1), 265-01B, 265.03(2), and 265.03(3) because they have not and cannot be injured by those statutes. The Penal Law creates an exemption from criminal penalties as set out under Penal Law § 265.20(3), wherein each of the foregoing sections of Penal Law § 265 "shall not apply" to "[p]ossession of a pistol or revolver by a person to whom a license therefore has been issued as provided under" Penal Law § 400.00. In this case, Plaintiffs have valid concealed carry firearm licenses. *See* (ECF No. 13, p. 2). As such, they face no criminal penalties or threats of prosecution for violating the cited provisions of Penal Law art. 265 and accordingly lack standing to challenge those provisions.

Moreover, Plaintiffs fail to set forth allegations of a non-hypothetical, imminent injury sufficient to support a pre-enforcement challenge. *See Babbitt*, 442 U.S. at 298; *Sibley v. Watches*, 501 F.Supp. 3d 210, 222 (W.D.N.Y. 2020). As such, Plaintiffs' threat of imminent injury is entirely speculative and insufficient to confer standing.

### B. Superintendent Bruen Did Not Cause the Alleged Injuries

To establish causation for standing purposes, "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly…trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. 555 at 560-61. Here, Plaintiffs fail to link their alleged injuries to any conduct by Superintendent Bruen. First, Plaintiffs are silent as to any role Superintendent Bruen or the NYSP had in denying their licenses. In fact, Plaintiffs' licensing decisions were made by Westchester, Orange and Nassau licensing officers and the NYPD's Licensing Division, and not by any action or inaction of NYSP Superintendent Bruen. *See Libertarian Party*, 970 F.3d at 116 (finding no causal connection between plaintiff's denial of a handgun license and the NYSP Superintendent).

To the extent Plaintiffs point to the fact that Superintendent Bruen is charged with drafting license application forms and, therefore, their injury is "fairly traceable" to him, those claims also fail. Courts have expressly held that the Superintendent (as well as the Governor and the Attorney General) are not proper parties to actions, like this one, challenging New York's firearms licensing scheme. *See Libertarian Party*, 970 F.3d at 116. Likewise, assuming *arguendo* – but not admitting – that Plaintiffs suffered injury by virtue of the absence of an option to apply for an "open carry" license, that injury would also not be "fairly traceable" to Superintendent Bruen. *Id* at 116.

### C. Superintendent Bruen Cannot Provide the Requested Relief

To successfully show redressability, there must exist a non-speculative likelihood that the injury can be remedied by the relief requested. *Lujan*, 504 U.S. 555 at 560-61. Superintendent Bruen cannot address Plaintiffs' objection to any particular licensing decisions. Further, to the extent Plaintiffs complain of the inability to obtain an "open carry" license, even assuming for the sake of argument that this was an injury to a "legally protected interest," *Lujan*, 504 U.S. at 556, the unavailability of such manner of carrying was not caused by, and is not redressable by, Superintendent Bruen. Simply put, Superintendent Bruen cannot grant the relief Plaintiffs seek a change in New York's firearm licensing scheme and the ability to "open carry" a firearm in public. Further, even assuming the NYSP were enjoined from enforcing the Penal Law, that injunction would not apply to other New York police departments or prosecutors, who would still be authorized to enforce those laws. Accordingly, there is no non-speculative likelihood that Plaintiffs' injury can be redressed by Superintendent Bruen.

### Point II: Superintendent Bruen is Not A Proper Party to This Case

The ability to sue state officers in their official capacities for an ongoing violation of federal law only applies where the state official sued "has some connection with the enforcement of the [allegedly unconstitutional] act." *Ex parte Young*, 209 U.S. 123, 157 (1908). Here, for the reasons stated above, Plaintiffs fail to plead facts showing Superintendent Bruen had any connection with an alleged violation of federal law. Additionally, courts in this Circuit have expressly held that the Superintendent is not a proper party to actions challenging New York's firearms licensing scheme. *See, e.g. Libertarian Party* 970 F.3d at 116, *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999) (noting that the vast majority of courts to consider the issue have held that a state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute). Accordingly, Plaintiffs' claims against Superintendent Bruen are subject to dismissal.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Ian Ramage*
Ian Ramage
Assistant Attorney General
Ian.Ramage@ag.ny.gov

cc:    Amy Bellantoni, Esq.
       (via ECF)

       New York City Law Department
       (via ECF)