

**BELLANTONI**
L A W   F I R M

February 7, 2022

<u>**VIA ECF**</u>

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

  Re: *Frey, et al. v. New York City, et al.*
    21 Civ. 05334 (NSR)

Your Honor,

  I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter.

  I write to clarify two of the issues raised by the Court during the oral argument last week.

  First, with regard to whether Plaintiffs could have raised constitutional issues in an Article 78 proceeding generally, the Supreme Court has made abundantly clear that exhaustion of state remedies is not a prerequisite to commencing an action under 42 U.S.C. § 1983.

  "[T]his Court has stated categorically that exhaustion is not a prerequisite to an action under § 1983, and we have not deviated from that position in the 19 years since *McNeese*." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 500–01 (1982).

  "Beginning with *McNeese v. Board of Education*, 373 U.S. 668, 671–673, 83 S.Ct. 1433, 1435–1436, 10 L.Ed.2d 622 (1963), we have on numerous occasions rejected the argument that a §1983 action should be dismissed where the plaintiff has not exhausted state administrative remedies. See *Barry v. Barchi*, 443 U.S. 55, 63, n. 10, 99 S.Ct. 2642, 2648, n. 10, 61 L.Ed.2d 365 (1979); *Gibson v. Berryhill*, 411 U.S. 564, 574, 93 S.Ct. 1689, 1695, 36 L.Ed.2d 488 (1973); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971); *Houghton v. Shafer*, 392 U.S. 639, 640, 88 S.Ct. 2119, 2120, 20 L.Ed.2d 1319 (1968); *King v. Smith*, 392 U.S. 309, 312, n. 4, 88 S.Ct. 2128, 2130, n. 4, 20 L.Ed.2d 1118 (1968); *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). Cf. *Steffel v. Thompson*, 415 U.S. 452, 472–473, 94 S.Ct. 1209, 1222, 39 L.Ed.2d 505 (1974) ("When federal claims are premised on [§ 1983]—as they are here—we have not required exhaustion of state judicial or

2 Overhill Road, Suite 400    *info@bellantoni-law.com*    (914) 367-0090 (t)
Scarsdale, New York 10583    www.bellantoni-law.com    (888) 763-9761 (f)

administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights").” *Patsy*, 457 U.S. at 500-501.

There is no state or federal statute requiring an individual seeking redress under 42 U.S.C. § 1983 for violations of the Second Amendment to exhaust or pursue a remedy in state court.

The second point is brought to clarify the decision of the Hon. Laurence Love mentioned by the New York City defendants regarding an Article 78 proceeding brought by plaintiff Jack Cheng.

Mr. Cheng's proceeding was a Writ of Mandamus under CPLR 7803(1) to compel the renewal of his concealed carry Business License. The Writ of Mandamus sought an Order of Mandamus to compel the renewal of his existing concealed carry license under the non-discretionary provisions of Penal Law § 400.00.

The proceeding was not an Article 78 challenging the "proper cause" determination leading to the denial of his renewal application under CPLR 7803(3). No determination was made by the state court regarding whether the License Division's "proper cause" analysis was arbitrary and/or capricious. (See attached).

Thank you for the Court's consideration.

Sincerely,

/s
Amy L. Bellantoni

cc:     NYS Attorney General's Office (via ECF)
        NYC Law Department (via ECF)

NYSCEF DOC. NO. 29    Case 7:21-cv-09354-NSR   Document 36   Filed 02/07/22   Page 3 of 6    INDEX NO. 154521/2021
RECEIVED NYSCEF: 10/14/2021

| PRESENT: | **HON. LAURENCE LOVE** | PART | 63M |
|---|---|---|---|

*Justice*

---------------------------------------------------------------------------------X

JACK CHENG,

                              Petitioner,

               - v -

DERMOT SHEA, JONATHAN DAVID

                             Respondents.

---------------------------------------------------------------------------------X

| INDEX NO. | 154521/2021 |
|---|---|
| MOTION DATE | 10/05/2021 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for        ARTICLE 78 (BODY OR OFFICER)        .

The following Article 78 Petition seeks to compel Respondents to renew Petitioner's handgun license no. 2004002625 per New York Penal Law ("NYPL") 400.00(10)(a); and Respondent's cross-motion, per CPLR 217(1), 3211(a)(5) – statute of limitations, and 3211(a)(7) – fails to state a cause of action, to dismiss the Petition.

A Microsoft Virtual Teams Appearance was held on October 5, 2021 at 10:00 AM where both parties were present.

Respondent highlights CPLR 217, "Proceeding against body or officer … a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner."

CPLR 7803(1) states, "[t]he only questions that may be raised in a proceeding under this article are whether the body or officer failed to perform a duty enjoined upon it by law."

Section 10 – 131 of the New York City Administrative Code authorizes the Police Commissioner of the City of New York to grant licenses for the keeping or carrying of firearms within the City of New York. Section 400.00 of the New York Penal Law governs the issuance and renewal of handgun licenses. The New York Penal Law highlights the renewal process, Sections 400.00(1), 400.00(3)(a), 400.00(4); and the recertification process, Section 400.00(10).

**154521/2021   CHENG, JACK vs. SHEA, DERMOT**                            **Page 1 of 4**
**Motion No. 001**

1 of 4

Case 7:21-cv-05334-NSR   Document 36   Filed 02/07/22   Page 4 of 6

NYPL Section 400.00(1). Eligibility.  No license shall be issued or renewed to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true.  No license shall be issued or renewed except for an applicant …, (b) of good moral character; … and (n) concerning whom no good cause exists for the denial of the license.

NYPL Section 400.00(3)(a).  Applications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, … An application shall state … and such other facts as may be required to show the good character, competency and integrity of each person or individual signing the application.

NYPL Section 400.00(4).  Investigation.  Before a license is issued or renewed, there shall be an investigation of all statements required in the application by the duly constituted policy authorities.

NYPL Section 400.00(10)(a).  License: expiration, certification and renewal.  Any license … to carry or possess a pistol or revolver … For purposes of this section certification shall mean that the licensee shall provide to the licensing officer the following information only: current name, date of birth, current address, and the make, model, caliber and serial number of all firearms currently possessed.

NYPL Section 400.00(10)(b).  All licensees shall be recertified to the division of state police … Such recertification shall … be approved by the superintendent of state police.

Petitioner highlights the legislative history of Section 400.00(10) with the New York SAFE Act and the Legislature's intent (see NYSCEF Doc. No. 6 P. 8).

Respondent highlights various case law.  "The availability under Article 78 of mandamus to compel performance of a duty by an administrative agency depends not on the applicant's

**154521/2021   CHENG, JACK vs. SHEA, DERMOT**
**Motion No.  001**

**Page 2 of 4**

2 of 4

INDEX NO. 154521/2021

RECEIVED NYSCEF: 10/14/2021

substantive entitlement to prevail, but on the nature of the duty sought to be commanded – i.e. mandatory, non-discretionary action" (see *Hamptons Hosp. & Med. Ctr., Inc. v. Moore*, 52 N.Y.2d 88, 96 [1981]).

Discretionary acts "involve[] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with compulsory result" (see *N.Y. Civil Liberties Union v. State of New York*, 53 N.Y.2d 178, 184 [1981]).

"When there is no longer proper cause, the NYPD licensing officer has discretion to deny the renewal application in accordance with the licensing officer's 'extraordinary power' in handgun renewal matters" (see *Matter of Caputo v. Kelly*, 117 A.D.3d 644 [1st Dept. 2014]).

The Petition speaks of the steps to *recertify* the handgun license, NYPL 400.00(10), which is separate from the *renewal* process of a handgun license, NYPL 400.00(1-4).

Petitioner's arguments conflate the *recertification* process governed by Section 400.00(10) and the *renewal* process governed by other provisions of Section 400.00. Although NYPL 400.00(10) requires a licensee to *recertify* every five years and provide relevant information, *renewal* is a separate process (see *Henry v. Cty. Of Nassau*, 444 F.Supp.3d 437, 447 [2d Cir. 2020]) ("Unlike license renewal, which extends the temporal validity of a license, recertification is a matter of recordkeeping by state and local authorities.")

In order to *renew* a handgun license, NYPL 400.00(3) requires that a licensee submit a separate *renewal* application, which contains separate and much more detailed information than the *recertification* application per NYPL 400.00(10).

Further, NYPL 400.00(4) requires local police authorities to conduct an investigation of the renewal application before any license can be *renewed*.

**154521/2021   CHENG, JACK vs. SHEA, DERMOT**
**Motion No.  001**

**Page 3 of 4**

3 of 4

Case 7:21-cv-05334-NSR   Document 36   Filed 02/07/22   Page 6 of 6

The submitted Petition, which focuses solely on NYPL 400.00(10), speaks of the steps that Petitioner has taken to *recertify* his license, an undertaking which has no bearing on the *renewal* of his license under the separate processes provided in NYPL 400.00(1 – 4).

Even if Petitioner has properly applied to renew his handgun license under NYPL 400.00(3), the *renewal* decision remains a discretionary matter which cannot be compelled through a mandamus action.

This Court discussed the substantive matters of the Petition hence the issue of statute of limitations is moot.

ORDERED that the Petition to compel Respondents to renew Petitioner's handgun license no. 2004002625 per New York Penal Law ("NYPL") 400.00(10)(a) is DENIED; and if is further

ORDERED that Respondent's cross-motion, per 7803(1) and CPLR 3211(a)(7), to dismiss the Petition is GRANTED.

| 10/12/2021 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LAURENCE LOVE, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154521/2021   CHENG, JACK vs. SHEA, DERMOT**
**Motion No.  001**

**Page 4 of 4**

4 of 4