


August 22, 2022

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: *Frey, et al. v. New York City, et al.*
21 Civ. 05334 (NSR)

Your Honor,

I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter.

I write in accordance with the Court's August 19, 2022 Memorandum Endorsement denying Plaintiffs' Motion for a Preliminary Injunction without prejudice for failure to follow the Court's Individual Rules, which require parties to file a pre-motion letter setting forth the basis for their anticipated motion. [ECF #38].

First, my apologies for failing to file a pre-motion letter. I did read Your Honor's Individual Rules prior to drafting our motion and relied upon Individual Rule 3 (A)(ii), which states that a pre-motion conference with the Court is not required when making a motion for a preliminary injunction.[1]

Second, the Supreme Court confirmed that the right of the People to carry firearms in public for self-defense is protected by the Second and Fourteenth Amendments to the United States Constitution. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[2]

[1] **3**. **<u>Pleadings and Motions</u> A. Pre-Motion Conferences. (ii):** "A pre-motion conference with the Court is required before making any other motion, except motions for admission *pro hac vice*, motions *in limine*, motions for reargument or reconsideration, and motions for temporary restraining orders or preliminary injunctions."

[2] Abrogating, *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, *Kanter v. Barr*, 919 F.3d 437, *Young v. Hawaii*, 992 F.3d 765, *Gould v. Morgan*, 907 F.3d 659, *Drake v. Filko*, 724 F.3d 426, *Kachalsky v. County of Westchester*, 701 F.3d 81, *U.S. v. Masciandaro*, 638 F.3d 458, and other cases.

2 Overhill Road, Suite 400
Scarsdale, New York 10583
*info@bellantoni-law.com*
www.bellantoni-law.com
(914) 367-0090 (t)
(888) 763-9761 (f)

Rejecting the two-tiered 'means-end scrutiny' created by the Second Circuit, *Bruen* confirmed the standard for all Second Amendment challenges:

> "We reiterate that the standard for applying the Second Amendment is as follows:
>
> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.
>
> The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"

*Bruen*, at 2126 (emphasis added) ("In sum, the Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny.") (citation omitted).

***Unrestricted Concealed Carry***

Plaintiffs each hold a valid New York State pistol license to carry a handgun concealed on their person. Except for William Sappe, who holds an unrestricted concealed carry license, each Plaintiff's pistol license is restricted to concealed carry for Target Shooting or Sportsman activities.

All Plaintiffs face criminal penalties under Penal Law § 400.00(15) (for violating any provision of § 400.00*, et seq*) and civil penalties[3] for carrying a handgun concealed on their person inside of New York City because § 400.00(6) requires a separate license be issued by the New York City Police Commissioner.

Except for William Sappe, Plaintiffs face criminal (§ 400.00(15)) and civil penalties for carrying a handgun concealed outside of New York City, but within New York State.

***Open Carry***

New York only provides 2 types of handgun licenses: (i) premise possession and (ii) carry *concealed*. Penal Law § 400.00(2). Open carry is banned in New York State.

All Plaintiffs face felony charges for carrying a handgun open and exposed on their person anywhere in New York State, including New York City. See, Penal Law §§ 265.01(1), 265.01-b, 265.03(3).

The defense to a charge under Penal Law 265 is as follows: "Possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00... or is included on an amended license issued pursuant to section 400.00 of this chapter." Penal Law § 265.20. There is no license to be issued under § 400.00 for the open carriage of a handgun. Even if § 265.20 provides a defense for open carry, Plaintiffs remain criminals under § 400.00(15) and will suffer both criminal and civil penalties.

---

[3] Such penalties include conviction of a Class A Misdemeanor, incarceration up to 1 year, fines, probationary supervision, community service, suspension and/or revocation of their pistol license, the inability to possess a handgun again under § 400.00(1)(b) and (n), which continue New York's discretionary licensing of handguns, and the permanent loss of their property (firearms) resulting from the suspension/revocation of their pistol license.

***Enjoining Penal Laws §§ 400.00(6), (15); 265.01(1), 265.01-b, and 265.03(3)***

The Constitution presumptively protects Plaintiffs' conduct - carrying a handgun for self-defense.

Defendants have an affirmative obligation to justify the challenged regulations "by demonstrating that [they are] consistent with the Nation's historical tradition of firearm regulation." *Bruen*, at 2126.

"Only then" may this Court conclude that Plaintiffs' "conduct falls outside the Second Amendment's unqualified command." *Bruen*, at 2126-2127.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni