

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**Nicholas R. Ciappetta**
**Administrative Law and Regulatory Litigation Division**
**(212) 356-4036**
**nciappet@law.nyc.gov**

August 26, 2022

**BY ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601-4150

Re: Jason Frey, *et. al* v. Kevin P. Bruen, *et al*., 21 CV 5334 (NSR)

Dear Judge Román:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendants City of New York and former New York City Police Commissioner Dermot Shea, sued herein in his official capacity[1], (collectively referred to hereinafter as the "City Defendants"), in accordance with Section 3(A)(ii) of your Honor's Individual Practices in Civil Cases and Docket Entry No. 38, to oppose Plaintiffs' August 22, 2022, request for a pre-motion conference in anticipation of filing a *second* motion for a preliminary injunction in this action.

Plaintiffs' anticipated motion constitutes an attempt to get a second bite at the apple, would constitute a waste of scare judicial resources, and is, in any event, futile.

Plaintiffs previously filed a motion for preliminary injunction on September 21, 2021 (Docket Entry Nos. 20-22) seeking to enjoin the City Defendants and Defendant Kevin P. Bruen from enforcing various provisions of the New York Penal Law ("Penal Law") against Plaintiffs and similarly situated licensed individuals who intend to carry a handgun, open and

[1] Defendant Shea was the Commissioner of the New York City Police Department ("NYPD") at the time of the filing of the Complaint but has since been succeeded by Keechant L. Sewell. Pursuant to Federal Rule of Civil Procedure 25(d), the successor to a public officer sued in their official capacity is automatically substituted as a party.

exposed, in New York State. Plaintiffs also sought to enjoin Defendants from enforcing the same laws against themselves and anyone similarly situated who possess a valid unrestricted New York State carry license and desire to carry concealed in New York City without obtaining a separate license from the New York City Police Department as is required by Penal Law 400.00(6). The Court correctly denied this motion on February 22, 2022. See Docket Entry No. 37.

Based on Plaintiffs' letter dated August 22, 2022 (Docket Entry No. 39) and the motion papers previously circulated by Plaintiffs' attorney, Plaintiffs seek to rehash the same failed arguments in support of the identical relief requested nearly one year ago. Plaintiffs should not be permitted to litigate this matter through piecemeal motions that ultimately seek the same relief. See IBM Corp. v. Johnson, No. 09-4826, 2009 U.S. Dist. LEXIS 66851, at *6 (S.D.N.Y. July 30, 2009); see also Check v. New York City Dep't of Educ., No. 13-791, 2013 U.S. Dist. LEXIS 186100, at *16 n.7 (E.D.N.Y. Sept. 11, 2013). Such motion practice burdens the parties and the court and is contrary to the objectives of Federal Rule of Civil Procedure 1. See IBM, 2009 U.S. Dist. LEXIS 66851, at *7.

Plaintiffs presumably will contend that the Supreme Court's recent decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 597 U.S. ___, 2022 U.S. LEXIS 3055 (2022), justifies a second preliminary injunction motion. It does not. While the Court in Bruen established that the Second Amendment encompasses an individual's right to carry a firearm outside of the residence for purposes of self-defense, and revised the framework applicable to Second Amendment challenges, this court did not base its decision on an incorrect understanding of the scope of the right protected by the Second Amendment or the application of the now-discarded two-step approach for analyzing Second Amendment cases. Rather, the Court denied the preliminary injunction motion because it found that Plaintiffs lack standing, and only addressed the likelihood of success on the merits prong as an alternative ground. See Frey v. Bruen, No. 21-5334, 2022 U.S. Dist. LEXIS 31053, at *16 (S.D.N.Y. Feb. 22, 2022).

The Supreme Court did not create any new law with respect to a plaintiff's standing to assert a Second Amendment claim. Nor could Bruen cure Plaintiffs' pleading deficiencies. This court held that the Plaintiffs could not satisfy the "injury in fact" prong of Article III standing because they did not allege concrete plans to violate the Penal Law or a credible threat of prosecution. See id. at *13-14. Plaintiffs have not amended the Complaint or sought permission from this court to amend the Complaint and their letter does not describe how they can now satisfy the two parts of the "injury in fact" test that this court found lacking just six months ago. The pre-motion letter does not assert definite plans by any of the four plaintiffs to engage in open carry or carry concealed in New York City without a license issued by the NYPD. Similarly, the letter does not allege that any plaintiff has been prosecuted or threatened with prosecution for violating one of the challenged laws.[2]

---

[2] To the extent that this court deems Plaintiffs' letter as requesting permission to file a motion for reconsideration, such an application would fare no better. Such relief is considered "extraordinary", and the applicable standard is a "strict" one. Fleming v. City of New York, No. 18-4866, 2020 U.S. Dist. LEXIS 79306, at *3-4 (S.D.N.Y. May 5, 2020). It is a remedy to be employed "sparingly" and only in "exceptional circumstances." Lyons v. New York, No. 15-3669, 2021 U.S. Dist. LEXIS 62446, at *7-8 (S.D.N.Y. Mar. 31, 2021). Further, "[i]t is well-settled that … [it] is not a vehicle for relitigating old

Continued…

For the reasons stated above, this Office requests that the Court deny the request for a pre-motion conference or permission to file a second motion for a preliminary injunction. Thank you in advance for your consideration of this matter.

Respectfully submitted,

Nicholas Ciappetta
Senior Counsel

---

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple…." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). While a change in controlling law is a basis, as discussed above, Bruen does not change the law with respect to standing, which is the ground upon which the motion for a preliminary injunction was denied.