

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

August 26, 2022

**VIA ECF**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

    Re: *Frey v. Bruen,* 21 Civ. 5334 (NSR)

Dear Judge Román:

    This Office represents Defendant Kevin Bruen, in his official capacity as Superintendent of the New York State Police, in the above-referenced action. We write in response to Plaintiffs' pre-motion letter dated August 22, 2022, seeking leave to file a second motion for a preliminary injunction. (Dkt No. 39).

    Plaintiffs' request is a thinly disguised motion for reconsideration of the Court's Order of February 22, 2022, denying Plaintiffs' original motion for an identical preliminary injunction. (Dkt No. 37). This request should be summarily denied because Plaintiffs have not presented any grounds warranting reconsideration.[1] Plaintiffs essentially argue that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), constitutes an intervening change in controlling law. But this contention is incorrect for several reasons.

    The Court indeed retains the inherent power to reconsider its prior interlocutory order denying Plaintiff's request for a preliminary injunction. *Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir.1999) (citing Fed. R. Civ. P. 54(b)). But there is a strong interest in the finality of such decisions; thus, when a party seeks reconsideration of an interlocutory order due to a case

---

[1] In their instant motion, Plaintiffs fail to even acknowledge the Court's Order denying their first motion for identical preliminary relief.

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

Judge Román · Page 2
August 26, 2022

purportedly changing the controlling law, as Plaintiffs do here, that party must establish that the case "has effected a change in the controlling law so as to make [the Court's] prior decision clear error." *Doe v. New York City Dept. of Social Services*, 709 F.2d 782, 790 (2d Cir. 1983). "'Mere doubt' of such a change is insufficient to open a matter for full reconsideration." *Id.*, at 790 n.9 (collecting cases).

Here, the Supreme Court's decision in *New York State Rifle & Pistol Ass'n* does not constitute an intervening change in controlling law warranting reconsideration of the Court's prior ruling in this case. Even under Plaintiffs' strained reading of that case, the Court's denial of their motion for a preliminary injunction would not have constituted "clear error." First, *New York State Rifle & Pistol Ass'n* has *no relevance whatsoever* to the Court's determination that Plaintiffs lacked standing to seek preliminary injunctive relief. (*See* Dkt No. 37 at 7-11). It also has no effect on the Court's determination that Plaintiffs failed to demonstrate that they would suffer irreparable injury in the absence of an injunction, (*Id.*, at 17-18), or that the balance of hardships and the public interest were "securely in Defendants' favor." (*Id.*, at 19). Each of these holdings is an independently sufficient ground for denial of preliminary injunctive relief.

In any event, Plaintiffs' reading of *New York State Rifle & Pistol Ass'n* is simply incorrect. The Supreme Court did not address the open carry of firearms where other alternatives to carry exist, nor does the prohibition of open carry prevent the "bearing" of arms within the textual meaning of the Second Amendment when New York law permits firearms to be carried concealed. And even if the Court were to reopen the merits analysis, history and tradition both strongly support government restrictions on the open carry of firearms in public. Plaintiffs thus would again be unable to demonstrate a likelihood of success on the merits. Finally, we note that the Court reserved ruling on the argument that Defendant Bruen was not a proper party to this action because it was the subject of a pending motion to dismiss, (Dkt No. 37 at 11, n.2), and the grant of that motion to dismiss would also be sufficient grounds to deny preliminary injunctive relief as against Superintendent Bruen.

For all the aforementioned reasons, Plaintiffs' request for leave to file a second motion for a preliminary injunction due to a purported intervening change in controlling law should be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Ian Ramage*

Ian Ramage
Assistant Attorney General
Ian.Ramage@ag.ny.gov

cc:    Amy Bellantoni, Esq.
       (*via* ECF)

Judge Román                                              Page 3
August 26, 2022

New York City Law Department
(<u>via</u> ECF)