```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/2022
```

**MEMORANDUM ENDORSEMENT**

Frey et al v. Bruen et al
21-cv-5334 (NSR)

The Court is in receipt of the attached letter from Plaintiffs, dated August 22, 2022, where Plaintiffs requests leave to file a second preliminary injunction motion. The Court is also in receipt of the attached response letters from the Defendants, both dated August 26, 2022. The Court is reviewing Plaintiffs' request along with Defendants' letters in opposition, and will make a determination in the near term.

Dated: August 26, 2022
          White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



August 22, 2022

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

   Re: *Frey, et al. v. New York City, et al.*
     21 Civ. 05334 (NSR)

Your Honor,

  I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter.

  I write in accordance with the Court's August 19, 2022 Memorandum Endorsement denying Plaintiffs' Motion for a Preliminary Injunction without prejudice for failure to follow the Court's Individual Rules, which require parties to file a pre-motion letter setting forth the basis for their anticipated motion. [ECF #38].

  First, my apologies for failing to file a pre-motion letter. I did read Your Honor's Individual Rules prior to drafting our motion and relied upon Individual Rule 3 (A)(ii), which states that a pre-motion conference with the Court is not required when making a motion for a preliminary injunction.[1]

  Second, the Supreme Court confirmed that the right of the People to carry firearms in public for self-defense is protected by the Second and Fourteenth Amendments to the United States Constitution. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[2]

---

[1] **3**. **Pleadings and Motions** **A. Pre-Motion Conferences. (ii):** "A pre-motion conference with the Court is required before making any other motion, except motions for admission *pro hac vice*, motions *in limine*, motions for reargument or reconsideration, and motions for temporary restraining orders or preliminary injunctions."

[2] Abrogating, *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, *Kanter v. Barr*, 919 F.3d 437, *Young v. Hawaii*, 992 F.3d 765, *Gould v. Morgan*, 907 F.3d 659, *Drake v. Filko*, 724 F.3d 426, *Kachalsky v. County of Westchester*, 701 F.3d 81, *U.S. v. Masciandaro*, 638 F.3d 458, and other cases.

Rejecting the two-tiered 'means-end scrutiny' created by the Second Circuit, *Bruen* confirmed the standard for all Second Amendment challenges:

> "We <u>reiterate</u> that the standard for applying the Second Amendment is as follows:
>
>> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.
>>
>> The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"

*Bruen*, at 2126 (emphasis added) ("In sum, the Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny.") (citation omitted).

### Unrestricted Concealed Carry

Plaintiffs each hold a valid New York State pistol license to carry a handgun concealed on their person. Except for William Sappe, who holds an unrestricted concealed carry license, each Plaintiff's pistol license is restricted to concealed carry for Target Shooting or Sportsman activities.

All Plaintiffs face criminal penalties under Penal Law § 400.00(15) (for violating any provision of § 400.00, *et seq*) and civil penalties[3] for carrying a handgun concealed on their person <u>inside</u> of New York City because § 400.00(6) requires a separate license be issued by the New York City Police Commissioner.

Except for William Sappe, Plaintiffs face criminal (§ 400.00(15)) and civil penalties for carrying a handgun concealed <u>outside</u> of New York City, but within New York State.

### Open Carry

New York only provides 2 types of handgun licenses: (i) premise possession and (ii) carry *concealed*. Penal Law § 400.00(2). Open carry is banned in New York State.

All Plaintiffs face felony charges for carrying a handgun open and exposed on their person anywhere in New York State, including New York City.  See, Penal Law §§ 265.01(1), 265.01-b, 265.03(3).

The defense to a charge under Penal Law 265 is as follows: "Possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00... or is included on an amended license issued pursuant to section 400.00 of this chapter." Penal Law § 265.20. There is no license to be issued under § 400.00 for the open carriage of a handgun. Even if § 265.20 provides a defense for open carry, Plaintiffs remain criminals under § 400.00(15) and will suffer both criminal and civil penalties.

---

[3] Such penalties include conviction of a Class A Misdemeanor, incarceration up to 1 year, fines, probationary supervision, community service, suspension and/or revocation of their pistol license, the inability to possess a handgun again under § 400.00(1)(b) and (n), which continue New York's discretionary licensing of handguns, and the permanent loss of their property (firearms) resulting from the suspension/revocation of their pistol license.

***Enjoining Penal Laws §§ 400.00(6), (15); 265.01(1), 265.01-b, and 265.03(3)***

The Constitution presumptively protects Plaintiffs' conduct - carrying a handgun for self-defense.

Defendants have an affirmative obligation to justify the challenged regulations "by demonstrating that [they are] consistent with the Nation's historical tradition of firearm regulation." *Bruen*, at 2126.

"Only then" may this Court conclude that Plaintiffs' "conduct falls outside the Second Amendment's unqualified command." *Bruen*, at 2126-2127.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

en



THE CITY OF NEW YORK

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Nicholas R. Ciappetta**
**Administrative Law and Regulatory Litigation**
**Division**
**(212) 356-4036**
**nciappet@law.nyc.gov**

August 26, 2022

**BY ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601-4150

Re:  Jason Frey, *et. al* v. Kevin P. Bruen, *et al.*, 21 CV 5334 (NSR)

Dear Judge Román:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation
Counsel of the City of New York.  I submit this letter on behalf of Defendants City of New York
and former New York City Police Commissioner Dermot Shea, sued herein in his official
capacity[1], (collectively referred to hereinafter as the "City Defendants"), in accordance with
Section 3(A)(ii) of your Honor's Individual Practices in Civil Cases and Docket Entry No. 38, to
oppose Plaintiffs' August 22, 2022, request for a pre-motion conference in anticipation of filing a
*second* motion for a preliminary injunction in this action.

Plaintiffs' anticipated motion constitutes an attempt to get a second bite at the
apple, would constitute a waste of scare judicial resources, and is, in any event, futile.

Plaintiffs previously filed a motion for preliminary injunction on September 21,
2021 (Docket Entry Nos. 20-22) seeking to enjoin the City Defendants and Defendant Kevin P.
Bruen from enforcing various provisions of the New York Penal Law ("Penal Law") against
Plaintiffs and similarly situated licensed individuals who intend to carry a handgun, open and

---

[1] Defendant Shea was the Commissioner of the New York City Police Department ("NYPD") at the time
of the filing of the Complaint but has since been succeeded by Keechant L. Sewell.  Pursuant to Federal
Rule of Civil Procedure 25(d), the successor to a public officer sued in their official capacity is
automatically substituted as a party.

exposed, in New York State. Plaintiffs also sought to enjoin Defendants from enforcing the same laws against themselves and anyone similarly situated who possess a valid unrestricted New York State carry license and desire to carry concealed in New York City without obtaining a separate license from the New York City Police Department as is required by Penal Law 400.00(6). The Court correctly denied this motion on February 22, 2022. See Docket Entry No. 37.

Based on Plaintiffs' letter dated August 22, 2022 (Docket Entry No. 39) and the motion papers previously circulated by Plaintiffs' attorney, Plaintiffs seek to rehash the same failed arguments in support of the identical relief requested nearly one year ago. Plaintiffs should not be permitted to litigate this matter through piecemeal motions that ultimately seek the same relief. See IBM Corp. v. Johnson, No. 09-4826, 2009 U.S. Dist. LEXIS 66851, at *6 (S.D.N.Y. July 30, 2009); see also Check v. New York City Dep't of Educ., No. 13-791, 2013 U.S. Dist. LEXIS 186100, at *16 n.7 (E.D.N.Y. Sept. 11, 2013). Such motion practice burdens the parties and the court and is contrary to the objectives of Federal Rule of Civil Procedure 1. See IBM, 2009 U.S. Dist. LEXIS 66851, at *7.

Plaintiffs presumably will contend that the Supreme Court's recent decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 597 U.S. ___, 2022 U.S. LEXIS 3055 (2022), justifies a second preliminary injunction motion. It does not. While the Court in Bruen established that the Second Amendment encompasses an individual's right to carry a firearm outside of the residence for purposes of self-defense, and revised the framework applicable to Second Amendment challenges, this court did not base its decision on an incorrect understanding of the scope of the right protected by the Second Amendment or the application of the now-discarded two-step approach for analyzing Second Amendment cases. Rather, the Court denied the preliminary injunction motion because it found that Plaintiffs lack standing, and only addressed the likelihood of success on the merits prong as an alternative ground. See Frey v. Bruen, No. 21-5334, 2022 U.S. Dist. LEXIS 31053, at *16 (S.D.N.Y. Feb. 22, 2022).

The Supreme Court did not create any new law with respect to a plaintiff's standing to assert a Second Amendment claim. Nor could Bruen cure Plaintiffs' pleading deficiencies. This court held that the Plaintiffs could not satisfy the "injury in fact" prong of Article III standing because they did not allege concrete plans to violate the Penal Law or a credible threat of prosecution. See id. at *13-14. Plaintiffs have not amended the Complaint or sought permission from this court to amend the Complaint and their letter does not describe how they can now satisfy the two parts of the "injury in fact" test that this court found lacking just six months ago. The pre-motion letter does not assert definite plans by any of the four plaintiffs to engage in open carry or carry concealed in New York City without a license issued by the NYPD. Similarly, the letter does not allege that any plaintiff has been prosecuted or threatened with prosecution for violating one of the challenged laws.[2]

---

[2] To the extent that this court deems Plaintiffs' letter as requesting permission to file a motion for reconsideration, such an application would fare no better. Such relief is considered "extraordinary", and the applicable standard is a "strict" one. Fleming v. City of New York, No. 18-4866, 2020 U.S. Dist. LEXIS 79306, at *3-4 (S.D.N.Y. May 5, 2020). It is a remedy to be employed "sparingly" and only in "exceptional circumstances." Lyons v. New York, No. 15-3669, 2021 U.S. Dist. LEXIS 62446, at *7-8 (S.D.N.Y. Mar. 31, 2021). Further, "[i]t is well-settled that ... [it] is not a vehicle for relitigating old

Continued…

For the reasons stated above, this Office requests that the Court deny the request for a pre-motion conference or permission to file a second motion for a preliminary injunction. Thank you in advance for your consideration of this matter.

Respectfully submitted,

Nicholas Ciappetta
Senior Counsel

---

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple...." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  While a change in controlling law is a basis, as discussed above, Bruen does not change the law with respect to standing, which is the ground upon which the motion for a preliminary injunction was denied.

3



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

August 26, 2022

**VIA ECF**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Frey v. Bruen,* 21 Civ. 5334 (NSR)

Dear Judge Román:

This Office represents Defendant Kevin Bruen, in his official capacity as Superintendent of the New York State Police, in the above-referenced action. We write in response to Plaintiffs' pre-motion letter dated August 22, 2022, seeking leave to file a second motion for a preliminary injunction. (Dkt No. 39).

Plaintiffs' request is a thinly disguised motion for reconsideration of the Court's Order of February 22, 2022, denying Plaintiffs' original motion for an identical preliminary injunction. (Dkt No. 37). This request should be summarily denied because Plaintiffs have not presented any grounds warranting reconsideration.[1] Plaintiffs essentially argue that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), constitutes an intervening change in controlling law. But this contention is incorrect for several reasons.

The Court indeed retains the inherent power to reconsider its prior interlocutory order denying Plaintiff's request for a preliminary injunction. *Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir.1999) (citing Fed. R. Civ. P. 54(b)). But there is a strong interest in the finality of such decisions; thus, when a party seeks reconsideration of an interlocutory order due to a case

---

[1] In their instant motion, Plaintiffs fail to even acknowledge the Court's Order denying their first motion for identical preliminary relief.

Judge Román                                                                                                 Page 2
August 26, 2022

purportedly changing the controlling law, as Plaintiffs do here, that party must establish that the case "has effected a change in the controlling law so as to make [the Court's] prior decision clear error." *Doe v. New York City Dept. of Social Services*, 709 F.2d 782, 790 (2d Cir. 1983). "'Mere doubt' of such a change is insufficient to open a matter for full reconsideration." *Id.*, at 790 n.9 (collecting cases).

        Here, the Supreme Court's decision in *New York State Rifle & Pistol Ass'n* does not constitute an intervening change in controlling law warranting reconsideration of the Court's prior ruling in this case. Even under Plaintiffs' strained reading of that case, the Court's denial of their motion for a preliminary injunction would not have constituted "clear error." First, *New York State Rifle & Pistol Ass'n* has *no relevance whatsoever* to the Court's determination that Plaintiffs lacked standing to seek preliminary injunctive relief. (*See* Dkt No. 37 at 7-11). It also has no effect on the Court's determination that Plaintiffs failed to demonstrate that they would suffer irreparable injury in the absence of an injunction, (*Id.*, at 17-18), or that the balance of hardships and the public interest were "securely in Defendants' favor." (*Id.*, at 19). Each of these holdings is an independently sufficient ground for denial of preliminary injunctive relief.

        In any event, Plaintiffs' reading of *New York State Rifle & Pistol Ass'n* is simply incorrect. The Supreme Court did not address the open carry of firearms where other alternatives to carry exist, nor does the prohibition of open carry prevent the "bearing" of arms within the textual meaning of the Second Amendment when New York law permits firearms to be carried concealed. And even if the Court were to reopen the merits analysis, history and tradition both strongly support government restrictions on the open carry of firearms in public. Plaintiffs thus would again be unable to demonstrate a likelihood of success on the merits. Finally, we note that the Court reserved ruling on the argument that Defendant Bruen was not a proper party to this action because it was the subject of a pending motion to dismiss, (Dkt No. 37 at 11, n.2), and the grant of that motion to dismiss would also be sufficient grounds to deny preliminary injunctive relief as against Superintendent Bruen.

        For all the aforementioned reasons, Plaintiffs' request for leave to file a second motion for a preliminary injunction due to a purported intervening change in controlling law should be denied.

        We thank the Court for its attention to this matter.


                                                            Respectfully submitted,

                                                            */s/ Ian Ramage*

                                                            Ian Ramage
                                                            Assistant Attorney General
                                                            Ian.Ramage@ag.ny.gov


cc:     Amy Bellantoni, Esq.
        (via ECF)

Judge Román                                                                     Page 3
August 26, 2022


       New York City Law Department
       (<u>via</u> ECF)

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov