UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #: _____        │
│ DATE FILED: 9/1/2022_____       │
└──────────────────────────────────┘
```

JASON FREY, BRIANNA FREY, JACK CHENG,
and WILLIAM SAPPE,

                              Plaintiffs,

                    v.

KEVIN P. BRUEN, Acting Superintendent of the
New York State Police, in his official capacity, NEW
YORK CITY, New York, and DERMOT SHEA, in
his official capacity as NYPD Police Commissioner,

                              Defendants.

21 CV 05334 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

   Plaintiffs Jason Frey, Brianna Frey, Jack Cheng, and William Sappe ("Plaintiffs") bring

this action against the Acting Superintendent of the New York State Police, Kevin P. Bruen

("Superintendent"), New York City, and the NYPD Police Commissioner (together,

"Defendants"), alleging various violations of the Second Amendment. (ECF No. 1.) Presently

before the Court is Defendant Bruen's motion to dismiss for lack of subject matter jurisdiction.

(ECF No. 31.) For the following reasons, Defendant Bruen's motion is GRANTED.

## BACKGROUND

   The Court assumes familiarity with the underlying facts and allegations in this case, as set

forth in this Court's previous Opinion and Order. *See Frey v. Bruen*, No. 21 CV 05334 (NSR),

2022 WL 522478, at *1–3 (S.D.N.Y. February 22, 2022).

## LEGAL STANDARD

   A claim is subject to dismissal under Rule 12(b)(1) if the court lacks subject matter

jurisdiction to adjudicate it pursuant to statute or constitutional authority. *See* Fed. R. Civ. P.

12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Without jurisdiction, the

Court lacks the "power to adjudicate the merits of the case." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). It is well-settled that the party invoking the Court's jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc*., 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). A plaintiff's lack of standing is grounds for dismissal under Rule 12(b)(1). *Buonasera v. Honest Co*., 208 F. Supp. 3d 555, 560 (S.D.N.Y. 2016).

## DISCUSSION

### I.   Plaintiffs' Claims Against Defendant Bruen are Dismissed for Lack of Standing

Defendant Bruen avers that the claims raised against him in the Complaint should be dismissed due to Plaintiffs' lack of standing. (Memorandum of Law in Support of Superintendent Bruen's Motion to Dismiss ("Bruen Motion") ECF No. 32 at 7–11.) The only claims raised against Bruen are in Counts I, III, and IV.[1] (Complaint. ¶¶ 233–35; 241–44; 245–48) The Court previously addressed Plaintiffs' standing to raise these claims in its Opinion and Order dated February 22, 2022. *See Frey*, 2022 WL 522478, at *4–6. For the same reasons explained therein, the Court holds that Plaintiffs have failed to show an injury in fact, and therefore lack standing. Accordingly, Plaintiffs' Counts I, III, and IV are dismissed as to Defendant Bruen.

Defendants New York City and NYPD Commissioner did not file a separate motion to dismiss nor did they join Defendant Bruen's motion, and instead they filed an answer. (ECF No. 28.) However, the same claims raised against Bruen are also raised against these Defendants. (Complaint ¶¶ 233–35; 241–44; 245–48.) Therefore, the Court also dismisses Counts I, III, and

---

[1]       Plaintiffs clarify that Count II is not against Defendant Bruen. (Plaintiffs' Memorandum of Law in Opposition to Defendant Bruen's Motion to Dismiss) ("Plaintiffs' Opposition") ECF No. 33 at 2 n.3) ("To the extent that the Complaint complains of the discretionary provisions of Penal Law § 400.00(1)(b) and (n), the challenge is on the context of William Sappe's challenge to 38 RCNY 5, not Defendant Bruen."). Plaintiffs' Count V, which challenges provisions in the New York City licensing scheme, is raised only against New York City. (Complaint ¶¶ 249–52.)

IV against New York City and the NYPD Commissioner, *sua sponte*. *Fischer v. Cruz*, No. 16-CV-1224(JS)(ARL), 2016 WL 1383493, at *1 (E.D.N.Y. Apr. 7, 2016) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.") (citing *Plante v. Dake*, 621 F. App'x 67, 69 (2d Cir. 2015)).

Therefore, the only remaining claims to this action are: (i) Count II, which challenges discretionary standards used when issuing handgun licenses in New York Penal Law §§ 400.00(1)(b) and (n) and 38 RCNY 5-10 (a), (h), and (n); and (ii) Count V, which raises a *Monell* claim against New York City to enjoin 38 RCNY 5-10 (a), (h), and (n) as violating the Second Amendment. (Complaint ¶¶ 237–40, 249–52). Because these claims were not addressed in the Court's previous Opinion and Order and the remaining Defendants did not move to dismiss these claims, Counts II and V remain pending. *See generally, Frey*, 2022 WL 522478.

## II.   Whether Plaintiffs' Claims are Mooted by *New York State Rifle & Pistol Association Inc. v. Bruen*

While Plaintiffs' claims against Defendant Bruen are dismissed for lack of standing, the Court will nonetheless assess the extent to which Plaintiffs' claims are mooted by the U.S. Supreme Court's recent decision in *New York State Rifle & Pistol Association Inc. v. Bruen*, 142 S.Ct. 2111 (2022), which was decided while Defendant Bruen's motion to dismiss was pending. Under the "case or controversy" requirement of Article III of the Constitution, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). A case is moot, and therefore no longer a case or controversy for the purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). When a case becomes moot, a district court no longer has

subject matter jurisdiction, *see Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and courts may consider whether they have subject matter jurisdiction *sua sponte* at any stage of the litigation.  *See Fed. Dep. Ins. Corp. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999).

In *Bruen*, the U.S. Supreme held that the "proper cause" standard under N.Y. Penal Law 400.00(2)(f) violated the Second and Fourteen Amendment rights of individuals who were denied concealed carry licenses in New York State for failing to meet that standard.  The Court found that the "proper cause" standard, which bars individuals from obtaining concealed carry licenses unless they could demonstrate "a special need for self-protection distinguishable from that of the general community," *id*. at 2123, "prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."  *Id. at.* 2156; *see also id*. at 2162 (Kavanaugh, J., concurring) ("As the Court explains, New York's outlier may-issue regime is constitutionally problematic because it grants open-ended discretion to licensing officials and authorizes licenses only for those applicants who can show some special need apart from self-defense").

The Court also announced a new standard of review when evaluating whether a regulation violates the Second Amendment, and expressly rejected the previous approach widely used by federal courts.[2]  *See id*. at 2126.  Finding that the second step was inconsistent with the principles articulated in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) and *McDonald v. City of Chicago, Ill*., 561 U.S. 742 (2010), the Court pronounced a new standard consistent with the

---

[2]        The prior approach was as follows: "[f]or the first step, the Court analyzes whether the challenged legislation impinges upon conduct protected by the Second Amendment, or weapons in common use and typically possessed by law-abiding citizens for lawful purposes. For the second step, the Court utilizes two factors to determine the appropriate level of scrutiny: (1) how close the law comes to the core of the Second Amendment right and (2) the severity of the law's burden on the right. If the challenged legislation does not implicate the core or substantially burden the right, then heightened scrutiny does not apply."  *Frey*, 2022 WL 522478, at *7 (internal quotations and citations omitted).

approach used in *Heller*: (i) "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct"; and (ii) "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Bruen,* 142 S. Ct. at 2129–30.

For the reasons discussed below, *Bruen* does not fully moot Plaintiffs' claims.

*Count 1: Criminalization of Mere Possession of Handguns*

Plaintiffs' first count seeks to enjoin the criminalization of "mere possession" of a handgun under Penal Law §§ 265.01(1), 265.01-b, 265.03(2), 265.03(3), and 400.00(15) as violating the Second Amendment. (Complaint ¶¶ 234–36.)

The Supreme Court made clear that the Second Amendment protects law abiding citizens' right to carry a handgun for self-defense outside of the home, but the Supreme Court did not indicate that such right is unfettered.  Rather, the Supreme Court reaffirmed that states may impose gun regulations and licensing requirements as long as those regulations and requirements are consistent with historical tradition.  *See Bruen,* 142 S. Ct. at 2126 ("the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation"); *id*. at 2138 n.9 ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes, under which 'a general desire for self-defense is sufficient to obtain a [permit].'"); *id*. at 2121 (Kavanaugh, J., concurrence) ("[T]he Court's decision does not prohibit States from imposing licensing requirements for carrying a handgun for self-defense.").  While the *Bruen* decision held that the "proper cause" standard violated the Second Amendment, it did not go as far as stating that the criminalization of "mere possession" of handguns under New York penal law was

unconstitutional.  Plaintiffs are still required under New York law to have a valid license before possessing handguns, which *Bruen* does not call into question.

Notably, Plaintiffs Brianna Frey and Jason Frey, who have New York State restricted handgun licenses (limited to sporting activities), were denied unrestricted concealed carry licenses for failing to meet the "proper clause" standard, and Plaintiff Jack Cheng, who also has a New York State restricted handgun license (limited to target shooting activities), wishes to have a concealed carry license without needing to show "proper clause."  (Compl. ¶¶ 93–94, 97–100, 126, 128–130, 165, 175).  Because *Bruen* has now struck down the "proper cause" standard, Plaintiffs' claim is mooted to the extent that they wish to carry concealed handguns.[3]

To the extent that Plaintiffs seek to enjoin criminalization of "mere possession" of handguns when doing so in New York City (given that none of the Plaintiffs have valid New York City handgun licenses, which has its own licensing scheme) or in an open manner, their claim is not mooted for the reasons articulated below.  *See infra*.

*Count 2: Discretionary and Permissive Licensing Scheme*

Plaintiffs' second count, which is raised against New York City and the NYPD Commissioner, challenges the discretion provided to licensing officers in allowing them to determine whether to grant a handgun license based on "good moral character," lack of good cause for denial, and other discretionary standards under New York Penal Law §§ 400.00(1)(b) and (n)

---

[3]       However, the Court takes judicial notice of the New York State website, which indicates that Plaintiffs may have to first reapply for an unrestricted carry license.  *See Apply for a Firearms License, New York State, available at* https://www.ny.gov/services/how-obtain-firearms-license (last visited Aug. 23, 2022) ("Nothing in the Supreme Court decision allows anyone to immediately legally carry a concealed firearm in New York State without obtaining the currently-required permits or licenses."); *see id*. ("This also means you cannot legally carry a concealed firearm outside of your home in New York State if you only have a license to possess a gun in your home."); *see also Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *2 (2d Cir. Mar. 15, 2022) (indicating that courts "regularly take judicial notice of agency documents on official websites.").

and 38 RCNY 5-10 (a), (h), and (n).  (Complaint ¶¶ 210–14, 238–40.)  While the *Bruen* decision struck down the "proper cause" standard as unconstitutional, the Court did not opine on the constitutionality of other standards considered by licensing officers when determining whether to grant a handgun license.  *See Bruen,* 142 S. Ct. at 2156.   Therefore, Plaintiffs' second count is not mooted by the *Bruen* decision.

*Count 3: Geographical Ban*

Plaintiffs also seek to enjoin the enforcement of N.Y. Penal Law § 400.00(6), which makes a handgun license issued by New York State ineffective in New York City unless a special permit is granted by the New York City Police Commissioner validating that license.  *See* N.Y. Penal Law § 400.00(6).  Plaintiffs call this rule a "geographical ban," and argue that they have a preexisting right to possess handguns throughout the State.  (Complaint ¶¶ 242–44.)  *Bruen* did not address the constitutionality of laws requiring separate licensing requirements between a State and a municipality within that State.  Therefore, Plaintiffs' third claim is not mooted by the *Bruen* decision.

*Count 4: Open Carry Ban Challenge*

Under Plaintiffs' fourth count, Plaintiffs challenge New York's open carry ban as violating the Second Amendment and seek to enjoin the enforcement of Penal Law §§ 265.01(1), 265.01-b, 265.03(2), 265.03(3), 400.00(6), and 400.00(15) with respect to open carriage of a handgun in public. (Complaint ¶¶ 245–48.)  The *Bruen* decision did not address the constitutionality of New York's open carry ban.  Rather, the appellants in *Bruen* were only contesting the constitutionality of New York's *concealed* carry licensing requirements and did not address New York's open carry ban.  *See Bruen,* 142 S. Ct. at 2122–24; *see also id*. at 2187 (Breyer, J., dissenting) ("[T]he Court

does not say whether the result in this case would be different if New York allowed open carriage by law-abiding citizens as a matter of course.").  Therefore, Plaintiffs' fourth count is not mooted.

*Count 5: Monell claim against New York City*

Plaintiffs' fifth count raises a *Monell* claim against New York City to enjoin the enforcement of 38 RCNY 5-10 (a), (h), and (n) as violating the Second Amendment.  (Complaint ¶¶ 249–52.)  *See* 38 RCNY 5-10 (a) (denying handgun license for applicants that have been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction); 38 RCNY 5-10 (h) (denying handgun license for applicants with poor driving history, multiple driver license suspensions or that have been declared a scofflaw by the New York State Department of Motor Vehicles); 38 RCNY 5-10 (n) (denying handgun license for applicants based on other information demonstrating an unwillingness to abide by the law or for other good cause).  Defendant New York City did not file a separate motion to dismiss nor did it join Defendant Bruen's motion, and instead filed an answer.  (ECF No. 28.)  Because the *Monell* claim is not asserted against Defendant Bruen, this claim remains pending.  In any event, the *Bruen* decision did not opine on these provisions in the New York City licensing scheme, so this claim is not mooted.

## CONCLUSION

For the foregoing reasons, Defendant Bruen's motion to dismiss is GRANTED.  Counts I, III, and IV are dismissed without prejudice.  Plaintiffs have until October 3, 2022 to file an Amended Complaint as to any claims that have not been dismissed with prejudice.  Defendants are then directed to answer or otherwise respond by October 24, 2022.  If Plaintiffs fail to file an Amended Complaint within the time allowed, and they cannot show good cause to excuse such

failure, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 31.[4]

Dated: September 1, 2022                          SO ORDERED:
       White Plains, New York

_____
                NELSON S. ROMÁN
              United States District Judge

---

[4]     By virtue of the Court's decision herein, Plaintiffs' request for leave to file a second preliminary injunction motion (ECF No. 39) is now DENIED as mooted.  The Clerk of the Court is therefore also directed to terminate the motion at ECF No. 39.