UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JASON FREY, BRIANNA FREY,                    Case No. 21 Civ. 05334 (NSR)
JACK CHENG, and WILLIAM SAPPE,

                          Plaintiffs,

       -against-                                    **DECLARATION OF**
                                                          **AMY L. BELLANTONI**
NEW YORK CITY, New York, STEVEN NIGRELLI,    **UNDER LOCAL RULE 6.1(d)**
in his Official Capacity, KEECHANT SEWELL,   **TO PROCEED BY ORDER**
in her Official Capacity,                    **TO SHOW CAUSE**
                          Defendants.
---------------------------------------------------------------x

       AMY L. BELLANTONI, an attorney duly admitted to practice law, declares pursuant to 28 U.S.C. § 1746:

       1.       I am the Principal of The Bellantoni Law Firm, PLLC attorneys for the plaintiffs in the above-captioned matter. I am admitted to practice law before the United States District Court for the Southern District of New York.

       2.       I have personal knowledge of the facts set forth herein based upon a review of the file maintained by my office in this matter, research, and discussions with my clients and others having personal knowledge of the facts giving rise to this litigation and the instant application. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

       3.       I submit this Declaration as required by SDNY Local Rule 6.1(d), which requires a clear and specific showing of good and sufficient reasons why proceeding by order to show cause on the accompanying motion for a preliminary and permanent injunction is necessary, rather than by Notice of Motion.

4. The following establishes good and sufficient reasons to proceed by Order to Show Cause on Plaintiffs' motion for a preliminary and permanent injunction against the defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with the defendants who receive actual notice thereof from implementing and enforcing Penal Law sections 400.00(6), 400.00(15), 265.01, 265.01-b, 265.01-d, 265.01-e, 265.03(3), and NYC Admin. Code 10-315 and the NYPD Rules promulgated thereunder against (1) individuals who hold a valid handgun license issued by a New York State licensing officer and carry a handgun concealed; and (2) individuals who hold a valid handgun license issued by a New York State licensing officer and carry a handgun open and exposed (holstered) on their person.

5. Plaintiffs Brianna Frey and William Sappe are suffering ongoing and irreparable harm caused by Defendants' enforcement of the challenged statutes and have announced their intention to exercise their right to possess and carry a firearm in public for self-defense, irrespective of license 'type', geographical restrictions and, among other bans, the 'gun free zone' designations of private and public property where they, and other ordinary members of the public, go.

6. Plaintiff Jason Frey, whose pistol license is restricted to concealed carry for sportsman activities only, faces imminent arrest and incarceration by Defendants under the challenged statutes based on his ongoing and regular exercise of his individual right to possess and carry a firearm in public for self-defense irrespective of license 'type', geographical restrictions and, among other bans, the 'gun free zone' designation of private and public property where he, and other ordinary members of the public, go.

7. Proceeding by Order to Show Cause will place the matter before the Court significantly more expeditiously than by proceeding by Notice of Motion.

8. The Court's Individual Practices ("Individual Practices") in Civil Cases require all motions on notice to be served on opposing counsel and fully briefed before the submissions may be docketed in the public electronic filing system. Individual Practices at 3(C).

9. Plaintiff's first motion for a preliminary injunction, filed under the Court's 'bundling rule' on September 21, 2021 was not heard until February 1, 2022 and was thereafter decided on February 22, 2022.

10. The Court's Individual Practices further provide that a "pre-motion conference with the Court is required before making any [ ] motion, except motions for…preliminary injunctions." Individual Practices at 3(A)(ii).

11. In August 2022 when Plaintiffs served their second motion for a preliminary injunction in the same manner as their first PI motion, upon defendants' counsel with two courtesy copies to the Court as required under the Individual Practices, the Court summarily denied the motion two days after receiving the submissions and, instead, directed Plaintiffs to file a pre-motion letter with time allotted for responses by Defendants' counsel. [ECF Dkt. 38].

12. The pre-motion letter requirement would further delay the adjudication of the merits of Plaintiffs' PI motion for an injunction.

13. Delay in enjoining plainly unconstitutional criminal statutes is continuing to cause irreparable harm to Plaintiffs and a substantial number of ordinary New Yorkers.

14. When the Supreme Court announced its decision in *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022), ordinary New Yorkers were in high spirits, believing that their ability to exercise the same Second Amendment rights that their fellow citizens in 43 other states freely exercise was finally a reality. The *Bruen* Court had flatly rejected the Second Circuit's 'means-end', intermediate scrutiny test where the rights of the individual were balanced against the

government's interests, and a clear, unambiguous test based on the plain text of the Second Amendment and our Nation's historical traditions was established.

15. Rather than overhaul its criminal statutes and licensing regulations to finally bring them into compliance with the Constitution, New York State passed more laws and regulations with the knowledge of their unconstitutionality and the publicly expressed intention of preventing the free exercise of the Second Amendment in New York State.

16. Plaintiffs did not immediately amend their complaint after *Bruen*, waiting instead to see what additional reactions and developments New York State, New York City, and the courts would reveal so as to shape their claims more efficiently.

17. The defendants' responses to the two *Antonyuk* cases in the Northern District of New York, further demonstrate that New York is doubling down on its very public (and embarrassing) defiance to the Supreme Court precedent in *Heller*, *McDonald,* and *Bruen* – not to mention the plain text of the Constitution.

18. Four days after Plaintiffs filed their First Amended Complaint on October 4, 2022, New York City Mayor Eric Adams announced the enactment of regulations to parallel the State's ban on firearms in Times Square, NYC Administrative Code 10-315, which authorizes the NYPD to promulgate Rules consistent therewith. Plaintiffs intended to amend their complaint accordingly and sought consent from opposing counsel.

19. On October 14, 2022, and by stipulation of the parties, Plaintiffs filed a Second Amended Complaint to include the latest New York City regulations.

20. The establishment of a text-and-historical tradition-based test to be applied to Second Amendment challenges, the stupefying defiance of New York State to adhere to the Constitution, and the sober realization that New York's landscape has turned markedly lawless at

all levels such that there is no end in sight to the unrestrained attack on the "guaranteed individual right to possess and carry weapons in case of confrontation"[1] requires swift adjudication of this motion to enjoin patently unlawful statutes.

21. As borne out from the accompanying submissions, Jason Frey faces imminent arrest and incarceration for engaging in conduct protected by the Second Amendment but proscribed by the challenged statutes; Defendants and their agents have publicly announced – through word and action – their intention to enforce the statutes against all violators with "zero tolerance."

22. Brianna Frey and William Sappe announced their present and detailed intention to violate the statutes through their exercise of their rights under the Second Amendment.

23. Plaintiffs are suffering, and will continue to suffer, irreparable harm without the requested injunctive relief, to which they are entitled.

24. Good and sufficient reason having been shown, Plaintiffs request that their motion for a preliminary and permanent injunction proceed by Order to Show Cause rather than Notice of Motion.

Dated: Scarsdale, New York
October 19, 2022

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiff*

*Amy L. Bellantoni*
Amy L. Bellantoni (AB3061)
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com

---

[1] *D.C. v. Heller,* 544 U.S. 570, 592 (2008).