UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JASON FREY, BRIANNA FREY,　　　　　　　　　Case No. 21 Civ. 05334 (NSR)
JACK CHENG, and WILLIAM SAPPE,

　　　　　　　　　　　　Plaintiffs,

　　　　-against-
　　　　　　　　　　　　　　　　　　　　　　　　**DECLARATION OF**
NEW YORK CITY, New York, STEVEN NIGRELLI,　　**JASON FREY**
in his Official Capacity, KEECHANT SEWELL,
in her Official Capacity,
　　　　　　　　　　　　Defendants.
-----------------------------------------------------------------x

　　　　JASON FREY, declares the following pursuant to 28 U.S.C. § 1746:

　　　　1.　　　I am a plaintiff in the above-captioned matter. I make this Declaration in support of Plaintiffs' Third Motion for a Preliminary Injunction based on my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

　　　　2.　　　I am a resident of Westchester County, New York. I am not prohibited by state or federal law from possessing, receiving, owning, or purchasing firearms.

　　　　3.　　　I am a law-abiding person. I understand that New York is not a "constitutional carry" state; I complied with the New York laws requiring that I apply to the government for a license to exercise a preexisting right protected by the Constitution, and I obtained a New York State handgun license. I continue to hold a valid New York State pistol license that was issued by a Westchester County Court Judge and statutory pistol licensing officer, which I have held without incident since its issuance.

　　　　4.　　　To be deemed eligible for the issuance of a handgun license, I underwent and passed a criminal history background check through the FBI and New York State Division of Criminal

1

Justice Services, and a mental health prohibitor check through the New York State SAFE Act Office.

5. My handgun license authorizes me to (i) only possess the handguns registered thereon; (ii) purchase additional handguns to be registered thereon; and (iii) carry my registered handguns concealed ("CCW" or "concealed carry license").

6. My CCW does not authorize me to carry my handgun open and exposed (holstered) on my person for self-defense. Open carry is banned in New York and there is no process or procedure for lawfully openly carrying a handgun holstered in New York.

7. My CCW is restricted by the licensing officer to "sportsman". Under the sportsman restricted license, I am restricted to carrying a handgun concealed in public to and from target shooting activities and while engaging in outdoor sporting activities such as camping, hiking, hunting, and the like. I am an avid hunter and my family and I spend a great deal of time outdoors.

8. In 2019, I applied to one of the licensing officers for Westchester County to have the restrictions of my CCW license lifted to allow for the unrestricted full carry (concealed) of my registered handguns.

9. My application was denied on the sole basis that I had not established "proper cause" to carry a handgun concealed "without regard to employment or place or possession."

10. In the *Bruen* case, the Supreme Court held that the "proper cause" requirement for unrestricted concealed carry violated the Constitution.

11. Had New York State not continued to enforce an unconstitutional handgun licensing scheme, I would have had a full carry concealed license at its initial issuance or, at the very least, my 2019 amendment to full carry concealed would have been approved.

DocuSign Envelope ID: 89907370-398F-477A-9BA9-4FAC6209D5C8

12. By the issuance of a pistol license, I was deemed eligible to carry a handgun concealed in public. I should not have to request more permission from the government to exercise that right and should not be subject to arrest, jail and other penalties for carrying outside of my restriction.

13. I am simply not going to place myself, my wife, or my children in danger by going about my daily life unarmed because Defendants refuse to comply with the Constitution and continue to enforce unconstitutional statutes, like enforcing a law that makes me a criminal for carrying concealed outside of my license restriction.

14. I regularly carry a handgun concealed on my person in public – not only to and from target shooting or when I am engaging in sportsman activities like camping and hiking, for the protection of myself and my family – but during my everyday life, like when we go shopping at the Jefferson Valley Mall and Acme in Yorktown and to Shop Rite and Walmart in the Cortlandt Town Center, which we do on a regular basis. My family and I also eat out (that are also subject to the alcohol beverage control laws), including Primavera Restaurant in Croton Falls, BLT Steakhouse in White Plains, Antonella's on Route 9 in Fishkill, La Famiglia in Carmel and other restaurants. None of those locations have "conspicuous signage" granting me permission to exercise my right to be armed for self-defense.

15. I am armed when my wife and I take our kids to the movies at the Regal Cinemas in the Cortlandt Town Center. The last time was around May or June when we went to see Dr. Strange Multiverse of Madness and we are planning to see Halloween Ends within the next week or two. We also visit the Barnes and Noble bookstore in the same Cortlandt Town Center shopping plaza.

16. I am not going to seek permission from any or every property owner or lessee or refrain from going about in public to all of the places that members of the general public go – on public and private property, residential and commercial – just because there is no "conspicuous signage" granting me permission to exercise my right to be armed for self-defense. I have no obligation to follow a law that is a blatant violation of the Second Amendment.

17. The NYSP have a barracks behind the movie theater in the Cortlandt Town Center, NYSP Troop K Zone 3. It is very likely that a trooper could observe a bulge from my firearm while I am visiting any one of the stores in the Cortlandt Town Center – Walmart, Barnes and Noble, Regal Cinemas, Five Below – or just walking to my car and arrest me for carrying in a restricted location' because there are no 'conspicuous signage' at the Cortlandt Town Center granting 'permission' for people to carry firearms and I am not going to ask permission to exercise a constitutional right.

18. My family and I are often at various parks in Yorktown including Sunnyside Park, London Woods, and Legacy Field, where I carry my firearm concealed. We also spend time at the Pound Ridge Reservation, FDR, Lake Taconic and Fahnestock Park several times per year. Bear and coyote sightings are not uncommon at these locations and I carry my handgun concealed as a last resort in the event of a confrontation.

19. I am also armed when getting gas around town including the BP on Route 6 and 7-11 in Jefferson Valley, which also lack 'conspicuous signage' granting permission for me to carry a firearm to protect myself. I intend to continue getting gas at these and other locations.

20. I face certain arrest and incarceration by any NYS trooper who observes me carrying a handgun concealed outside of my restriction, in a restricted area, and/or a sensitive location. If convicted, I my pistol license will be revoked, and if convicted of a felony or 'serious

offense', I will forfeit my Second Amendment rights.

21. I intend to start carrying my handgun open and holstered at the above locations at times when I am not carrying the same handgun concealed.

22. For sure, if I open carry at the Cortlandt Town Center, gas stations, and anywhere else in New York State, I will certainly be stopped by the NYSP, arrested, and put in jail because open carry is banned in New York. The only reason I do not exercise the right to open carry in New York State is the fear of arrest, jail and the other criminal and civil penalties that will follow.

23. In September 2022, the NYSP Pistol Permit Bureau confirmed in writing that open carry is a crime in New York State, whether a felony or a misdemeanor is unclear, but that the licensing statute only refers to concealed carry.

24. On August 31, 2022, Acting Superintendent Steven Nigrelli publicly stated that the NYSP has "zero tolerance" and if anyone violates the firearm laws, they will be arrested and that NYS troopers are standing ready to do so."[1]

25. I will also immediately be arrested by NYSP troopers for carrying a handgun open and holstered because open carry is banned in New York. Whether I will be charged with a misdemeanor or a felony for carrying openly, the fact remains that I face imminent and certain arrest and incarceration.

26. My handgun license is not valid in New York City. Under the Penal Law, I am required to apply for and obtain a separate handgun license to carry a handgun concealed in New York City. I am not going to, and should not have to, apply for a second license to exercise my right to bear arms for self-defense in a separate county within the same state.

---

[1] https://www.youtube.com/watch?v=gC1L2rrztQs

DocuSign Envelope ID: 89907370-398F-477A-9BA9-4FAC6209D5C8

27. I carry my handgun concealed when I travel to New York City. Whether alone or with my family, I take the Metro North Train into Grand Central and the number 4 train to Times Square to get goodies at Junior's, and sometimes to Murray's Bagels on 8th Avenue. I also visit friends in Williamsburg, taking the shuttle to the L train, then to the 14th Street stop. I intend to continue being armed when I travel to New York City for my own protection and my family's.

28. On September 2, 2022, I was informed by an NYPD police officer that if I "open carry" a handgun in New York City, I will be arrested. The officer told me that "there's no open carry in New York City…it's illegal."

29. Regarding concealed carry, the NYPD police officer also told me that I "can't come into New York City because [my] permit is only for Westchester County", that my permit "is invalid to cross the county", that I "can't have it (a handgun) at all in New York City" or I will be arrested.

30. I should not have to request permission from New York City to lawfully carry my licensed handgun across the border from Westchester into the City in the same state.

31. But whether I carry open or concealed, I will be arrested by the NYPD and charged with a crime for possessing a handgun in the City. If I carry a handgun in a sensitive area or restricted location in New York City, I will be arrested by the NYPD for a felony, and if I am convicted, I will permanently forfeit my Second Amendment rights. The only reason I do not exercise the right to open carry in New York City is the fear of arrest, jail and the other criminal and civil penalties that will follow.

32. Being subject to criminal penalties, arrested, and put in jail, having my license revoked, fines, losing my right to even possess a firearm for merely possessing a handgun in public

for self-defense – despite the fact that I have been issued and hold a valid New York State pistol license - is an absolute violation of my constitutional rights.

33. To be clear, I do not intend to carry a firearm in polling places, courthouses, or other locations that the United States Supreme Court has indicated are presumptively sensitive places.

34. Plaintiffs' motion for a preliminary and permanent injunction of the challenged statutes that bar carrying outside of my license restriction, carrying in New York City without a separate New York City license, carrying in sensitive places, and carrying in restricted locations should be granted.

The foregoing statement is made subject to and under the penalty of perjury.

Dated: October 16, 2022

*Jason Frey*
Jason Frey