UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JASON FREY, BRIANNA FREY,                          Case No. 21 Civ. 05334 (NSR)
JACK CHENG, and WILLIAM SAPPE,

                                    Plaintiffs,

            -against-
                                                   **DECLARATION OF**
NEW YORK CITY, New York, STEVEN NIGRELLI,          **WILLIAM SAPPE**
in his Official Capacity, KEECHANT SEWELL,
in her Official Capacity,
                                    Defendants.
-----------------------------------------------------------------x

WILLIAM SAPPE, declares the following pursuant to 28 U.S.C. § 1746:

1.      I am a plaintiff in the above-captioned matter. I make this Declaration in support

of Plaintiffs' motion for a preliminary and permanent injunction. I make this Declaration of my

own personal knowledge and, if called as a witness, I could and would testify competently to the

truth of the matters set forth herein.

2.      I am eligible to possess and carry firearms in the State of New York and have met

all the qualifications for licensure. I was issued and have maintained an unrestricted (full carry)

New York State concealed carry handgun license ("CCW") for approximately 8 years without

incident.

3.      As a resident of Orange County, New York, my handgun license was issued by a

judicial licensing officer in Orange County; my license authorizes me to carry a handgun concealed

everywhere in the State except New York City. When I am not in New York City, I carry my

handgun (concealed) in public on a regular basis.

4.      I am licensed as an Armed Guard by the State of New York.

5.      I am licensed as an Armed Security Guard by the State of California. I also hold an open carry firearms permit issued by the State of California, which I have held without incident since 2015.

6.      I am also licensed to carry a handgun by the States of Connecticut, Florida, and Arizona.

7.      I am self-employed and work in the area known as the Diamond District in New York City. In the course of my profession, I transport substantial amounts of cash, diamonds, and jewelry for high-end jewelers in the Diamond District. I transport substantial amounts of cash, diamonds, and jewelry between the Diamond District and various locations in the 5 boroughs of New York City, throughout New York State, and to other states, including California and Nevada.

8.      Under the New York State Penal Law, my CCW license is not valid in New York City. To lawfully carry a handgun concealed in New York City, the Penal Law requires me to apply for and obtain a second, separate license from the NYC Police Commissioner under New York City's discretionary licensing scheme.

9.       I previously applied to the NYPD Licensing Division to obtain a separate concealed carry license, as required by statute, and my application was denied.

10.     Now that the *Bruen* case established a clear test for analyzing Second Amendment challenges, I intend to carry my handgun concealed in New York City for self-defense on a daily basis. I also intend to carry my handgun to work every day because the number of random incidents of violent criminal attacks in New York City have risen sharply. Based on my work, including its location in the Diamond District where I am coming in and out of high-end jewelry stores, and the merchandise and cash that I carry, I am a high-level target for a violent attack and will be carrying a concealed handgun for self-protection on a regular basis from now on.

11.     I am unaware of any tradition in this country of requiring permission before being able to carry a weapon to defend yourself simply because you cross a county line from one county into another county in the same state. New York's law violates the plain text of the Second Amendment.

12.     Mayor Adams and NYPD Police Commissioner Sewell are working hand-in-hand with Governor Hochul and the New York State Police, including Acting Superintendent Nigrelli to disarm New Yorkers, make the whole state a 'sensitive' or 'restricted' area, and arrest anyone and everyone who violates their gun laws.[1]

13.     As part of my daily employment, I travel through the area designated by the Penal Law and New York City as "Times Square." Declaring any location a "gun free" zone only makes everyone in the "zone" an unarmed victim and unable to defend themselves from a violent attack – criminals do not follow the law and will continue to carry guns in the Times Square area. I am going to carry my handgun in the Times Square area for self-protection even though such constitutionally-protected activity had been made unlawful by New York State and New York City. My daily commute will now subject me to being arrested and charged with a felony.

14.     In August 2022, an internal NYPD memorandum instructed all NYPD officers that "Anyone carrying a firearm is presumed to be carrying unlawfully until proven otherwise", a view in conflict with the fact that the Second Amendment "presumptively protects" possessing and carrying a handgun for self-protection.

15.     The NYPD memorandum also instructs that "[o]fficers may stop an individual when the officer has reasonable suspicion that an individual is carrying a firearm [ ] and may frisk that individual since the officer has reasonable suspicion  that the individual is armed and

---

[1] https://www.youtube.com/watch?v=gC1L2rrztQs

dangerous." Under that policy, simply engaging in Second Amendment-protected conduct now gives the NYPD reasonable suspicion to believe an individual is '*dangerous*.'

16.     As a large and imposing black man in New York City, I stand out in a crowd and am regularly scrutinized by police officers. Such close scrutiny heightens the likelihood that an officer will see a bulge from my concealed firearm or, if I were to reach for my wallet and incidentally expose my firearm, it is guaranteed that I would be arrested and put in jail. If pulled over for "fitting the description" of a violent criminal and asked for identification, an officer may very well see my firearm. At the very least, NYPD policy makes clear that the presumption is that I am "dangerous" just because I am armed.

17.     As mentioned above, I have held an open carry firearms permit issued by the State of California since 2015. When I am in California, where I travel on a regular basis, I carry my handgun open and exposed in a holster everywhere I go.

18.     In New York City, I regularly observe uniformed security personnel – like Brinks guards and other such uniformed security personnel - carrying handguns open and holstered – despite the fact that there is no such thing as an "open carry license" in New York and open carry is banned for regular people like myself.

19.     I intend to begin carrying my handgun open and exposed on those days that I am not carrying a handgun concealed on my person, both inside New York City and throughout the state.

20.     I face a credible and imminent threat of arrest and incarceration by the NYPD for carrying my handgun in New York City – whether open or concealed - because my intentions have been made public and the NYPD has informed at least one other plaintiff that carrying a handgun in New York City without a NYC license will get you arrested.

4

21.     I also face a credible and imminent threat of arrest and incarceration from the NYPD and NYSP for carrying a handgun open and holstered because open carry is illegal in New York.

22.     In New York City, I face a credible and imminent threat of arrest and incarceration for carrying open and holstered because I am not in a security uniform and my open carriage of a handgun is enough for officers to approach me and ask to see a license under the August 2022 NYPD policy memorandum, which I do not have.

23.     I also face a credible threat of arrest and incarceration by the NYSP for carrying my handgun open and holstered. As recently as September 6, 2022, the NYSP Pistol Permit Bureau advised that, because the licensing scheme references "concealed carry" only, carrying a handgun open and exposed would either be considered a violation of § 400.00(15) for carrying outside of one's restriction or a felony under § 265 for criminal possession of a weapon. In either case, the NYSP view open carry to be a crime and, based on the public statements by Acting Superintendent Nigrelli and the NYSP "zero tolerance" policy[2], I face a credible threat of arrest and incarceration for violating any firearm-related provision of the Penal Law.

24.     To be clear, I have no intention of carry a handgun in polling places and courthouses and other locations that the Supreme Court has identified as 'sensitive places.'

25.     Based on the above, Plaintiffs' motion for a preliminary and permanent injunction should be granted.

Dated: October 16, 2022

_____
William Sappe

---

[2] https://www.youtube.com/watch?v=gC1L2rrztQs