

October 27, 2022

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    *Frey, et al. v. New York City, et al.*
             21 Civ. 05334 (NSR)

Your Honor,

    I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter. I write in objection to Defendants' request for additional time to respond to Plaintiffs' motion for a preliminary injunction.

    As I explained to counsel earlier today, while I generally provide consent and am amenable to adjournments, Plaintiffs brought this application by Order to Show Cause to have the constitutional challenges promptly heard and decided by the Court. The schedule set by the Court already exceeds the time provided under the federal rules for a motion made on notice.

    There is a "significant urgency", contrary to counsel's representation. At least one plaintiff faces credible and <u>imminent</u> risk of irreparable harm through the enforcement of regulations that were specifically enacted to defy the plain language of the Second Amendment and the *Bruen* opinion.

    "…expanding the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly. Respondents' argument would in effect exempt cities from the Second Amendment and would eviscerate the general right to publicly carry arms for self-defense that we discuss in detail below. See Part III–B, infra. Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place'." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134 (2022).

    Eight days later, New York passed laws that made virtually every location outside of one's home a sensitive and restricted area, with no exemption for licensed handgun owners. And the existing regulations challenged by Plaintiffs, including laws banning open carry and criminalizing licensed handgun owners for carrying a registered handgun across the border from Westchester or Nassau into

New York City for self-protection, are 20th Century laws that fall far afield of the relevant historic period. Even under post-enactment surety laws in the mid-19th Century, "everyone started out with robust carrying rights." *Bruen*, at 2149.

The State's request for additional time to research a very finite historical period is disingenuous. Considering that, apart from the historical research conducted for the *Bruen* case itself, Governor Hochul announced at her August 31, 2022 press conference that she and her 'partners' NYC Mayor Adams and NYPD Commissioner Sewell, have engaged in a yearlong project to be "ready for [the Supreme Court's opinion in *Bruen*]"[1], which necessarily involved not only new regulations under the CCIA, but review and amendment of existing regulations, like Penal Law § 400.00(1)(b), which was expanded to include additional subjective restrictive language, the State's reasons fall flat. When reviewing New York's licensing and criminal statutes, the State could just have easily removed those restrictions that run afoul of the Constitution – like those challenged here – yet, it did not.

The State's submissions in the *Antonyuk* cases pending before Judge Suddaby in the Northern District[2] bear out extensive, yet unsupportive, historical research. Indeed, Judge Suddaby commented in response to the State's request for additional time to research history before responding to the plaintiffs' motion for a preliminary injunction on July 21, 2022 related to the Concealed Carry Improvement Act, was that the State "has already gotten a head start in amassing the necessary historical sources in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 18-CV-0134 (N.D.N.Y.)." *Antonyuk v. Bruen*, 22 Civ. 734 (GTS), July 21, 2022 Text Order.

Neither the State nor the City is caught by surprise here; they **thoroughly** prepared for attacks on their regulations. In the wake of the expected and actual legal challenges, it strains credulity to believe that no additional 'research' has been conducted by the State since July – either generally or specific to this case. The claims here have always been about carrying a handgun for self-protection – open or concealed, throughout New York, and New York City. Defendants cannot enact more laws and then seek more time to try to 'find' a defense while its citizens are left to choose between exercising their Rights and being arrested for violating unconstitutional laws – as Plaintiffs have been forced to do.

The constitutional right to bear arms in public for self-defense is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *Bruen*, at 2156 citing, *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality opinion).

The government's indifference to the Constitution and continued disregard of its citizen's presumptively guaranteed rights does not outweigh Plaintiffs' right to engage in conduct presumptively protected by the Constitution, and it should not be countenanced.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[1] https://www.youtube.com/watch?v=gC1L2rrztQs
[2] *Antonyuk v. Bruen*, No. 122CV0734GTSCFH, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022); *Antonyuk v. Hochul*, No. 122CV0986GTSCFH, 2022 WL 5239895 (N.D.N.Y. Oct. 6, 2022).