USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2022

**MEMORANDUM ENDORSEMENT**

<u>Frey et al. v. Bruen et al.</u>
21-cv-5334 (NSR)

    The Court is in receipt of the attached letter from Defendants, dated October 27, 2022, and Plaintiffs' response thereto, dated October 27, 2022. Defendants requested 18 additional days (to November 28, 2022) to file an opposition to Plaintiffs' Order to Show Cause with Emergency Relief, which the court construes as a preliminary injunction motion. Plaintiffs oppose the request.

    The Court has reviewed the letters and GRANTS Defendant's request for an extension over the Plaintiffs' objection. Defendants are directed to serve and file opposition papers on or before November 28, 2022. Plaintiffs are directed to serve and file reply papers on or before December 13, 2022. The parties are directed to provide two courtesy copies and one electronic copy of their papers to Chambers as they are served. Pursuant to the Court's Individual Rule 3.B., the opposition papers are limited to 25 pages and reply memoranda are limited to 10 pages.

    In addition, the Court GRANTS Defendants' request to respond to the Second Amended Complaint 30 days following the Court's resolution of the pending motion for a preliminary injunction.

    The Clerk of the Court is kindly directed to terminate the motion at ECF No. 56.

Dated: October 28, 2022
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6295

October 27, 2022

**VIA ECF**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: *Frey v. Bruen,* 21 Civ. 5334 (NSR)

Dear Judge Román:

This Office represents Defendant Steven Nigrelli, in his official capacity as Acting Superintendent of the New York State Police, and the New York City Law Department represents Defendants New York City and Police Commissioner Keechant Sewell in the above-referenced action. We write, on behalf of our Office and the Law Department, to respectfully request that the time for all Defendants to respond to Plaintiffs' third motion for a preliminary injunction be extended to November 28, 2022, with a concomitant extension of time for Plaintiffs to reply by December 12, 2022. Defendants further request that they be granted until 30 days after the resolution of the pending motion for a preliminary injunction to file their responses to the Second Amended Complaint. Plaintiffs do not consent to these requests.

The reason for our request for an extension of the briefing schedule is that, based on the potential implications of Plaintiffs' motion and the substantive changes to the relevant legislative landscape in the wake of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), more time is needed to research the historical evidence required to justify the challenged legislative provisions. In addition, given the significance of the matter, both City and State Defendants require additional time for client review. Defendants note that the recently passed Concealed Carry Improvement Act, which is challenged by Plaintiffs, has been in effect since September 1, 2022. Thus, there is no significant urgency to complete the briefing. This is Defendants' first request for an extension of time to respond to the third preliminary injunction.

Judge Román                                                                                                Page 2
October 27, 2022

      With regard to Defendants' response to the Second Amended Complaint, on October 14, 2022, the parties stipulated that Defendants' answers would be due by November 28, 2022. However, at the time of that stipulation, Defendants were not aware that Plaintiffs intended to file the instant motion for a preliminary injunction, which was filed less than a week later, on October 20, 2022. To conserve judicial and government resources, an extension is now appropriate because the claims asserted by Plaintiffs in the action—and Defendants' defenses thereto—may be altered by the Court's decision on the pending motion.

      For all the aforementioned reasons, Defendants respectfully request that they be granted until November 28, 2022 to respond to Plaintiffs' third motion for a preliminary injunction and that Plaintiffs' reply be filed by December 12, 2022. Defendants further respectfully request that their responses to the Second Amended Complaint be held in abeyance until 30 days following the Court's resolution of the pending motion for a preliminary injunction.

      We thank the Court for its attention to this matter.

                                                                                        Respectfully submitted,

                                                                                   /s/ *Suzanna Publicker Mettham*

                                                                                   Suzanna Publicker Mettham
                                                                                   Section Chief
                                                                                   Suzanna.Mettham@ag.ny.gov

cc:     Amy Bellantoni, Esq.
        THE BELLANTONI LAW FIRM, PLLC
        *Attorneys for Plaintiffs*
        (via ECF)

        Rachel K. Moston, Esq.
        Nicholas Ciappetta, Esq
        THE NEW YORK CITY LAW DEPARTMENT
        *Attorneys for Defendant New York City*
        *and Keechant Sewell*
        (via ECF)



October 27, 2022

**VIA ECF**

Hon. Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Frey, et al. v. New York City, et al.*
              21 Civ. 05334 (NSR)

Your Honor,

      I represent the plaintiffs, Jason Frey, Brianna Frey, Jack Cheng, and William Sappe in the above-referenced matter. I write in objection to Defendants' request for additional time to respond to Plaintiffs' motion for a preliminary injunction.

      As I explained to counsel earlier today, while I generally provide consent and am amenable to adjournments, Plaintiffs brought this application by Order to Show Cause to have the constitutional challenges promptly heard and decided by the Court. The schedule set by the Court already exceeds the time provided under the federal rules for a motion made on notice.

      There is a "significant urgency", contrary to counsel's representation. At least one plaintiff faces credible and imminent risk of irreparable harm through the enforcement of regulations that were specifically enacted to defy the plain language of the Second Amendment and the *Bruen* opinion.

      "…expanding the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly. Respondents' argument would in effect exempt cities from the Second Amendment and would eviscerate the general right to publicly carry arms for self-defense that we discuss in detail below. See Part III–B, infra. Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place'." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134 (2022).

      Eight days later, New York passed laws that made virtually every location outside of one's home a sensitive and restricted area, with no exemption for licensed handgun owners. And the existing regulations challenged by Plaintiffs, including laws banning open carry and criminalizing licensed handgun owners for carrying a registered handgun across the border from Westchester or Nassau into

2 Overhill Road, Suite 400       info@bellantoni-law.com      (914) 367-0090 (t)
Scarsdale, New York 10583      www.bellantoni-law.com      (888) 763-9761 (f)

New York City for self-protection, are 20th Century laws that fall far afield of the relevant historic period. Even under post-enactment surety laws in the mid-19th Century, "everyone started out with robust carrying rights." *Bruen*, at 2149.

The State's request for additional time to research a very finite historical period is disingenuous. Considering that, apart from the historical research conducted for the *Bruen* case itself, Governor Hochul announced at her August 31, 2022 press conference that she and her 'partners' NYC Mayor Adams and NYPD Commissioner Sewell, have engaged in a yearlong project to be "ready for [the Supreme Court's opinion in *Bruen*]"[1], which necessarily involved not only new regulations under the CCIA, but review and amendment of existing regulations, like Penal Law § 400.00(1)(b), which was expanded to include additional subjective restrictive language, the State's reasons fall flat. When reviewing New York's licensing and criminal statutes, the State could just have easily removed those restrictions that run afoul of the Constitution – like those challenged here – yet, it did not.

The State's submissions in the *Antonyuk* cases pending before Judge Suddaby in the Northern District[2] bear out extensive, yet unsupportive, historical research. Indeed, Judge Suddaby commented in response to the State's request for additional time to research history before responding to the plaintiffs' motion for a preliminary injunction on July 21, 2022 related to the Concealed Carry Improvement Act, was that the State "has already gotten a head start in amassing the necessary historical sources in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 18-CV-0134 (N.D.N.Y.)." *Antonyuk v. Bruen*, 22 Civ. 734 (GTS), July 21, 2022 Text Order.

Neither the State nor the City is caught by surprise here; they *thoroughly* prepared for attacks on their regulations. In the wake of the expected and actual legal challenges, it strains credulity to believe that no additional 'research' has been conducted by the State since July – either generally or specific to this case. The claims here have always been about carrying a handgun for self-protection – open or concealed, throughout New York, and New York City. Defendants cannot enact more laws and then seek more time to try to 'find' a defense while its citizens are left to choose between exercising their Rights and being arrested for violating unconstitutional laws – as Plaintiffs have been forced to do.

The constitutional right to bear arms in public for self-defense is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *Bruen*, at 2156 citing, *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality opinion).

The government's indifference to the Constitution and continued disregard of its citizen's presumptively guaranteed rights does not outweigh Plaintiffs' right to engage in conduct presumptively protected by the Constitution, and it should not be countenanced.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni

---

[1] https://www.youtube.com/watch?v=gC1L2rrztQs
[2] *Antonyuk v. Bruen*, No. 122CV0734GTSCFH, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022); *Antonyuk v. Hochul*, No. 122CV0986GTSCFH, 2022 WL 5239895 (N.D.N.Y. Oct. 6, 2022).