# EXHIBIT

# 2

§ 2. Section two of such chapter, as last amended by chapter three hundred three of the laws of nineteen hundred fifty, is hereby amended to read as follows:

§ 2. Licenses granted under this act shall date from the first day of May in each year, and must be renewed prior to the expiration of the term by the payment of [three] *five* dollars for each renewal.

§ 3. This act shall take effect May first, nineteen hundred sixty-three.

---

## CHAPTER 136*

AN ACT to amend the penal law, in relation to the carrying, sale, possession and use of firearms and other dangerous weapons, the issuance of licenses therefor, and the surrendering, destruction, checking and recording of same, and repealing certain sections of such law relating thereto

Became a law March 25, 1963, with the approval of the Governor. Passed, by a majority vote, three-fifths being present

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

Section 1. Section eighteen hundred ninety-six of the penal law, as last amended by chapter one hundred seven of the laws of nineteen hundred fifty-eight, is hereby repealed and a new section eighteen hundred ninety-six is hereby inserted in lieu thereof, to read as follows:

*§ 1896. Definitions. As used in sections eighteen hundred ninety-seven, eighteen hundred ninety-eight, eighteen hundred*

---

* NOTE.—This act is introduced on behalf of the Joint Legislative Committee on Firearms and Ammunition.

NOTE.—1. Two sets of present provisions of the penal law are proposed to be repealed by the act:

(a) One set (§§ 1896, 1897, 1897-a, 1897-b, 1897-c, 1898, 1898-a, 1899 and 1914) makes criminal certain conduct relating to the possession, manufacture, transport and disposal of weapons and dangerous instruments, appliances and substances, and the defacement of firearms. These provisions create presumptions of various sorts: of possession arising from presence in certain places; of unlawful intent arising from possession; and of defacement of a firearm from possession of the same. Certain persons are given exemption and immunity throughout these provisions. These provisions cover destruction of weapons, appliances and instruments, and the forwarding of certain information concerning firearms. Finally, these provisions cover the licensing of possession of firearms and of gunsmiths and dealers in firearms. With minor exceptions, every one of these provisions govern conduct relating to weapons and dangerous instruments, appliances and substances, that falls short of their use or attempted use. The exceptions are the attempted use of an imitation pistol (§ 1897 (1)), hunting with a dangerous weapon in certain counties (§ 1897 (6-b)) and use of a machine gun (§ 1897 (1-a)).

(b) The second set of such provisions (§§ 1915, 1919 (relate to required reporting of certain wounds and injuries, and to prohibited uses of firearms.

2. The present provisions of the penal law (§§ 1906, 1944 and 1991) proposed to be amended by the act relate to prohibited uses of firearms and the imposition of additional punishment for committing crime while armed.

3. The present provisions of the penal law proposed to be renumbered by the bill (§§ 1900 to be 1906; 1901 to be 1914; 1902 to be 1915; 1903 to be 1919;

*ninety-nine, nineteen hundred, nineteen hundred one, nineteen hundred two, nineteen hundred three, nineteen hundred four and nineteen hundred five, the following terms shall mean and include:*

*1. "Machine-gun," a weapon of any description, irrespective of size, by whatever name known, loaded or unloaded, from which a number of shots or bullets may be rapidly or automatically dis-*

---

1904 to be 1922; and 1904-. to be 1923) do not relate to weapons or dangerous instruments, appliances or substances. One additional provision proposed to be renumbered (§ 1906 to be 1904) relates to prohibited uses of firearms and is also the subject of amendment by the act. There is no present provision of the penal law for section 1905. The proposed renumbering of these provisions makes available ten consecutively numbered sections of the penal law, beginning with section 1896 and ending with section 1905, for the provisions proposed in the act.

4. The act undertakes to reorder and rearrange in standardized manner all of the present provisions of the penal law relating to weapons and dangerous instruments, appliances and substances in ten consecutive sections of such law. The intended omissions to this comprehensive plan, so far as instruments, appliances and substances are concerned, are certain present provisions of the penal law relating to fireworks (§§ 1894, 1894-a and 2151), and explosives (§§ 851 (6), 1052 (3), 1420, 1894 and 1895). So far as weapons are concerned, the intended omissions are certain present provisions of the penal law relating to extortion by threats to use a weapon (§ 851 (6)), manslaughter by use of a weapon (§ 1050 (2)), pawnbrokers accepting a firearm in pawn (§ 1593) and tramps carrying weapons under certain circumstances (§ 2371).

5. The order and arrangement of the ten sections of the penal law proposed by the act are as follows: section 1896 defines ten terms frequently used in the nine succeeding sections. Section 1897 defines all criminal conduct relating to possession and arranges such conduct according to the order of severity of treatment. The first five subdivisions deal with conduct that requires no particular state of mind and the remaining three with conduct that makes such requirement. Section 1898, continuing the arrangement according to severity of treatment, defines criminal conduct with respect to manufacture, transport, disposal and defacement, in that order. Section 1899 creates six presumptions. The first three are presumptions of possession arising from presence in certain places. The next two are ones of unlawful intent arising from possession. The final one is a presumption of defacing a firearm arising from possession of the same. Section 1900 defines all exemptions and immunity with respect to the preceding three sections. These provisions are arranged according to the conduct (and not the person) covered by the exemption in the identical order previously used of possession, manufacture, transport and disposal. The broadest exemption precedes the more limited one, and accordingly the first nine subdivisions exempting from prosecution precede the final subdivision that exempts only from arrest. Section 1901 covers destruction. Section 1902 collates all instances when information must be forwarded. Section 1903 combines the licensing of possession with that of gunsmith and dealer in firearms. Sections 1904 and 1905 are concerned with all conduct relating to use and attempted use covered in the proposed ten sections.

6. With three minor exceptions, every provision of the penal law proposed to be repealed by the act is incorporated into the proposed ten new sections. The exceptions relate to one provision that was effective only during the year 1937 (§ 1897 (9-b)) and two that expired on July 1, 1955 (§ 1899 (2) (3)). Without exception, the omitted provisions effected by the proposed amendments to three sections of the penal law (§§ 1906, 1944 and 1991), are incorporated into the new ten sections. The two tables above present the distribution in the new ten sections of each provision of the present penal law proposed to be repealed and amended.

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*charged from a magazine with one continuous pull of the trigger and includes a sub-machine gun.*

*2. "Firearm silencer," any instrument, attachment, weapon or appliance for causing the firing of any gun, revolver, pistol or other firearms to be silent, or intended to lessen or muffle the noise of the firing of any gun, revolver, pistol or other firearms.*

*3. "Firearm," any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person.*

*4. "Switchblade knife," any knife which has a blade which opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife.*

*5. "Gravity knife," any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force and which, when released, is locked in place by means of a button, spring, lever or other device.*

*6. "Dispose of," to dispose of, give, give away, lease, loan, keep for sale, offer, offer for sale, sell, transfer and otherwise dispose of.*

*7. "Deface," to remove, deface, cover, alter or destroy the manufacturer's serial number or any other distinguishing number or identification mark.*

*8. "Gunsmith," any person, firm, partnership, corporation or company who engages in the business of repairing, altering, assembling, cleaning, polishing, engraving or trueing, or who performs any mechanical operation on, any pistol or revolver. Gunsmith shall not include a wholesale dealer.*

*9. "Dealer in firearms," any person, firm, partnership, corporation or company who engages in the business of purchasing, selling, keeping for sale, loaning, leasing, or in any manner disposing of, any pistol or revolver. Dealer in firearms shall not include a wholesale dealer.*

*10. "Licensing officer," in the city of New York the police commissioner of that city; in the county of Nassau the commissioner of police of that county; and elsewhere in the state a judge or justice of a court of record having his office in the county of issuance.*

§ 2. Section eighteen hundred ninety-seven of such law, as amended, is hereby repealed and a new section is hereby inserted in lieu thereof, to be section eighteen hundred ninety-seven, to read as follows:

*§ 1897. Possession of weapons and dangerous instruments and appliances. 1. Any person who has in his possession any bomb, bombshell, firearm silencer or machine-gun is guilty of a felony.*

*2. Any person who has or carries concealed upon his person any firearm which is loaded with ammunition, or who has or carries concealed upon his person any firearm and, at the same time, has or carries upon his person a quantity of ammunition which may be used to discharge such firearm is guilty of a felony.*

*3. Any person who has in his possession any firearm, gravity knife, switchblade knife, billy, blackjack, bludgeon, metal knuckles, sandbag, sandclub or slungshot is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convicted of any crime.*

*4. Any person under the age of sixteen years who has in his possession any of the weapons, instruments, appliances or substances specified in the first three subdivisions of this section, or any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun, or any instrument or weapon commonly known as a toy pistol, or any such instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife, shall be adjudged a juvenile delinquent.*

*5. Any person not a citizen of the United States who has in his possession any dangerous or deadly weapon other than those prohibited to him in the first two subdivisions of this section is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convicted of any crime.*

*6. Any person who has in his possession any explosive substance with intent to use the same unlawfully against the person or property of another is guilty of a felony.*

*7. Any person who knowingly has in his possession a machine-gun or firearm which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun or firearm is guilty of a felony.*

*8. Any person who has in his possession any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convicted of any crime.*

§ 3. Sections eighteen hundred ninety-seven-a, eighteen hundred ninety-seven-b, eighteen hundred ninety-seven-c and eighteen hundred ninety-eight of such law, as amended, are hereby **repealed** and a new section, to be section eighteen hundred ninety-eight, is hereby inserted in lieu thereof, to read as follows:

*§ 1898. Manufacture, transport, disposition and defacement of weapons and dangerous instruments and appliances. 1. Any person who manufactures or causes to be manufactured any machine-gun is guilty of a felony. Any person who manufactures or causes to be manufactured any switchblade knife, gravity knife, billy, blackjack, bludgeon, metal knuckles, sandbag, sandclub or slungshot is guilty of a misdemeanor.*

*2. Any person who transports or ships any machine-gun or firearm silencer is guilty of a felony. Any person who transports or*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*ships as merchandise any firearm, switchblade knife, gravity knife, billy, blackjack, bludgeon, metal knuckles, sandbag or slungshot is guilty of a misdemeanor.*

*3. Any person who disposes of any machine-gun or firearm silencer is guilty of a felony. Any person who knowingly buys, receives, disposes of, or conceals a machine-gun or firearm which has been defaced for the purpose of concealment or prevention of the detection of a crime or misrepresenting the identity of such machine-gun or firearm is guilty of a felony.*

*4. Any person who disposes of any of the weapons, instruments or appliances specified in subdivision three of the preceding section is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convicted of any crime.*

*5. Any person who disposes of any of the weapons, instruments, appliances or substances specified in subdivision four of the preceding section to any other person under the age of sixteen years is guilty of a misdemeanor.*

*6. Any person who wilfully defaces any machine-gun or firearm is guilty of a felony.*

§ 4. Sections eighteen hundred ninety-eight-a and eighteen hundred ninety-nine of such law, as amended, are hereby **repealed** and a new section, to be section eighteen hundred ninety-nine, is hereby inserted in lieu thereof, to read as follows:

*§ 1899. Presumptions of possession, unlawful intent and defacement. 1. The presence in any room, dwelling, structure or vehicle of any machine-gun is presumptive evidence of its unlawful possession by all persons occupying the place where such machine-gun is found.*

*2. The presence in any stolen vehicle of any weapon, instrument, appliance or substance specified in section eighteen hundred ninety-seven is presumptive evidence of its possession by all persons occupying such vehicle at the time such weapon, instrument, appliance or substance is found.*

*3. The presence in an automobile, other than a stolen one or a public omnibus, of any firearm, defaced firearm, firearm silencer, bomb, bombshell, gravity knife, switchblade knife, dagger, dirk, stiletto, billy, blackjack, metal knuckles, sandbag, sandclub or slungshot is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except under the following circumstances: (a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein; (b) if such weapon, instrument or appliance is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver; or (c) if the weapon so found is a pistol or revolver and one of the occupants, not present under duress, has in his possession a valid license to have and carry concealed the same.*

*4. The possession by any person of the substance as specified in subdivision six of section eighteen hundred ninety-seven is presumptive evidence of possessing such substance with intent to use the same unlawfully against the person or property of another. The possession by any person of any dagger, dirk, stiletto, dangerous knife or of any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another.*

*5. The possession by any person of a defaced machine-gun or firearm is presumptive evidence that such person defaced the same.*

§ 5. Section nineteen hundred of such law, subdivision one having been amended by chapter five hundred seventy of the laws of nineteen hundred thirty, is hereby renumbered section nineteen hundred six and a new section is hereby inserted in lieu thereof, to be section nineteen hundred, to read as follows:

§ *1900. Exemptions and immunity. a. Sections eighteen hundred ninety-seven, eighteen hundred ninety-eight and eighteen hundred ninety-nine shall not apply to:*

*1. Possession of any of the weapons, instruments, appliances or substances specified in section eighteen hundred ninety-seven by the following:*

*(a) Persons in the military service of the state of New York and sheriffs, policemen or other peace officers thereof.*

*(b) Persons in the military or other service of the United States, in pursuit of official duty or when duly authorized by federal law, regulation or order to possess the same.*

*(c) Persons employed in fulfilling defense contracts with the government of the United States or agencies thereof when possession of the same is necessary for manufacture, transport, installation and testing under the requirements of such contract.*

*(d) During the month of June only each year, a person voluntarily surrendering such weapon, instrument, appliance or substance, provided that such surrender shall be made to the sheriff of the county in which such person resides and in the county of Nassau to the commissioner of police or a member of the police department thereof designated by him, or if such person resides in a city having a population of seventy-five thousand or more to the police commissioner or head of the police force or department, or to a member of the force or department designated by such commissioner or head; and provided, further, that the same shall be surrendered by such person only after he gives notice in writing to the appropriate authority, stating his name, address, the nature of the weapon to be surrendered, and the approximate time of day and the place where such surrender shall take place. Such notice shall be acknowledged immediately upon receipt thereof by such*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*authority. Nothing in paragraph (d) of subdivision one hereof shall be construed as granting immunity from prosecution for any crime or offense except that of unlawful possession of such weapons, instruments, appliances or substances surrendered as herein provided.*

*2. Possession of a machine-gun, firearm, switchblade knife, gravity knife, billy or blackjack by a warden, superintendent, headkeeper or deputy of a state prison, penitentiary, workhouse, county jail or other institution for the detention of persons convicted or accused of crime or detained as witnesses in criminal cases, in pursuit of official duty or when duly authorized by regulation or order to possess the same.*

*3. Possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section nineteen hundred three.*

*4. Possession of a switchblade or gravity knife for use while hunting, trapping or fishing by a person carrying a valid license issued to him pursuant to article four, part four of the conservation law.*

*5. Possession, at an indoor or outdoor rifle range for the purpose of loading and firing the same, of a rifle of not more than twenty-two calibre rim fire, the propelling force of which may be either gunpowder, air or springs, by a person under sixteen years of age but not under twelve, who is a duly enrolled member of any club, team or society organized for educational purposes and maintaining as a part of its facilities, or having written permission to use, such rifle range under the supervision, guidance and instruction of (a) a duly commissioned officer of the United States army, navy, marine corps or coast guard, or of the national guard of the state of New York; or (b) a duly qualified adult citizen of the United States who has been granted a certificate as an instructor in small arms practice issued by the United States army, navy or marine corps, or by the adjutant general of this state, or by the national rifle association of America, a membership corporation duly organized under the laws of this state.*

*6. The manufacturer of machine-guns, switchblade or gravity knives, billies or blackjacks as merchandise and the disposal and shipment thereof direct to a regularly constituted or appointed state or municipal police department, sheriff, policeman or other peace officer, or to a state prison, penitentiary, workhouse, county jail or other institution for the detention of persons convicted or accused of crime or held as witnesses in criminal cases, or to the military service of this state or of the United States.*

*7. The regular and ordinary transport of firearms as merchandise, provided that the person transporting such firearms, where he knows or has reasonable means of ascertaining what he is transporting, notifies in writing the police commissioner, police chief or other law enforcement officer performing such functions at the place of delivery, of the name and address of the consignee and the place of delivery, and withholds delivery to the consignee for*

*such reasonable period of time designated in writing by such police commissioner, police chief or other law enforcement officer as such official may deem necessary for investigation as to whether the consignee may lawfully receive and possess such firearms.*

*8. Engaging in the business of gunsmith or dealer in firearms by a person to whom a valid license therefor has been issued pursuant to section nineteen hundred three.*

*b. At any time, any person who voluntarily delivers to a peace officer any weapon, instrument, appliance or substance specified in section eighteen hundred ninety-seven, under circumstances not suspicious, peculiar or involving the commission of any crime, shall not be arrested. Instead, the officer who might make the arrest shall issue or cause to be issued in a proper case a summons or other legal process to the person for investigation of the source of the weapon, instrument, appliance or substance.*

§ 6. Section nineteen hundred one of such law, as amended by chapter two hundred twenty-nine of the laws of nineteen hundred forty-nine, is hereby renumbered section nineteen hundred fourteen and a new section is hereby inserted in lieu thereof, to be section nineteen hundred one, to read as follows:

*§ 1901. Destruction of weapons and dangerous instruments, appliances and substances. 1. Any weapon, instrument, appliance or substance specified in section eighteen hundred ninety-seven, when unlawfully possessed, manufactured, transported or disposed of, or when surrendered or voluntarily delivered pursuant to the preceding section, is hereby declared a nuisance. When the same shall come into the possession of any peace officer, it shall be surrendered immediately to the official mentioned in paragraph (d) of subdivision one of the preceding section, except that such weapon, instrument, appliance or substance coming into the possession of the state police shall be surrendered to the superintendent of state police.*

*2. The official to whom the weapon, instrument, appliance or substance is so surrendered shall, at any time but at least once each year, destroy the same or cause it to be destroyed, or render the same or cause it to be rendered ineffective and useless for its intended purpose and harmless to human life.*

*3. Notwithstanding subdivision two of this section, the official to whom the weapon, instrument, appliance or substance is so surrendered shall not destroy the same if (a) a judge or justice of a court of record, or a district attorney, shall file with the official a certificate that the non-destruction thereof is necessary or proper to serve the ends of justice; or (b) the official directs that the same be retained in any laboratory conducted by any police or sheriff's department for the purpose of research, comparison, identification or other endeavor toward the prevention and detection of crime.*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

§ 7. Section nineteen hundred two of such law is hereby renumbered section nineteen hundred fifteen and a new section is hereby inserted in lieu thereof, to be section nineteen hundred two, to read as follows:

*§ 1902. Forwarding information on firearms, convictions and certain wounds inflicted by weapons, instruments, appliances and substances. 1. In the case of any machine-gun or firearm taken from the possession of any person, the official to whom such weapon is surrendered pursuant to subdivision one of the preceding section shall immediately notify the executive department, division of state police, Albany, giving the calibre, make, model, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark. A search of the files of such division and notification of the results of the search to such official shall immediately be made.*

*2. Before any machine-gun or firearm is destroyed pursuant to subdivision two of the preceding section, (a) the official to whom the same has been surrendered shall forward to the executive department, division of state police, Albany, a notice of intent to destroy and the calibre, make, model, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark of the machine-gun or firearm; (b) such division shall make and keep a record of such description together with the name and address of the official reporting the same and the date such notice was received; and (c) a search of the files of such division and notification of the results of the search to such official shall be made without unnecessary delay.*

*3. Any person, other than a wholesale dealer, or gunsmith or dealer in firearms duly licensed pursuant to section nineteen hundred three, lawfully in possession of a firearm, who disposes of the same without first notifying in writing the licensing officer in the city of New York and county of Nassau and elsewhere in the state the executive department, division of state police, Albany, is guilty of a misdemeanor.*

*4. Every case of a bullet wound, gunshot wound, powder burn or any other injury arising from or caused by the discharge of a gun or firearm, and every case of a wound which is likely to or may result in death and is actually or apparently inflicted by a knife, icepick or other sharp or pointed instrument, shall be reported at once to the police authorities of the city, town or village where the person reporting is located by: (a) the physician attending or treating the case; or (b) the manager, superintendent or other person in charge, whenever such case is treated in a hospital, sanitarium or other institution. Failure to make such report is a misdemeanor. This subdivision shall not apply to such wounds, burns or injuries received by a member of the armed forces of the United States or the state of New York while engaged in the actual performance of duty.*

*5. Every conviction under sections eighteen hundred ninety-seven, eighteen hundred ninety-eight, nineteen hundred two, nineteen hundred three or nineteen hundred four of a person who is not a citizen of the United States, shall be certified to the proper officer of the United States government by the district attorney of the county in which such conviction was had.*

§ 8. Section nineteen hundred three of such law is hereby renumbered nineteen hundred nineteen and a new section is hereby inserted in lieu thereof, to be section nineteen hundred three, to read as follows:

*§ 1903. Licenses to carry, possess, repair and dispose of firearms. 1. Eligibility. No license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true. No license shall be issued or renewed except for an applicant (a) of good moral character; (b) who has not been convicted anywhere of a felony or any one of the misdemeanors or offenses mentioned in section five hundred fifty-two of the code of criminal procedure; (c) who has stated whether he has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; and (d) concerning whom no good cause exists for the denial of the license. No person shall engage in the business of gunsmith or dealer in firearms unless licensed pursuant to this section. An applicant to engage in such business shall also be a citizen of the United States, more than twenty-one years of age and maintain a place of business in the city or county where the license is issued. For such business, if the applicant is a firm or partnership, each member thereof shall comply with all of the requirements set forth in this subdivision and if the applicant is a corporation, each officer thereof shall so comply.*

*2. Types of licenses. A license for gunsmith or dealer in firearms shall be issued to engage in such business. A license for a pistol or revolver shall be issued to (a) have and possess in his dwelling by a householder; (b) have and possess in his place of business by a merchant or storekeeper; (c) have and carry concealed while so employed by a messenger employed by a banking institution or express company; (d) have and carry concealed while so employed by a regular employee of an institution of the state, or of any county, city, town or village, under control of a commissioner of correction of the city or any warden, superintendent or head keeper of any state prison, penitentiary, workhouse, county jail or other institution for the detention of persons convicted or accused of crime or held as witnesses in criminal cases, provided that application is made therefor by such commissioner, warden, superintendent or head keeper; and (e) have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof.*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*3. Applications. Applications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city or county, as the case may be, where the applicant resides, is principally employed or has his principal place of business as merchant or storekeeper; and, in the case of a license as gunsmith or dealer in firearms, to the licensing officer where such place of business is located. Blank applications shall, except in the city of New York, be approved as to form by the superintendent of state police. An application shall state the full name, date of birth, residence, present occupation of each person or individual signing the same, whether or not he is a citizen of the United States, whether or not he complies with each requirement for eligibility specified in subdivision one of this section and such other facts as may be required to show the good character, competency and integrity of each person or individual signing the application. An application shall be signed and verified by the applicant. Each individual signing an application shall submit one photograph of himself and a duplicate for each required copy of the application. Such photographs shall have been taken within thirty days prior to filing the application. In the case of a license as gunsmith or dealer in firearms, the photographs submitted shall be two inches square, and the application shall also state the previous occupation of each individual signing the same and the location of the place of such business, or of the bureau, agency, subagency, office or branch office for which the license is sought, specifying the name of the city, town or village, indicating the street and number and otherwise giving such apt description as to point out reasonably the location thereof. In such case, if the applicant is a firm, partnership or corporation, its name, date and place of formation, and principal place of business shall be stated. For such firm or partnership, the application shall be signed and verified by each individual composing or intending to compose the same, and for such corporation, by each officer thereof.*

*4. Investigation. Before a license is issued or renewed, there shall be an investigation of all statements required in the application by the duly constituted police authorities of the locality where such application is made. For that purpose, the records of the department of mental hygiene concerning previous or present mental illness of the applicant shall be available for inspection by the investigating officer of the police authority. In order to ascertain any previous criminal record, the investigating officer shall take the fingerprints and physical descriptive data in quadruplicate of each individual by whom the application is signed and verified. Two copies of such fingerprints shall be taken on standard fingerprint cards eight inches square, and one copy may be taken on a card supplied for that purpose by the federal bureau of investigation. When completed, one standard card shall be forwarded to and retained by the division of criminal identification, department of correction, at Albany. A search of the files of such division and written notification of the results of the search to the investigating officer shall be made without unnecessary delay.*

Case 7:21-cv-05334-NSR Document 67-2 Filed 11/30/22 Page 13 of 19

*Thereafter, such division shall notify the licensing officer and the executive department, division of state police, Albany, of any criminal record of the applicant filed therein subsequent to the search of its files. A second standard card, or the one supplied by the federal bureau of investigation, as the case may be, shall be forwarded to that bureau at Washington with a request that the files of the bureau be searched and notification of the results of the search be made to the investigating police authority. Of the remaining two fingerprint cards, one shall be filed with the executive department, division of state police, Albany, within ten days after issuance of the license, and the other remain on file with the investigating police authority. No such fingerprints may be inspected by any person other than a peace officer, except on order of a judge or justice of a court of record either upon notice to the licensee or without notice, as the judge or justice may deem appropriate. Upon completion of the investigation, the police authority shall report the results to the licensing officer without unnecessary delay.*

*5. Filing of approved applications. The application for any license, if granted, shall be a public record. Such application shall be filed by the licensing officer with the clerk of the county of issuance, except that in the city of New York and county of Nassau, the licensing officer shall designate the place of filing in the appropriate division, bureau or unit of the police department thereof. A duplicate copy of such application shall be filed by the licensing officer in the executive department, division of state police, Albany, within ten days after issuance of the license.*

*6. License: validity. Any license issued pursuant to this section shall be valid notwithstanding the provisions of any local law or ordinance. No license shall be transferable to any other person or premises. A license to carry or possess a pistol or revolver, not otherwise limited as to place or time of possession, shall be effective throughout the state, except that the same shall not be valid within the city of New York unless a special permit granting validity is issued by the police commissioner of that city. A license as gunsmith or dealer in firearms shall not be valid outside the city or county, as the case may be, where issued.*

*7. License: form. Any license issued pursuant to this section shall, except in the city of New York, be approved as to form by the superintendent of state police. A license to carry or possess a pistol or revolver shall have attached the licensee's photograph, and a coupon which shall be removed and retained by any person disposing of a firearm to the licensee. Such license shall specify the weapon covered by calibre, make, model, manufacturer's name and serial number, or if none, by any other distinguishing number or identification mark, and shall indicate whether issued to carry on the person or possess on the premises, and if on the premises shall also specify the place where the licensee shall possess the same. If such license is issued to an alien, or to a person not a citizen*

*of and usually a resident in the state,the licensing officer shall state in the license the particular reason for the issuance and the names of the persons certifying to the good character of the applicant. Any license as gunsmith or dealer in firearms shall mention and describe the premises for which it is issued and shall be valid only for such premises.*

*8. License: exhibition and display. Every licensee while carrying a pistol or revolver shall have on his person a license to carry the same. Every person licensed to possess a pistol or revolver on particular premises shall have the license for the same on such premises. Upon demand, the license shall be exhibited for inspection to any peace officer. A license as gunsmith or dealer in firearms shall be prominently displayed on the licensed premises. Failure of any licensee to so exhibit or display his license, as the case may be, shall be presumptive evidence that he is not duly licensed.*

*9. License: amendment. Elsewhere than in the city of New York, a person licensed to carry or possess a pistol or revolver may apply at any time to his licensing officer for amendment of his license to include one or more such weapons or to cancel weapons held under license. If granted, a record of the amendment describing the weapons involved shall be filed by the licensing officer in the executive department, division of state police, Albany.*

*10. License: expiration and renewal. Any license for gunsmith or dealer in firearms and, in the city of New York and the counties of Nassau and Suffolk, any license to carry or possess a pistol or revolver, issued at any time pursuant to this section or prior to the first day of July, nineteen hundred sixty-three and not limited to expire on an earlier date fixed in the license, shall expire on the first day of the second January after the date of issuance. Elsewhere than in the city of New York and the counties of Nassau and Suffolk, any license to carry or possess a pistol or revolver, issued at any time pursuant to this section or prior to the first day of July, nineteen hundred sixty-three and not previously revoked or cancelled, shall be in force and effect until revoked as herein provided. Any application to renew a license that has not previously expired, been revoked or cancelled shall thereby extend the term of the license until disposition of the application by the licensing officer. In the case of a license for gunsmith or dealer in firearms, in counties having a population of less than two hundred thousand inhabitants, photographs and fingerprints shall be submitted on original applications and upon renewal thereafter only at six year intervals.*

*11. License: revocation. The conviction of a licensee anywhere of a felony or any one of the misdemeanors or offenses mentioned in section five hundred fifty-two of the code of criminal procedure shall operate as a revocation of the license. A license may be revoked and cancelled at any time in the city of New York and county of Nassau by the licensing officer, and elsewhere than in the city of New York by any judge or justice of a court of record. The official revoking a license shall giv written notice thereof*

*without unnecessary delay to the executive department, division of state police, Albany, and shall also notify immediately the duly constituted police authorities of the locality.*

*12. Records required of gunsmiths and dealers in firearms. Any person licensed as gunsmith or dealer in firearms shall keep a record book approved as to form, except in the city of New York, by the superintendent of state police. In the record book shall be entered at the time of every transaction involving a firearm the date, name, age, occupation and residence of any person from whom a firearm is received or to whom a firearm is delivered, and the calibre, make, model, manufacturer's name and serial number, or if none, any other distinguishing number or identification mark on such firearm. Before delivering a firearm to any person, the licensee shall require him to produce either a license valid under this section to carry or possess the same, or proof of lawful authority as a peace officer or other exempt person pursuant to section nineteen hundred. The licensee shall remove and retain the attached coupon and enter in the record book the date of such license, number, if any, and name of the licensing officer, in the case of the holder of a license to carry or possess, or the shield or other number, if any, assignment and department or unit, in the case of an exempt person. The record book shall be maintained on the premises mentioned and described in the license and shall be open at all reasonable hours for inspection by any peace officer. In the event of cancellation or revocation of the license for gunsmith or dealer in firearms, or discontinuance of business by a licensee, such record book shall be immediately surrendered to the licensing officer in the city of New York and county of Nassau, and elsewhere in the state to the executive department, division of state police.*

*13. Expenses. The expense of providing a licensing officer with blank applications, licenses and record books for carrying out the provisions of this section shall be a charge against the county, and in the city of New York against the city.*

*14. Fees. In the city of New York, the annual license fee shall be twenty-five dollars for gunsmiths and fifty dollars for dealers in firearms. In such city, the city council shall fix the fee to be charged for a license to carry or possess a pistol or revolver and provide for the disposition of such fees. Elsewhere in the state, the licensing officer shall collect and pay into the county treasury the following fees: for each license to carry or possess a pistol or revolver, not less than three dollars nor more than five dollars as may be determined by the board of supervisors of the county; for each amendment thereto, one dollar, and two dollars in the county of Suffolk; and for each license issued to a gunsmith or dealer in firearms, four dollars.*

*15. Any violation by any person of any provision of this section is a misdemeanor.*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

§ 9. Section nineteen hundred four of such law is hereby renumbered section nineteen hundred twenty-two.

§ 10. Section nineteen hundred six of such law, as amended by chapter eight hundred ninety-one of the laws of nineteen hundred fifty-three, paragraph a of subdivision one thereof having been last amended by chapter five hundred seventy-six of the laws of nineteen hundred fifty-eight, is hereby renumbered section nineteen hundred four and amended to read as follows:

[§ 1906. Discharging fire-arms. 1. A person who, otherwise than in self defense, or in the discharge of official duty:

a. Wilfully discharges any species of firearms, air-gun or other weapon, or throws any other deadly missile

(1) in a public place or in any place where there is any person to be endangered thereby, or,

(2) in Putnam county within one-quarter mile of any occupied school building other than under supervised instruction by properly authorized instructors, although no injury to any person ensues; or,

b. Intentionally, without malice, points or aims any fire-arm at or toward any other person; or,

c. Discharges, without injury to any other person, fire-arms, while intentionally without malice, aimed at or toward any person; or,

d. Maims or injures any other person by the discharge of any fire-arm pointed or aimed intentionally, but without malice, at any such person,

Is guilty of a misdemeanor.]

*§ 1904. Prohibited use of weapons. 1. Except as permitted in section nineteen hundred, any person who uses a machine-gun is guilty of a felony. Any person who attempts to use against another an imitation pistol is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convicted of any crime.*

*2. Any person hunting with a dangerous weapon in any county wholly embraced within the territorial limits of a city is guilty of a misdemeanor.*

*3. Any person who wilfully discharges a loaded firearm or any other gun, the propelling force of which is gunpowder, at an aircraft while such aircraft is in motion in the air or in motion or stationary upon the ground, or at any railway or street railroad train as defined by the public service law, or at a locomotive, car, bus or vehicle standing or moving upon any such railway, railroad or public highway, is guilty of a felony and punishable: first, if thereby the safety of any person is endangered, by not more than twenty years in prison; second, in every other case, by not more than five years in prison.*

*4. Any person who, otherwise than in self defense or in the discharge of official duty, (a) wilfully discharges any species of fire-*

*arms, air-gun or other weapon, or throws any other deadly missile, either in a public place, or in any place where there is any person to be endangered thereby, or, in Putnam county, within one-quarter mile of any occupied school building other than under supervised instruction by properly authorized instructors although no injury to any person ensues; (b) intentionally, without malice, points or aims any firearm or any other gun, the propelling force of which is gunpowder, at or toward any other person; (c) discharges, without injury to any other person, firearms or any other guns, the propelling force of which is gunpowder, while intentionally without malice, aimed at or toward any person; or (d) maims or injures any other person by the discharge of any firearm or any other gun, the propelling force of which is gunpowder, pointed or aimed intentionally, but without malice, at any such person, is guilty of a misdemeanor.*

[2] *5.* A person who leaves the state, with intent to elude any provision of *subdivision four of* this section, or to commit any act without the state, which is prohibited by *subdivision four of* this section, or who, being a resident of this state, does any act without the state, which would be punishable by the provisions of *subdivision four of* this section, if committed within the state, is guilty of the same offense and subject to the same punishment, as if the act had been committed within this state.

[3] *6.* In any criminal proceeding before any court, magistrate or grand jury for any of the offenses specified in *subdivision four of* this section, the court, magistrate or grand jury may confer immunity in accordance with the provisions of section two thousand four hundred forty-seven of this chapter.

§ 11. Section nineteen hundred four-a of such law, as added by chapter three hundred ninety-seven of the laws of nineteen hundred fifty, is hereby renumbered section nineteen hundred twenty-three.

§ 12. Such law is hereby amended by inserting therein a new section, to be section nineteen hundred five, to read as follows:

*§ 1905. Committing crime while armed. 1. If any person while in the commission or attempted commission of a felony or crime or in leaving the scene of a crime shall be armed with a pistol or any of the weapons or instruments specified in section eighteen hundred ninety-seven, the punishment elsewhere prescribed in this law for the felony of which he is convicted may be increased by imprisonment in state's prison for not less than five nor more than ten years. Upon a second conviction for a felony so committed such period of imprisonment may be increased by not less than ten nor more than fifteen years. Upon a third conviction for a felony so committed such period of imprisonment may be increased by not less than fifteen nor more than twenty-five years.*

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

*2. In no case shall any person punished as provided in subdivision one of this section be put upon probation or have the execution of his sentence suspended, notwithstanding the provisions of section twenty-one hundred eighty-eight, for the increased term of his punishment imposed as above.*

§ 13. Section nineteen hundred forty-four of such law, as last amended by chapter fifty-three of the laws of nineteen hundred thirty-six, is hereby amended to read as follows:

§ 1944. Committing crime while [armed] *occupant of stolen or other automobile.* If any person while in the act of committing a felony, or attempting to commit a felony, or any person while in the act of committing a crime or attempting to commit a crime shall be an occupant of a stolen automobile or an automobile carrying fictitious license plates or an automobile which has been used in the commission of a crime or in an attempt to commit a crime, [or if any person while in the commission or attempted commission of either of such acts or in leaving the scene of a crime shall be armed with a pistol or any of the weapons or instruments specified in sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven or eighteen hundred and ninety-seven-a,] the punishment elsewhere prescribed in this law for the felony of which he is convicted may be increased by imprisonment in state's prison for not less than five nor for more than ten years. Upon a second conviction for a felony so committed such period of imprisonment may be increased by not less than ten years nor more than fifteen years; and upon a third conviction for a felony so committed such period of imprisonment may be increased by not less than fifteen nor more than twenty-five years. In no case shall any person punished as above provided be put upon probabtion or have the execution of his sentence suspended, notwithstanding the provisions of section twenty-one hundred and eighty-eight, for the increased term of his punishment imposed as above.

§ 14. Section nineteen hundred ninety-one of such law, as amended by chapter three hundred of the laws of nineteen hundred forty-one, is hereby amended to read as follows:

§ 1991. Injuring railroad property and appurtenances; obstructing tracks. A person who wilfully:

1. Displaces, loosens, removes, injures or destroys any rail, sleeper, switch, bridge, viaduct, culvert, embankment or structure or any part thereof, attached, appertaining to or connected with any railway or street railroad as defined by the public service law, or leaves unattended any car, bus or other transit facility or equipment given into his possession or care as an officer, employee or agent of any such privately or publicly owned or operated railroad, street railroad or bus system, or by any other means attempts to wreck, destroy, or so damage any car, bus, tender, locomotive or railway or street railroad train or part thereof, while moving or standing upon any railway or railroad track or public highway in

this state, as to render such car, bus, tender, locomotive or railway or street railroad train wholly or partially unfitted for its ordinary use, whether operated by steam, electricity, oil, gasoline or other motive power; or,

2. Places any obstruction upon the track of any such railway or railroad; or,

3. Wilfully destroys or breaks any guard erected or maintained by a railroad corporation or public agency operating a street railroad or bus system as a warning signal for the protection of its employees; or,

4. [Wilfully discharges a loaded fire-arm, or projects] *Projects*, or throws a stone or other missile at any such railway or railroad train, or at a locomotive, car, bus or vehicle standing or moving upon any such railway, railroad or highways; or,

5. Wilfully displaces, removes, cuts, injures or destroys any wire, insulator, pole, dynamo, motor, locomotive, or any part thereof, attached, appertaining to or connected with any railway, street railroad operated by electricity or connected with any such street railroad facility or equipment, or wilfully interferes with or interrupts any motive power used in running such road, street railroad or bus system, or wilfully places any obstruction upon the track or in front of such railroad, street railroad or bus, [or wilfully discharges a loaded fire-arm,] or projects or throws a stone or any other missile at such railway train or street railroad train or locomotive, car or vehicle or bus, standing or moving upon such railway or highway; or,

6. Removes a journal brass from a car while standing upon any railroad or street railroad track in this state, without authority from some person who has a right to give such authority[.],

Is punishable as follows: First. If thereby the safety of any person is endangered, by imprisonment for not more than twenty years. Second. In every other case by imprisonment for not more than five years.

§ 15. Sections nineteen hundred fourteen, nineteen hundred fifteen and nineteen hundred nineteen of such law, as amended, are hereby repealed.

§ 16. Separability clause. If any provision of this act, or the application thereof to any person or circumstance, is held invalid, the remainder of the act, and the application of such provisions to other persons or circumstances, shall not be affected thereby.

§ 17. This act shall take effect July first, nineteen hundred sixty-three.

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.