December 7, 2022

**BY ECF; BY FAX (without attachment)**

| | |
|---|---|
| The Honorable Nelson S. Román | William J. Taylor, Jr. |
| United States District Judge | Everytown Law |
| United States District Court | 450 Lexington Avenue |
| Southern District of New York | #4184 |
| 300 Quarropas Street | New York, NY 10017 |
| White Plains, NY 10601 | wtaylor@everytown.org |
| (914) 390-4177 (phone) | (646) 324-8215 (phone) |
| (914) 390-4179 (fax) | (917) 410-6932 (fax) |

Re:   *Frey v. Nigrelli*, No. 7:21-cv-05334-NSR
      Request for Pre-Motion Conference and Motion to File Amicus Brief

Dear Judge Román:

Pursuant to Rule 3(A)(ii) of Your Honor's Individual Practices and Section 13.1 of the ECF Rules & Instructions, Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully requests a pre-motion conference for leave to file an amicus curiae brief in the above-captioned matter in opposition to Plaintiffs' motion for a preliminary injunction. If this court waives the pre-motion conference requirement and grants this motion, Everytown is prepared to file the attached proposed amicus brief.[1] Plaintiffs take no position on Everytown's request. The State Defendant and the City Defendants both consent to this request.

### I.   Interest of Amicus

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 650,000 in New York. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 40 cities, towns, and other localities in New York are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 50 amicus briefs in Second Amendment and other firearms cases, offering

---

[1] No party's counsel authored the proposed amicus brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g., Christian v. Nigrelli*, No. 1:22-cv-00695 (W.D.N.Y. Nov. 12, 2022), Dkt. 45; *Hardaway v. Nigrelli*, 1:22-cv-00771 (W.D.N.Y. Oct. 29, 2022), Dkt. 47; *Goldstein v. Hochul*, No. 1:22-cv-08300-VSB (S.D.N.Y. Oct. 20, 2022), Dkt. 46; *Antonyuk v. Bruen*, No. 1:22-cv-00734 (N.D.N.Y. Aug. 18, 2022), Dkt. 33; *Miller v. Smith*, No. 22-1482 (7th Cir. Oct. 13, 2022), Dkt. 42. Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

## II.   Basis of Motion

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, No. 7:19-cv-11285, 2020 WL 5667181, at *8 (S.D.N.Y. Sept. 23, 2020) (quoting *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 1:11-cv-06746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citing *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y.1994)); *see also Andersen v. Leavitt*, No. 2:03-cv-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("A court may grant leave to appear as an amicus if the information offered is 'timely and useful,'" and a "court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest" (citations and quotation marks omitted)).

Everytown respectfully submits that the proposed amicus brief would offer helpful insight to the Court regarding four issues presented in the wake of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *First*, Everytown's proposed brief explains that *Bruen* mandates an initial, textual inquiry on which Plaintiffs bear the burden, and they have failed to carry that burden. *Second*, Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis. *Third*, Everytown's proposed brief explains that, in light of *Bruen*'s discussion of the historical laws justifying sensitive places, *see id.* at 2133, even a small number of laws can be sufficient to establish this nation's tradition of firearm regulation. *Fourth*, Everytown's proposed brief explains that Plaintiffs misread *Bruen*'s discussion of sensitive places and have not carried their heavy burden to establish an entitlement to the extraordinary remedy of a preliminary injunction. Everytown respectfully submits that considering these arguments would assist the Court's decision-making. *Cf. Goldstein*, No. 1:22-cv-08300-VSB (S.D.N.Y. Oct. 19, 2022), Dkt. 44 (reasoned order granting Everytown's motion for leave to file amicus brief raising similar arguments).

Everytown's proposed brief is timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Everytown is submitting this letter and proposed brief 7 days after the principal briefs of the parties it is supporting and 7 days before the deadline for Plaintiffs' brief. Accordingly, granting this motion would not cause any delays to the litigation. *See, e.g.*, *Andersen*, 2007 WL 2343672 at *5-6 (granting motion for leave to file amicus brief submitted five months after summary judgment was fully briefed, concluding that granting the motion "will not cause *unnecessary* delay"); *Hart v. Town of Guilderland*, No. 1:20-cv-00475, 2020 WL 8411581, at *1 (N.D.N.Y. July 28, 2020) ("[T]he proposed *amicus* brief is timely because the filing has already been provided to the Court and consideration of the filing would not result in delays to the litigation.").

### III.   Conclusion

Everytown respectfully requests that this Court schedule a pre-motion conference or waive the pre-motion conference and grant Everytown leave to file an amicus curiae brief in the above-captioned matter.

Respectfully submitted,

/s/ William J. Taylor, Jr.
William J. Taylor, Jr.
Everytown Law
450 Lexington Avenue, #4184
New York, NY 10017
wtaylor@everytown.org
(646) 324-8215
*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

cc:   Counsel of Record (by ECF)