

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Nicholas R. Ciappetta
*Administrative Law Division*
*212-356-4036*
*nciappet@law.nyc.gov*

March 30, 2023

**VIA ECF**

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

   Re: <u>Frey, et al. v. New York City, et al.</u>, 21 CV 5334 (NSR)

Dear Judge Román:

  I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for the City of New York and Keechant Sewell, Commissioner of the New York City Police Department (hereinafter "the City Defendants") in the above-referenced action. City Defendants submit this letter in opposition to Plaintiffs' motion pursuant to Federal Rule of Appellate Procedure ("FRAP") 8(a)(1) for an injunction pending the interlocutory appeal of this Court's Opinion and Order dated March 13, 2023 ("Opinion and Order"), which denied in part and stayed in part Plaintiffs' third motion for a preliminary injunction. See Docket Entry No. 80.

  The Opinion and Order was issued following extensive briefing and lengthy oral argument on March 10, 2023. The City Defendants alone submitted a forty-eight (48) page memo of law with two volumes of exhibits containing hundreds of historical analogues. See Docket Entry Nos. 66-68. As such, City Defendants principally rely on those responsive papers to oppose this motion. Rather than rehash those arguments in this letter, City Defendants write simply to highlight several deficiencies in the instant motion.

  At the outset, City Defendants note that the denial of a motion for a preliminary injunction is reviewed on appeal for abuse of discretion. See <u>Oliver v. New York State Police</u>, 812 Fed. App'x 61, 62 (2d Cir. 2020). "A district court abuses its discretion if it relies on a clearly erroneous evaluation of the evidence or applies the wrong legal standard." <u>Id.</u> Plaintiffs make no attempt to satisfy this standard. Plaintiffs' motion does not identify anything that this Court misapprehended or overlooked. Indeed, the motion does not contain a single citation to

any portion of the Court's detailed and well-reasoned forty-four (44) page Opinion and Order. This fact alone demonstrates that Plaintiffs cannot establish a likelihood that they will prevail on the merits of the appeal, the first of four factors courts consider when deciding whether to grant a stay under FRAP 8(a)(1). See Northwestern Nat'l Ins. Co. v. Insco, Ltd., 866 F. Supp. 2d 214, 217-18 (S.D.N.Y. 2011).[1]

The Opinion and Order denied Plaintiffs' motion with respect to the ban on open carry, the requirement under New York Penal Law § 400.00(6) to obtain an independent permit from the New York City Police Department to carry in New York City, and the sensitive place prohibition on carrying in Times Square and mass transit vehicles. With respect to open carry, Plaintiffs ignore the very clear guidance from the United States Supreme Court that the manner of public carry may be regulated. "The historical evidence from antebellum America does demonstrate that *the manner* of public carry was subject to reasonable regulation….States could lawfully eliminate one kind of public carry – concealed carry – so long as they left open the option to carry openly." New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2150 (2022) (emphasis in original). As for the remaining subjects in which the Court denied the preliminary injunction motion, Plaintiffs do not dispute that the State and City Defendants offered a mountain of historical analogues.

Rather, the primary focus of the instant motion is to double down on the erroneous argument that courts hearing Second Amendment challenges are confined to historical analogues from the adoption of the Second Amendment. See Plaintiffs' Memorandum of Law Pursuant to Fed. R. App. P. 8(A) for an Injunction Pending Appeal ("Plaintiffs' Memo for an Injunction Pending Appeal") at 8-9. At best, Plaintiffs can argue that the Supreme Court left unanswered the question of what period of history is relevant to analyzing the Nation's tradition of firearm regulation. However, the Supreme Court's Second Amendment decisions weigh in favor of using evidence contemporaneous with the both the ratification of the Fourteenth and Second Amendments. See Bruen, 142 S. Ct. at 2138, 2150-53; District of Columbia v. Heller, 554 U.S. 570, 605 (2008). Moreover, if one focused exclusively on the time period immediately preceding and subsequent to the ratification of the Second Amendment, the Supreme Court's pronouncement that prohibitions on the possession of firearms by felons and the carrying of firearms in schools are lawful would be historically unsupportable because similar laws were not enacted until the latter part of the twentieth century. See David B. Kopel & Joseph G.S. Greenlee, *The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms*, 13 Charleston L. Rev. 205, 263 (2018).

Lastly, Plaintiffs mistakenly contend that laws banning firearms in congested areas "are birthed from the same public safety, interest balancing banter rejected by the Supreme Court multiple times." Plaintiffs' Memo for an Injunction Pending Appeal at 10. Plaintiffs misread Bruen. The Court did not hold that redressing firearm violence is not a legitimate state interest or that the Second Amendment automatically invalidates any gun restriction motivated by public safety concerns. The Court simply rejected a standard of review that amounts to

---

[1] Plaintiffs seem to recite the standard for an initial motion for a preliminary injunction rather than that applied to a motion under FRAP 8(a)(1).

"judicial deference to legislative interest balancing...." Bruen, 142 S. Ct. at 2131. Accordingly, Bruen rejected means-end scrutiny, whether in the form of intermediate or strict scrutiny. The Court has taken great pains, however, to explain that the Constitution leaves a "variety of tools" to address the problem of gun violence, see Heller, 554 U.S. at 636, and that the Second Amendment permits a variety of gun regulations, see Bruen, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).[2]

For these reasons, as well as those set forth in City Defendants' opposition to Plaintiffs' motion for a preliminary injunction, the instant motion should be denied.

Respectfully submitted,

*/s/*

Nicholas Ciappetta (NC 1014)

Cc: Amy Bellantoni, Esq., Attorney for Plaintiffs (by email)
Suzanna Publicker Mettham, Esq., Attorney for State Defendants (by email)

---

[2] The Court also stated in McDonald v. Chicago, 561 U.S. 742, 786 (2010) that "incorporation does not imperil every law regulating firearms."