

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6295

March 30, 2023

**VIA ECF**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150
romannysdchambers@nysd.uscourts.gov

Re: *Frey v. Nigrelli,* 21 Civ. 5334 (NSR)

Dear Judge Román:

This Office represents Defendant Steven Nigrelli, in his official capacity as Acting Superintendent of the New York State Police, in the above-referenced action. Superintendent Nigrelli writes to object to the Plaintiffs' latest application seeking an emergency injunction pending appeal of Your Honor's Opinion and Order dated March 13, 2023.

While Plaintiffs have indicated that they intend to seek relief at the Second Circuit, they are now seeking an emergency injunction while they appeal this Court's decision, rearguing substantially the same case that this Court has already found insufficient. As the Court is well aware, to succeed on their quest for a preliminary injunction, Plaintiffs had to establish—but did not—that: (1) they are likely to succeed on the merits or that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34–35 (2d Cir. 2010).

As an initial matter, Plaintiffs failed to establish standing to challenge New York Penal Law §§ 265.01, 265.01-b, 265.03(3), 400.00(15). *Frey v. Nigrelli, et al.*, 2023 WL 2473375, at *7, *9 (S.D.N.Y. Mar. 13, 2023). Similarly, the Court found that Plaintiffs only had standing to challenge a limited subset of places identified as sensitive; specifically, public parks (§ 265.01-

Judge Román  Page 2
March 30, 2023

e(2)(d)), theaters (§ 265.01-e(2)(p)), subway and MetroNorth train cars (§ 265.01-e(2)(n)), restaurants with on-premises alcohol consumption (§ 265.01-e(2)(o)), and Times Square (§ 265.01-e(2)(t)). *Id.* at *9. On the merits of their motion for a preliminary injunction, Your Honor found that Plaintiffs "fail[ed] to show that they will suffer irreparable harm without an injunction," that "a preliminary injunction is not in the public interest," and, "because Plaintiffs failed to show a likelihood of success of the merits with respect to the aforementioned statutes, Plaintiffs therefore cannot show that the balance of hardships tips in their interest." *Id.* at *21.

At this stage, the standard for granting a stay or injunction pending appeal is "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994). Here, Plaintiffs are not entitled to an injunction pending appeal because they have not demonstrated standing, a substantial injury, a substantial possibility of success on appeal, or made a showing that the injunction would be in the public interest, for the same reasons argued by Superintendent Nigrelli in opposition to Plaintiff's motion, and for the reasons persuasively stated by the Court in the March 13, 2023 Order.

Moreover, the appellate standard of review is whether the district court's decision to grant or deny a preliminary injunction was an abuse of discretion. *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011). An abuse of discretion occurs if the district court "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (citations omitted). "Under abuse of discretion review, the factual findings and legal conclusions underlying the district court's decision are evaluated under the clearly erroneous and de novo standards, respectively." *Id.* (citations and internal quotations omitted). Plaintiffs have not argued, or indeed, even alleged, that Your Honor committed such an abuse of discretion in denying the preliminary injunction.

Because Plaintiffs have not made the requisite showing entitling them to the extraordinary relief that they seek, this Court should not reconsider its ruling, and should instead deny the instant application.

Thank you for your time and consideration.

Respectfully submitted,

*/s/ Suzanna Publicker Mettham*
Suzanna Publicker Mettham
Section Chief
Suzanna.Mettham@ag.ny.gov

cc: Amy Bellantoni, Esq.
THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs*
(via ECF)

Judge Román                                                                Page 3
March 30, 2023

      Rachel K. Moston, Esq.
      Nicholas Ciappetta, Esq
      THE NEW YORK CITY LAW DEPARTMENT
      *Attorneys for Defendant New York City and Keechant Sewell*
      (<u>via</u> ECF)