UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON FREY, BRIANNA FREY, JACK CHENG, and WILLIAM SAPPE,

                 Plaintiffs,

v.

STEVEN NIGRELLI, Acting Superintendent of the New York State Police, in his official capacity, NEW YORK CITY, New York, and KEECHANT SEWELL, in her official capacity as NYPD Commissioner,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2023

21 CV 05334 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiffs Jason Frey, Brianna Frey, Jack Cheng, and William Sappe bring this action against the Acting Superintendent of the New York State Police, Steven Nigrelli ("Acting Superintendent" or "State Defendant"), and New York City and the NYPD Police Commissioner, Keechant Sewell (together, the "City Defendants"), which challenges the following statutes for purportedly violating Second Amendment rights: N.Y. Penal Law §§ 400.00(6), 400.00(15), 265.01, 265.01-b, 265.01-d, 265.01-e, 265.03(3), and NYC Admin. Code § 10-315. (*See* ECF No. 47, Second Amended Compliant or "SAC"). On March 13, 2023, the Court issued an Opinion and Order denying Plaintiffs' third motion for preliminary injunction in part and stayed decision in part. (*See* ECF No. 80.) Presently before the Court is Plaintiffs' motion for injunctive relief pending interlocutory appeal, pursuant to Fed. R. App. P. 8(a)(1), which requires Plaintiffs to make this instant motion first before the district court before seeking the same relief before the Second Circuit. (*See* ECF No. 86 ("Pls.' Mem.") at 1.)

1

For the reasons stated below, the Court DENIES Plaintiffs' motion for an injunction pending appeal.

## BACKGROUND

The Court assumes familiarity with the underlying facts, described in the Court's March 13, 2023 Opinion and Order. (*See* ECF No. 80) *See Frey v. Nigrelli*, No. 21 CV 05334 (NSR), 2023 WL 2473375 (S.D.N.Y. Mar. 13, 2023). In summary, Plaintiffs commenced this instant action on June 16, 2021, seeking to challenge numerous provisions of the N.Y. Penal Laws as violating the Second Amendment. (*See* ECF No. 1.) Plaintiffs requested leave to file a motion for preliminary injunction, which was filed and fully briefed on September 21, 2021. (ECF No. 20.) Oral argument on the preliminary injunction was held on February 1, 2022, and the Court subsequently issued a decision denying the injunction on February 22, 2022. (ECF No. 37.)

On June 23, 2022, the Supreme Court issued its decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, ⸺ U.S. ⸺, 142 S. Ct. 2111, 2156, 213 L.Ed.2d 387 (2022). In that decision, among other things, the U.S. Supreme Court announced a new standard of review when evaluating whether a regulation violates the Second Amendment, and expressly rejected the previous approach widely used by federal courts. *See Bruen*, 142 S. Ct. at 2126. Following the *Bruen* decision, on September 1, 2022, the State of New York amended its existing gun laws via the Concealed Carry Improvement Act ("CCIA").

On August 22, 2022, Plaintiffs requested permission to file a Second Motion for Preliminary Injunction based on the holding in *Bruen*. (ECF No. 42.) On September 1, 2022, the Court issued a Decision and Order denying Plaintiffs' request for a Second Preliminary Injunction and granted State Defendant's motion to dismiss the Complaint. (ECF No. 44.) Plaintiffs filed an Amended Complaint and a Second Amended Complaint on October 4, 2022 and October 14, 2022,

challenging various provisions of New York's revised gun laws. (*See* ECF Nos. 46 and 47.) Plaintiffs Jason Frey, Brianna Frey, and William Sappe filed a third motion for preliminary injunction on October 20, 2022. (ECF No. 48.) The parties fully briefed their arguments on the third motion for preliminary injunction on December 15, 2022.

On March 13, 2023, following oral argument, the Court denied Plaintiffs' third preliminary injunction with respect to Plaintiffs' challenge to N.Y. Penal Law §§ 400.00(6), 400.00(15), 265.01, 265.01-b, 265.03(3), N.Y. Penal Law §§ 265.01-e(2)(n) (with regards to the MTA subway and rails), 265.01-e(2)(t), and NYC Admin. Code § 10-315. *Frey*, 2023 WL 2473375, at *21 (the "March 13, 2023 Opinion and Order"). The Court also stayed its decision on the third preliminary injunction motion with respect to Plaintiffs' challenge of N.Y. Penal Law §§ 265.01-d, 265.01-e(2)(d), 265.01-e(2)(p), and 265.01-e(2)(o) pending resolution by the Second Circuit in *Antonyuk et al., v. Hochul, et al.*, C.A. No. 22-2908 (2d Cir. filed Nov. 9, 2022). *Id*.

On March 16, 2023, Plaintiffs filed a notice of interlocutory appeal of the March 13, 2023 Opinion and Order. (*See* ECF No. 81.) That same day, Plaintiff filed the instant motion for preliminary injunction pending interlocutory appeal pursuant to Fed. R. App. P. 8(a)(1), along with supporting declarations and a memorandum of law. (*See* ECF Nos. 82–85.) Defendants filed letter oppositions on March 30, 2023 (*See* ECF Nos. 86 and 87.) Plaintiffs did not file a reply brief by the April 7, 2023 due date, nor did they seek an extension to do so.

## LEGAL STANDARD

A party seeking an "order suspending, modifying, restoring, or granting an injunction while an appeal is pending" "must ordinarily move first in the district court" for the relief. Fed. R. App. P. 8(a)(1). "Under Rule 62 of the Federal Rules of Civil Procedure, '[w]hile an appeal is pending from an interlocutory order ... [that] denies an injunction, the court may suspend, modify, restore,

or grant an injunction.'" *Dexter 345 Inc. v. Cuomo*, No. 11 CIV. 1319, 2011 WL 1795824, at *3 (S.D.N.Y. May 3, 2011), *aff'd*, 663 F.3d 59 (2d Cir. 2011) (quoting Fed. R. Civ. P. 62(c)). Courts consider four factors in determining whether to grant a stay: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nw. Nat. Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 217–18 (S.D.N.Y. 2011) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this] discretion." *Id*. at 433–34, 129 S. Ct. 1749.

## DISCUSSION

The Court notes that Plaintiffs do not characterize the instant motion as one for reconsideration, nor do Plaintiffs provide any basis for reconsideration (*i.e*. clear error or intervening law and/or facts.). *United States v. Goode*, No. 16CR0052901NSR, 2022 WL 1567642, at *2 (S.D.N.Y. May 17, 2022) ("Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Tubo v. Orange Reg'l Med. Ctr*., No. 13-CV-1495 (NSR), 2016 WL 452158, at *1 (S.D.N.Y. Feb. 3, 2016) ("Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and

4

conservation of scarce judicial resources'). Notably, Plaintiffs' declarations are the same as those previously submitted in support of Plaintiffs' preliminary injunction motion. (*Compare* ECF Nos. 50–53 and ECF No. 84.)

Instead, Plaintiffs explain that they make the instant motion because they plan to apply for an injunction before the Second Circuit pending the interlocutory appeal, and Fed. R. App. P. 8(a)(1) directs Plaintiffs to do so first before the district court. (*See* Pls.' Mem. at 1; Fed. R. App. P. 8(a)(1).) The standard for staying a judgment pending appeal "resembles the test for issuance of a preliminary injunction." *New York Life Ins. Co. v. Singh*, No. 14CV5726NGSMG, 2017 WL 10187669, at *1 (E.D.N.Y. July 13, 2017) (citing *In re Klein Sleep Products, Inc.*, 1994 WL 652459 at *1 (S.D.N.Y. Nov. 18, 1994)). The Court has already denied Plaintiffs' third motion for a preliminary injunction, and Plaintiffs largely recycle their arguments in the instant motion herein. "When a district court has denied a motion for a preliminary injunction that would change the status quo pending a decision on the merits, it is highly unlikely that it will then grant that same injunction pending appeal of the denial." *Columbus Ale House, Inc. v. Cuomo*, No. 20-CV-4291 (BMC), 2020 WL 6507326, at *1 n.1 (E.D.N.Y. Nov. 5, 2020).

Nor, as Defendants point out, has Plaintiffs argued that the Court abused its discretion in denying in part Plaintiffs' third motion for a preliminary injunction in the March 13, 2023 Opinion and Order. *See Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) ("An abuse of discretion occurs if the district court '(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions.'") (citing *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)).

5

Even considering the four factors to obtain a stay pending appeal, the Court finds that Plaintiffs failed to satisfy their burden for a stay pending appeal.

### 1. Whether Plaintiffs have made a strong showing that they are likely to succeed on the merits

Plaintiffs argue that they have standing and have made a strong showing that they are likely to succeed on the merits with respect to their challenge against N.Y. Penal Law §§ 400.00(6)[1], 400.00(15)[2], 265-e(2)(n)[3], and 265-e(2)(t)[4]. (Pls.' Mem. at 5–10.) In doing so, Plaintiffs essentially rehash their arguments previously raised on their third motion for preliminary injunction (*compare* ECF Nos. 63, 73, and 85), in particular, by arguing that none of the challenged laws are grounded in historical tradition or the public's understanding of the right to bear arms when the Bill of Rights was adopted in 1791. (Pls.' Mem. at 8–9.)

For the reasons discussed in the March 13, 2023 Opinion and Order, the Court finds that Plaintiffs fail to make a strong showing that they are likely to succeed on the merits with respect to their challenge against N.Y. Penal Law §§ 400.00(6), 400.00(15), 265-e(2)(n), and 265-e(2)(t). *See Frey*, 2023 WL 2473375, at *12–21.

*First*, with respect N.Y. Penal Law § 400.00(6), Plaintiffs aver that such law has no historical analogue. (Pls.' Mem. at 9.) However, as discussed in the Court's March 13, 2023

---

[1] In relevant part, N.Y. Penal Law § 400.00(6) states that "[a] license to carry or possess a pistol or revolver, or to purchase or take possession of a semiautomatic rifle, not otherwise limited as to place or time of possession, shall be effective throughout the state, except that the same shall not be valid within the city of New York unless a special permit granting validity is issued by the police commissioner of that city." *See* N.Y. Penal Law § 400.00(6).

[2] N.Y. Penal Law § 400.00(15) criminalizes the carrying of firearms outside licensing restrictions. *See* N.Y. Penal Law § 400.00(15).

[3] The Court found that Plaintiffs had standing to challenge N.Y. Penal Law § 265-e(2)(n) insofar as they challenged the prohibition against carrying firearms in the Metropolitan Transit Authority subway and train cars. *See Frey*, 2023 WL 2473375, at *9.

[4] N.Y. Penal Law § 265-e(2)(t) prohibits the carrying of firearms in the Times Square area. *See* N.Y. Penal Law § 265-e(2)(t).

Opinion and Order, Defendants have met their burden of showing a historical tradition of municipal or town level firearm regulations. *See Frey*, 2023 WL 2473375, at *12–13.

*Second*, regarding Plaintiffs' challenge against N.Y. Penal Law § 400.00(15), Plaintiffs argue that "[n]o discretionary licenses were required to be sought or obtained from the government in 1791" and that in 1791, open carry was the means of carrying weapons. (Pls.' Mem. at 9.)  As articulated already by this Court, and as acknowledged by counsel during the March 10, 2023 oral argument on the third preliminary injunction motion, nothing in *Bruen* indicates that states may not impose licensing requirements and restrictions. *See Frey*, 2023 WL 2473375, at *12 (citing *Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring) (the holding "decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . . Nor have we disturbed anything that we said in [*D.C. v. Heller*, 554 U.S. 570, 595, 128 S. Ct. 2783, 2799 (2008)] or *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns."); *Bruen*, 142 S. Ct. at 2157 (Kavanaugh, J., concurring) (" the Court's decision does not prohibit ... the imposition of licensing requirements for carrying a handgun for self-defense.").  Moreover, the "Supreme Court has already stated that '[t]he historical evidence from antebellum America does demonstrate that the *manner* of public carry was subject to reasonable regulation.'" *Frey*, 2023 WL 2473375, at *14 (citing *Bruen*, 142 S. Ct. at 2150) (emphasis in original).

*Finally*, regarding N.Y. Penal Law §§ 265-e(2)(n) and 265-e(2)(t), Plaintiffs argue that such prohibitions are not grounded in historical tradition. (Pls.' Mem. at 9–10.)  The Court refers to its extensive discussion in the March 13, 2023 Opinion and Order finding that Defendants met their burden of establishing a historical tradition of regulation and/or prohibition of guns in analogous locations, and that therefore, Plaintiffs did not show a likelihood of success with respect

to their challenge against N.Y. Penal Law §§ 265-e(2)(n) and 265-e(2)(t). *Frey*, 2023 WL 2473375, at *16–21.

   2.  **Whether the applicant will be irreparably injured absent a stay**

Plaintiffs aver that they will face irreparable harm because they will be subjected to enforcement action for carrying guns in ways that are currently prohibited under the statutes they are challenging. (*See* Pls.' Mem. at 11–13.)

As discussed in the Court's March 13, 2023 Opinion and Order, "[the] presumption of irreparable harm arising from a constitutional deprivation is not automatic." *Frey*, 2023 WL 2473375, at *2 (citing *Joglo Realties, Inc. v. Seggos*, 16-CV-1666 (ARR)(CLP), 2016 WL 4491409, at *16 (E.D.N.Y. Aug. 24, 2016)). As stated therein, "[b]ecause the violation of a constitutional right is the irreparable harm asserted [ ], the two prongs of the preliminary injunction threshold merge into one" and "in order to show irreparable injury, plaintiff must show a likelihood of success on the merits." (*Id*.) (citing *Turley v. Giuliani*, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000)).

Because the Court finds, for the reasons stated in the March 13, 2023 Opinion and Order and discussed briefly above, that Plaintiffs either do not have standing or do not show a likelihood of success on the merits, the Court therefore does not find irreparable harm.

   3.  **Whether issuance of the stay will substantially injure the other parties' interests in the proceeding and balancing the public interest**

Plaintiffs argue that because *Bruen* rejected "balancing" the government's interests against individual rights to bear arms, that the Court should therefore not consider the government's interest at all when issuing an injunction. (*See* Pls.' Mem. at 13.). The Court notes that Plaintiff conflates the *Bruen* standard, which is used to evaluate whether a law violates the Second Amendment, and the preliminary injunction standard, which has remained unchanged and is well

settled. *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010) (A party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party."). In other words, while *Bruen* did away with means-end scrutiny when considering whether a law violates the Second Amendment, *see Bruen*, 142 S. Ct. at 2131, the Court must still consider the parties' hardships and the public interest when deciding on whether to issue an injunction.

Plaintiffs also argue that because it is challenging laws that allegedly violate individual Second Amendment rights, that the balance of hardships necessarily falls in Plaintiffs' favor. (Pls.' Mem. at 14-15.) This argument puts the "cart before the horse," as the saying goes, because Plaintiffs presume that the laws have indeed violated the Second Amendment. However, as stated in the March 13, 2023 Opinion and Order, "because Plaintiffs failed to show a likelihood of success of the merits with respect to the aforementioned statutes, Plaintiffs therefore cannot show that the balance of hardships tips in their interest." *Frey*, 2023 WL 2473375, at *21.

## CONCLUSION

For the reasons discussed herein, the Court DENIES Plaintiffs' motion for a stay pending appeal. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 82.

Dated: April 13, 2023  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge