UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JASON FREY and WILLIAM SAPPE,

                                 Plaintiffs,

                   -against-

NEW YORK CITY, NEW YORK, STEVEN G. JAMES,
in his Official Capacity, JESSICA TISCH, in her Official
Capacity,

                                 Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE THIRD
AMENDED
COMPLAINT**

21 Civ. 5334 (NSR)

        Defendants City of New York and Jessica Tisch, in her official capacity as the Commissioner of the New York City Police Department (hereinafter collectively referred to as "City Defendants"), by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their Answer to the Third Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

        2.      City Defendants neither admit nor deny the allegations set forth in paragraph "2" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

        3.      City Defendants neither admit nor deny the allegations set forth in paragraph "3" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

4. City Defendants neither admit nor deny the allegations set forth in paragraph "4" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

5. City Defendants neither admit nor deny the allegations set forth in paragraph "5" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), for its full text and true meaning.

6. City Defendants neither admit nor deny the allegations set forth in paragraph "6" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to District of Columbia v. Heller, 554 U.S. 570 (2008), for its full text and true meaning.

7. City Defendants neither admit nor deny the allegations set forth in paragraph "7" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to District of Columbia v. Heller, 554 U.S. 570 (2008), for its full text and true meaning.

8. City Defendants neither admit nor deny the allegations set forth in paragraph "8" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to the cases cited therein, for their full text and true meaning.

9. City Defendants neither admit nor deny the allegations set forth in paragraph "9" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

2

10. City Defendants neither admit nor deny the allegations set forth in paragraph "10" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the Third Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein, and further admit that Plaintiffs purport to base venue as set forth therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Third Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Third Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Third Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Third Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Third Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Third Amended Complaint.

18. City Defendants neither admit nor deny the allegations set forth in paragraph "18" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York, except admit that Plaintiffs purport to sue Steven G. James in his official capacity.

19.     City Defendants neither admit nor deny the allegations set forth in paragraph "19" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

20.     City Defendants neither admit nor deny the allegations set forth in paragraph "20" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

21.     Deny the allegations set forth in paragraph "21" of the Third Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

22.     Deny the allegations set forth in paragraph "22" of the Third Amended Complaint, except admit that pursuant to New York Penal Law § 265.00(10), the Commissioner of the New York City Police Department is the firearm licensing officer for the City of New York, and further admit that Jessica Tisch is the current Commissioner of the New York City Police Department.

23.     Deny the allegations set forth in paragraph "23" of the Third Amended Complaint, except that the Commissioner of the New York City Police Department has the powers and duties set forth in Chapter 18 of the New York City Charter.

24.     Deny the allegations set forth in paragraph "24" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Third Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Third Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Third Amended Complaint.

28. Admit the allegations set forth in paragraph "28" of the Third Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Third Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Third Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Third Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Third Amended Complaint.

33. Admit the allegations set forth in paragraph "33" of the Third Amended Complaint.

34. Admit the allegations set forth in paragraph "34" of the Third Amended Complaint.

35. Admit the allegations set forth in paragraph "35" of the Third Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Third Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Third Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Third Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Third Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Third Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Third Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Third Amended Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Third Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Third Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Third Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Third Amended Complaint.

47. City Defendants neither admit nor deny the allegations set forth in paragraph "47" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

48. City Defendants neither admit nor deny the allegations set forth in paragraph "48" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

49. City Defendants neither admit nor deny the allegations set forth in paragraph "49" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

50. City Defendants neither admit nor deny the allegations set forth in paragraph "50" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

51. Deny the allegations set forth in paragraph "51" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that possession of a firearm in New York City without a license issued by the New York City Police Department is unlawful, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

52. Deny the allegations set forth in paragraph "52" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

53. Deny the allegations set forth in paragraph "53" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

54. Deny the allegations set forth in paragraph "54" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York State law prohibits the possession of firearms in sensitive locations such as on public transportation, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

55. Deny the allegations set forth in paragraph "55" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that open carry is not permitted in New York State and further admit that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square and on public transportation, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive

locations, and further admit that possession of a firearm in New York City without a license issued by the New York City Police Department is unlawful, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

56. Deny the allegations set forth in paragraph "56" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Third Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Third Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Third Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Third Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Third Amended Complaint that Plaintiff William Sappe possesses a valid New York State concealed carry license, except admit that the open carry of firearms is not permitted in New York State.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Third Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Third Amended Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Third Amended Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Third Amended Complaint that Plaintiff William Sappe possesses a valid New York State concealed carry license, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

66.     Deny the allegations set forth in paragraph "66" of the Third Amended Complaint, except admit that Plaintiff William Sappe applied to the New York City Police Department for a carry business handgun license.

67.     Deny the allegations set forth in paragraph "67" of the Third Amended Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Third Amended Complaint, except admit that Plaintiff William Sappe's application for a carry business handgun license was denied by the New York City Police Department.

69.     Deny the allegations set forth in paragraph "69" of the Third Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Third Amended Complaint.

71.    Deny the allegations set forth in paragraph "71" of the Third Amended Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Third Amended Complaint.

73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Third Amended Complaint.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Third Amended Complaint.

75.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Third Amended Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Third Amended Complaint, except admit that the boundaries of the Times Square sensitive location zone are set forth in New York City Administrative § 10-315.

77.    Deny the allegations set forth in paragraph "77" of the Third Amended Complaint, except admit that the boundaries of the Times Square sensitive location zone were created by Local Law 91 of 2022.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Third Amended Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Third Amended Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Third Amended Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Third Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Third Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Third Amended Complaint.

84. Deny the allegations set forth in paragraph "84" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square and on public transportation, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations, and further admit that possession of a firearm in New York City without a license issued by the New York City Police Department is unlawful, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

85. Deny the allegations set forth in paragraph "85" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square and on public transportation, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations, and further admit that possession of a firearm in New York City

without a license issued by the New York City Police Department is unlawful, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

86.    City Defendants neither admit nor deny the allegations set forth in paragraph "86" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

87.    Deny the allegations set forth in paragraph "87" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York State law prohibits the possession of firearms in sensitive locations such as the area commonly known as Times Square and on public transportation, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

88.    Deny the allegations set forth in paragraph "88" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…," and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

89.     City Defendants neither admit nor deny the allegations set forth in paragraph "89" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

90.     Admit the allegations set forth in paragraph "90" of the Third Amended Complaint.

91.     Admit the allegations set forth in paragraph "91" of the Third Amended Complaint.

92.     Admit the allegations set forth in paragraph "92" of the Third Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Third Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Third Amended Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Third Amended Complaint.

96.     City Defendants neither admit nor deny the allegations set forth in paragraph "96" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

97.     Deny the allegations set forth in paragraph "97" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State, and aver

14

that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

98.    Deny the allegations set forth in paragraph "98" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

99.    Deny the allegations set forth in paragraph "99" of the Third Amended Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Third Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Third Amended Complaint, except admit that the New York City Police Department amended its rules in December 2024, with an effective date of January 5, 2025, to create a process for non-residents of the State of New York to apply to the New York City Police Department for a concealed carry license.

102.    Admit the allegations set forth in paragraph "102" of the Third Amended Complaint.

103.    Admit the allegations set forth in paragraph "103" of the Third Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State

15

license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

105.    Deny the allegations set forth in paragraph "105" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

106.    Deny the allegations set forth in paragraph "106" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

107.    Deny the allegations set forth in paragraph "107" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

108.    Deny the allegations set forth in paragraph "108" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

109.    Deny the allegations set forth in paragraph "109" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

110. Deny the allegations set forth in paragraph "110" of the Third Amended Complaint, except admit that Plaintiff William Sappe's application for a carry business handgun license was denied by the New York City Police Department based on a finding that Sappe lacked good moral character.

111. Deny the allegations set forth in paragraph "111" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

112. Deny the allegations set forth in paragraph "112" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

113. Deny the allegations set forth in paragraph "113" of the Third Amended Complaint, except admit that New York Penal Law § 400.00(6) provides that a New York State license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

114. Deny the allegations set forth in paragraph "114" of the Third Amended Complaint.

115. Deny the allegations set forth in paragraph "115" of the Third Amended Complaint.

116. City Defendants neither admit nor deny the allegations set forth in paragraph "116" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

17

117.    City Defendants neither admit nor deny the allegations set forth in paragraph "117" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

118.    City Defendants neither admit nor deny the allegations set forth in paragraph "118" of the Third Amended Complaint as they concern the Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

119.    City Defendants neither admit nor deny the allegations set forth in paragraph "119" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

120.    City Defendants neither admit nor deny the allegations set forth in paragraph "120" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

121.    City Defendants neither admit nor deny the allegations set forth in paragraph "121" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

122.    City Defendants neither admit nor deny the allegations set forth in paragraph "122" of the Third Amended Complaint as they concern Defendant Steven G. James and New York State Police, who are not represented by the Corporation Counsel of the City of New York.

123.    City Defendants neither admit nor deny the allegations set forth in paragraph "123" of the Third Amended Complaint as they concern Defendant Steven G. James, who is not represented by the Corporation Counsel of the City of New York.

124.	Deny the allegations set forth in paragraph "124" of the Third Amended Complaint.

125.	Deny the allegations set forth in paragraph "125" of the Third Amended Complaint.

126.	Deny the allegations set forth in paragraph "126" of the Third Amended Complaint, except admit that New York City Mayor Eric Adams and then-New York City Police Department Commissioner Keechant Sewell attended a press conference held by New York State Governor Kathy Hochul on August 31, 2022, regarding recently enacted changes to New York State's gun laws.

127.	City Defendants neither admit nor deny the allegations set forth in paragraph "127" of the Third Amended Complaint as they concern New York State Governor Kathy Hochul, who is not represented by the Corporation Counsel of the City of New York.

128.	City Defendants neither admit nor deny the allegations set forth in paragraph "128" of the Third Amended Complaint as they concern New York State Governor Kathy Hochul, who is not represented by the Corporation Counsel of the City of New York.

129.	City Defendants neither admit nor deny the allegations set forth in paragraph "129" of the Third Amended Complaint as they concern Steven A. Nigrelli, who is not represented by the Corporation Counsel of the City of New York.

130.	City Defendants neither admit nor deny the allegations set forth in paragraph "130" of the Third Amended Complaint as they concern Steven A. Nigrelli, who is not represented by the Corporation Counsel of the City of New York.

131. City Defendants neither admit nor deny the allegations set forth in paragraph "131" of the Third Amended Complaint as they concern Steven A. Nigrelli, who is not represented by the Corporation Counsel of the City of New York.

132. City Defendants neither admit nor deny the allegations set forth in paragraph "132" of the Third Amended Complaint as they concern Steven A. Nigrelli, who is not represented by the Corporation Counsel of the City of New York.

133. Deny the allegations set forth in paragraph "133" of the Third Amended Complaint.

134. City Defendants neither admit nor deny the allegations set forth in paragraph "134" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

135. City Defendants neither admit nor deny the allegations set forth in paragraph "135" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

136. City Defendants neither admit nor deny the allegations set forth in paragraph "136" of the Third Amended Complaint as they concern the New York State Police, who is not represented by the Corporation Counsel of the City of New York.

137. Deny the allegations set forth in paragraph "137" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State, and aver that the New York City Police Department enforces laws in accordance with the New York State Constitution and United States Constitution.

20

138.	Deny the allegations set forth in paragraph "138" of the Third Amended Complaint, except admit that in August 2022, the NYPD's Office of the Deputy Commissioner for Legal Matters authored a Legal Bureau Bulletin entitled "New York State Restrictions on Carrying Concealed Firearms."

139.	Deny the allegations set forth in paragraph "139" of the Third Amended Complaint, except admit that in August 2022, the NYPD's Office of the Deputy Commissioner for Legal Matters authored a Legal Bureau Bulletin entitled "New York State Restrictions on Carrying Concealed Firearms," and further admit that Plaintiffs accurately quote from a portion of said Legal Bureau Bulletin.

140.	Deny the allegations set forth in paragraph "140" of the Third Amended Complaint.

141.	Deny the allegations set forth in paragraph "141" of the Third Amended Complaint, except admit that in August 2022, the NYPD's Office of the Deputy Commissioner for Legal Matters authored a Legal Bureau Bulletin entitled "New York State Restrictions on Carrying Concealed Firearms," and further admit that said Legal Bureau Bulletin discusses, among other things, investigative encounters and procedures for frisking individuals carrying a firearm.

142.	Deny the allegations set forth in paragraph "142" of the Third Amended Complaint, except admit that in August 2022, the NYPD's Office of the Deputy Commissioner for Legal Matters authored a Legal Bureau Bulletin entitled "New York State Restrictions on Carrying Concealed Firearms," and further admit that said Legal Bureau Bulletin discusses, among other things, amendments to the New York State Penal Law concerning the possession of firearms in "sensitive locations."

143. Deny the allegations set forth in paragraph "143" of the Third Amended Complaint, except admit that in August 2022, the NYPD's Office of the Deputy Commissioner for Legal Matters authored a Legal Bureau Bulletin entitled "New York State Restrictions on Carrying Concealed Firearms," and further admit that Plaintiffs accurately quote from a portion of said Legal Bureau Bulletin.

144. Deny the allegations set forth in paragraph "144" of the Third Amended Complaint.

145. Deny the allegations set forth in paragraph "145" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

146. Deny the allegations set forth in paragraph "146" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State.

147. Deny the allegations set forth in paragraph "147" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that the open carry of firearms is not permitted in New York State.

148. Deny the allegations set forth in paragraph "148" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that New York Penal Law § 400.00(6) provides that a New York State

license to carry or possess a firearm is not valid within the City of New York unless "a special permit granting validity is issued by the police commissioner…."

149. Deny the allegations set forth in paragraph "149" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

150. Deny the allegations set forth in paragraph "150" of the Third Amended Complaint, except admit that on or about October 11, 2022, New York City Mayor Eric Adams signed Local Law 91 of 2022, which determined and identified the area commonly known as Times Square.

151. Deny the allegations set forth in paragraph "151" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

152. Deny the allegations set forth in paragraph "152" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, and refer the Court to Article 265 of the New York Penal Law for a listing and description of firearm offenses in the State of New York.

153. Deny the allegations set forth in paragraph "153" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e(2) for its full text and meaning.

154.    Deny the allegations set forth in paragraph "154" of the Third Amended Complaint.

155.    City Defendants neither admit nor deny the allegations set forth in paragraph "155" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to Frey v. City of New York, 157 F.4th 118 (2d Cir. 2025), for its full text and true meaning.

156.    Deny the allegations set forth in paragraph "156" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, and refer the Court to Article 265 of the New York Penal Law for a listing and description of firearm offenses in the State of New York.

157.    Deny the allegations set forth in paragraph "157" of the Third Amended Complaint, and refer the Court to New York Penal Law §§ 400.00 et. seq. for the statutory framework for the licensing of firearms in New York State.

158.    Deny the allegations set forth in paragraph "158" of the Third Amended Complaint, and refer the Court to Title 10, Chapter 3 of the New York City Administrative Code and Title 38, Chapter 5 of the Rules of the City of New York for the requirements to obtain a handgun license from the New York City Police Department.

159.    Deny  the allegations set forth in paragraph "159" of the Third Amended Complaint, and refer the Court to New York Penal Law § 400.00 for its full text and meaning.

160.    Admit the allegations set forth in paragraph "160" of the Third Amended Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Third Amended Complaint, and refer the Court to New York Penal Law §§ 400.00(15), (17) for their full text and meaning.

162.    Deny the allegations set forth in paragraph "162" of the Third Amended Complaint, and refer the Court to New York Penal Law §§ 400.00(15), (17) for their full text and meaning.

163.    Deny the allegations set forth in paragraph "163" of the Third Amended Complaint, and refer the Court to New York Penal Law §§ 400.00(6), (15), and (17) for their full text and meaning.

164.    Deny the allegations set forth in the first sentence of paragraph "164" of the Third Amended Complaint. City Defendants neither admit nor deny the allegations set forth in the second sentence of paragraph "164" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required, and respectfully refer the Court to the case cited therein, for its full text and true meaning.

165.    Deny the allegations set forth in paragraph "165" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations.

166.    Deny the allegations set forth in paragraph "166" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations.

167.    Deny the allegations set forth in paragraph "167" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations.

25

168.    Deny the allegations set forth in paragraph "168" of the Third Amended Complaint, except admit that the boundaries of the Times Square sensitive location zone are set forth in New York City Administrative § 10-315.

169.    Deny the allegations set forth in paragraph "169" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations.

170.    Deny the allegations set forth in paragraph "170" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.01-e for the full text and meaning of the law with respect to sensitive locations.

171.    Deny the allegations set forth in paragraph "171" of the Third Amended Complaint, and refer the Court to the legislative history of the Concealed Carry Improvement Act (S51001/A41001), which is publicly available on the official government websites for the New York State Assembly and New York State Senate, for the purpose of the law with respect to sensitive locations.

172.    Deny the allegations set forth in paragraph "172" of the Third Amended Complaint, and refer the Court to the legislative history of the Concealed Carry Improvement Act (S51001/A41001), which is publicly available on the official government websites for the New York State Assembly and New York State Senate, for the purpose of the law with respect to sensitive locations.

173.    Deny the allegations set forth in paragraph "173" of the Third Amended Complaint, except admit that the open carry of firearms is not permitted in New York State.

174.    Deny the allegations set forth in paragraph "174" of the Third Amended Complaint, except admit that on or about October 11, 2022, New York City Mayor Eric Adams

signed Local Law 91 of 2022, which determined and identified the area commonly known as Times Square, and further admit that Local Law 91 of 2022 is codified at New York City Administrative Code § 10-315.

175.    Deny the allegations set forth in paragraph "175" of the Third Amended Complaint, and refer the Court to New York City Administrative Code § 10-315 for its full text and meaning.

176.    Deny the allegations set forth in paragraph "176" of the Third Amended Complaint, except admit that Local Law 91 of 2022 took effect immediately.

177.    Deny the allegations set forth in paragraph "177" of the Third Amended Complaint insofar as they allege that the laws challenged in this action are unconstitutional or that the City Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

178.    City Defendants neither admit nor deny the allegations set forth in paragraph "178" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

179.    City Defendants neither admit nor deny the allegations set forth in paragraph "179" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

180.    City Defendants neither admit nor deny the allegations set forth in paragraph "180" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

181.    Deny the allegations set forth in paragraph "181" of the Third Amended Complaint, except admit that the open carry of firearms is not permitted in New York State.

27

182.    Deny the allegations set forth in paragraph "182" of the Third Amended Complaint, and refer the Court to New York Penal Law § 265.20 for its full text and true meaning.

183.    Deny the allegations set forth in paragraph "183" of the Third Amended Complaint, and refer the Court to New York Penal Law §§ 400.00(15), (17) for their full text and meaning, except admit that the open carry of firearms is not permitted in New York State.

184.    Deny the allegations set forth in paragraph "184" of the Third Amended Complaint, and refer the Court to Article 265 of the New York Penal Law and New York Penal Law §§ 400.00(15), (17) for the full text and meaning of the law with respect to the criminal penalties for unlicensed possession of a firearm.

185.    City Defendants neither admit nor deny the allegations set forth in paragraph "185" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

186.    City Defendants neither admit nor deny the allegations set forth in paragraph "186" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

187.    Deny the allegations set forth in paragraph "187" of the Third Amended Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

189.    Deny the allegations set forth in paragraph "189" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

190. Deny the allegations set forth in paragraph "190" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

191. Deny the allegations set forth in paragraph "191" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

192. Deny the allegations set forth in paragraph "192" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

193. Deny the allegations set forth in paragraph "193" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

194. Deny the allegations set forth in paragraph "194" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

195. Deny the allegations set forth in paragraph "195" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

196. Deny the allegations set forth in paragraph "196" of the Third Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

197. Deny the allegations set forth in paragraph "197" of the Third Amended Complaint.[1]

198. Deny the allegations set forth in paragraph "198" of the Third Amended Complaint.

199. Deny the allegations set forth in paragraph "199" of the Third Amended Complaint, and refer the Court to Article 265 of the New York Penal Law and New York Penal

---

[1] Portions of paragraph "197" of the Third Amended Complaint are cutoff or missing from the document filed on the United States District Court for the Southern District of New York's Electronic Case Filing System. See Docket Entry No. 104

Law §§ 400.00 for the full text and meaning of the laws with respect to the criminal penalties for violations of the laws challenged by Plaintiffs in this action.

200. Deny the allegations set forth in paragraph "200" of the Third Amended Complaint, and refer the Court to the legislative history of the Concealed Carry Improvement Act (S51001/A41001), which is publicly available on the official government websites for the New York State Assembly and New York State Senate, for the purpose of the law.

201. City Defendants neither admit nor deny the allegations set forth in paragraph "201" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

202. Deny the allegations set forth in paragraph "202" of the Third Amended Complaint.

203. Deny the allegations set forth in paragraph "203" of the Third Amended Complaint.

204. Deny the allegations set forth in paragraph "204" of the Third Amended Complaint.

205. Deny the allegations set forth in paragraph "205" of the Third Amended Complaint.

206. In response to the allegations set forth in paragraph "206" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

207. City Defendants neither admit nor deny the allegations set forth in paragraph "207" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

208. Deny the allegations set forth in paragraph "208" of the Third Amended Complaint.

209. Deny the allegations set forth in paragraph "209" of the Third Amended Complaint.

210. In response to the allegations set forth in paragraph "210" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

211. City Defendants neither admit nor deny the allegations set forth in paragraph "211" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

212. Deny the allegations set forth in paragraph "212" of the Third Amended Complaint.

213. Deny the allegations set forth in paragraph "213" of the Third Amended Complaint.

214. Deny the allegations set forth in paragraph "214" of the Third Amended Complaint.

215. In response to the allegations set forth in paragraph "215" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

216. City Defendants neither admit nor deny the allegations set forth in paragraph "216" of the Third Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

31

217. Deny the allegations set forth in paragraph "217" of the Third Amended Complaint.

218. Deny the allegations set forth in paragraph "218" of the Third Amended Complaint.

219. In response to the allegations set forth in paragraph "219" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

220. Deny the allegations set forth in paragraph "220" of the Third Amended Complaint.

221. Deny the allegations set forth in paragraph "221" of the Third Amended Complaint.

222. Deny the allegations set forth in paragraph "222" of the Third Amended Complaint.

223. In response to the allegations set forth in paragraph "223" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

224. Deny the allegations set forth in paragraph "224" of the Third Amended Complaint.

225. Deny the allegations set forth in paragraph "225" of the Third Amended Complaint.

226. Deny the allegations set forth in paragraph "226" of the Third Amended Complaint.

227. In response to the allegations set forth in paragraph "227" of the Third Amended Complaint, City Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

228. Deny the allegations set forth in paragraph "228" of the Third Amended Complaint.

229. Deny the allegations set forth in paragraph "229" of the Third Amended Complaint.

230. Deny that Plaintiffs are entitled to the relief set forth in the "Wherefore" Clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

231. The Third Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

232. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

233. The challenged laws are constitutional, valid and enforceable in all respects.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

234. The Amended Complaint fails to establish that the City of New York caused the alleged deprivation of Plaintiffs' rights as required by Monell v. Department of Social Services, 436 U.S. 658 (1978).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

235.    Plaintiffs lack standing with respect to some or all of their claims and requests for relief.

**WHEREFORE,** City Defendants request judgment dismissing the Third Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              December 19, 2025

                                        MURIEL GOODE-TRUFANT
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for City Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-4036

                              By:                    /s/
                                        Nicholas R. Ciappetta
                                        Assistant Corporation Counsel