UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JASON FREY and WILLIAM SAPPE,<br><br>                          Plaintiffs,<br><br><br>               - against -<br><br>NEW YORK CITY, New York, STEVEN G. JAMES, in his Official Capacity, JESSICA TISCH, in her Official Capacity,<br><br>                      Defendants. | No. 21-cv-5334 (NSR)<br><br><br>**SUPERINTENDENT JAMES'S ANSWER TO THE THIRD AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Defendant Steven G. James, in his official capacity as Superintendent of the New York State Police, by his attorney, Letitia James, the Attorney General of the State of New York, hereby answers the Third Amended Complaint filed on November 21, 2025, by Plaintiffs Jason Frey and William Sappe ("Plaintiffs") as follows:

1.      Paragraph 1 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 1 of the Third Amended Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

2.      Superintendent James denies the allegations set forth in Paragraph 2 of the Third Amended Complaint, and respectfully refers the Court to the Second Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

3.      Paragraph 3 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, Superintendent James, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

4.      Paragraph 4 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 4 of the Third Amended Complaint, and respectfully refers the Court to the Second Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

5.      Paragraph 5 of the Third Amended Complaint sets forth a legal conclusion to which no response is required Superintendent James, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

6.      Paragraph 6 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 6 of the Third Amended Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

7.      Paragraph 7 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 7 of the Third Amended Complaint, and respectfully refers the Court to the decision cited for a complete and accurate statement of its contents.

8.      Paragraph 8 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 8 of the Third Amended Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

9.      Paragraph 9 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 9 of the Third Amended Complaint.

10.    Paragraph 10 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James denies the allegations set forth in Paragraph 10 of the Third Amended Complaint, and respectfully refers the Court to the decisions cited for a complete and accurate statement of their contents.

11.    Superintendent James denies the allegations set forth in Paragraph 11 of the Third Amended Complaint, except admits that Plaintiffs purport to invoke the Court's jurisdiction and base venue as set forth therein.

12.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Third Amended Complaint.

13.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Third Amended Complaint.

14.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Third Amended Complaint.

15.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Third Amended Complaint.

16.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Third Amended Complaint.

17.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Third Amended Complaint.

18.    Superintendent James admits that he is the Superintendent of the New York State Police whose principal place of business is in Albany, New York, and admits, upon information and belief, that Plaintiffs are proceeding against Superintendent James in his official capacity only.

19.    Superintendent James denies the allegations set forth in Paragraph 19 except admits

that he and NYSP enforce the laws of New York state.

20.    Superintendent James admits the allegations set forth in Paragraph 20 of the Third Amended Complaint.

21.    Paragraph 21 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, except admits that the City of New York is a municipality incorporated pursuant to the laws of the State of New York.

22.    Superintendent James admits that Jessica Tisch is the Police Commissioner of the New York City Police Department, and admits, upon information and belief, that Plaintiffs are proceeding against Defendant Tisch in her official capacity only. Superintendent James respectfully refers the Court to Penal Law § 265.00(10) for a complete and accurate statement of its contents.

23.    Paragraph 23 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Superintendent James admits that sworn uniformed officers in the New York City Police Department have the authority to enforce the Penal Laws and New York City regulations, and make arrests for violations of the criminal and non-criminal statutes and regulations taking place in New York City. Superintendent James denies that sworn uniformed officers in the New York City Police Department have the authority to file charges and prosecute individuals.

24.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Third Amended Complaint.

25.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Third Amended Complaint.

26.    Superintendent James denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph 26 of the Third Amended Complaint.

27.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Third Amended Complaint.

28.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Third Amended Complaint.

29.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Third Amended Complaint.

30.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Third Amended Complaint.

31.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Third Amended Complaint.

32.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Third Amended Complaint.

33.    Paragraph 33 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by civilians in New York State and New York City is not authorized.

34.    Paragraph 34 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, and refers the Court to Penal Law § 400.00(2)(f).

35.    Paragraph 35 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits there is no process for a civilian to obtain a license to openly carry a handgun in New York City or New York State.

36.     Paragraph 36 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 36 of the Third Amended Complaint.

37.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Third Amended Complaint.

38.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Third Amended Complaint.

39.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Third Amended Complaint.

40.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Third Amended Complaint.

41.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Third Amended Complaint.

42.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Third Amended Complaint.

43.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Third Amended Complaint.

44.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Third Amended Complaint.

45.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Third Amended Complaint.

46.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Third Amended Complaint.

47.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Third Amended Complaint, except admits that NYSP troopers enforce the laws of New York State.

48.      Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Third Amended Complaint, except admits that NYSP troopers enforce the laws of New York State.

49.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Third Amended Complaint, except admits that NYSP troopers enforce the laws of New York State.

50.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Third Amended Complaint, except admits that NYSP troopers enforce the laws of New York State.

51.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Third Amended Complaint.

52.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Third Amended Complaint.

53.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Third Amended Complaint.

54.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Third Amended Complaint.

55.     Paragraph 55 of the Third Amended Complaint sets forth legal conclusions to which no response is required.

56.     Superintendent James denies the allegations set forth in Paragraph 56 of the Third

Amended Complaint.

57.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Third Amended Complaint.

58.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Third Amended Complaint.

59.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Third Amended Complaint.

60.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Third Amended Complaint.

61.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Third Amended Complaint.

62.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Third Amended Complaint.

63.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Third Amended Complaint.

64.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Third Amended Complaint.

65.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Third Amended Complaint.

66.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Third Amended Complaint.

67.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Third Amended Complaint.

68.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Third Amended Complaint.

69.    Paragraph 69 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 69 of the Third Amended Complaint.

70.    Superintendent James denies the allegations set forth in Paragraph 70 of the Third Amended Complaint.

71.    Paragraph 71 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 71 of the Third Amended Complaint.

72.    Superintendent James denies the allegations set forth in Paragraph 72 of the Third Amended Complaint.

73.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Third Amended Complaint.

74.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Third Amended Complaint.

75.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Third Amended Complaint.

76.    Superintendent James admits that "Times Square" is deemed a sensitive location pursuant to NYC Administrative Code Intro 602-A, except denies that the Times Square Gun Free Zone encompasses the area cited by Plaintiffs, and respectfully refers the Court to Intro 602-A for a complete and accurate statement of its contents.

77.    Superintendent James denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph 77 of the Third Amended Complaint.

78.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Third Amended Complaint.

79.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Third Amended Complaint.

80.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Third Amended Complaint.

81.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Third Amended Complaint.

82.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Third Amended Complaint.

83.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Third Amended Complaint.

84.    Paragraph 84 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Third Amended Complaint.

85.    Paragraph 85 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statutes cited for an accurate statement of their contents.

86.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Third Amended Complaint except admits that NYSP troopers enforce the laws of New York State.

87.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Third Amended Complaint.

88.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Third Amended Complaint.

89.     Paragraph 89 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statute cited for an accurate statement of its contents.

90.     Paragraph 90 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by civilians in New York State and New York City is not authorized.

91.     Paragraph 91 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by civilians in New York State and New York City is not authorized.

92.     Paragraph 92 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that there is no process for a civilian to obtain a license to openly carry a handgun in New York City or New York State.

93.     Paragraph 93 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 93 of the Third Amended Complaint.

94.     Superintendent James denies knowledge or information sufficient to form a belief

11

as to the truth of the allegations set forth in Paragraph 94 of the Third Amended Complaint.

95.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Third Amended Complaint.

96.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Third Amended Complaint except admits that NYSP troopers enforce the laws of New York State.

97.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Third Amended Complaint.

98.     Paragraph 98 of the Third Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Third Amended Complaint.

99.     Superintendent James denies the allegations set forth in Paragraph 99 of the Third Amended Complaint.

100.     Superintendent James denies the allegations set forth in Paragraph 100 of the Third Amended Complaint.

101.     Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Third Amended Complaint.

102.     Superintendent James admits the allegations set forth in Paragraph 102 of the Third Amended Complaint.

103.     Superintendent James admits the allegations set forth in Paragraph 103 of the Third Amended Complaint.

104.     Paragraph 104 of the Third Amended Complaint sets forth a legal conclusion to

which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statute cited for an accurate statement of its contents.

105.    Paragraph 105 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Third Amended Complaint.

106.    Paragraph 106 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations  set forth in Paragraph 106 of the Third Amended Complaint.

107.    Paragraph 107 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Third Amended Complaint.

108.    Paragraph 108 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statute cited for an accurate statement of its contents.

109.    Paragraph 109 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Third Amended Complaint..

110.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Third Amended Complaint.

111.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Third Amended Complaint.

112.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Third Amended Complaint.

113.    Superintendent James denies the allegations contained in Paragraph 113 of the Third Amended Complaint.

114.    Paragraph 114 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 114 of the Third Amended Complaint.

115.    Paragraph 115 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 115 of the Third Amended Complaint.

116.    Paragraph 116 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, and refers the Court to Article 11 of the Executive Law, and the New York State Penal Law, generally, for a recitation of the duties and responsibilities of the New York State Police.

117.    Paragraph 117 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, except admits that the New York State Police enforces the New York State Penal Law.

118.    Superintendent James denies the allegations set forth in Paragraph 118 of the Third Amended Complaint.

119.    Superintendent James denies the allegations set forth in Paragraph 119 of the Third Amended Complaint.

120.    Superintendent James denies the allegations set forth in Paragraph 124 of the Third Amended Complaint.

121.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Third Amended Complaint.

122.    Superintendent    James    respectfully    refers    the    Court    to https://troopers.ny.gov/Firearms/ for an accurate recitation of the contents of that website.

123.    Paragraph 123 of the Third Amended Complaint sets forth a legal conclusion to which no response is required, and refers the Court to Article 11 of the Executive Law for an accurate recitation of the New York State Police's functions and powers.

124.    Superintendent James denies the allegations set forth in Paragraph 124 of the Third Amended Complaint.

125.    Superintendent James denies the allegations set forth in Paragraph 125 of the Third Amended Complaint.

126.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 126 of the Third Amended Complaint.

127.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video. To the extent a response is required, Superintendent James admits the allegations set forth in Paragraph 126 of the Third Amended Complaint upon information and belief.

128.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that

video. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 128 of the Third Amended Complaint.

129.    Superintendent James admits the allegations set forth in Paragraph 129 of the Third Amended Complaint.

130.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video.

131.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video.

132.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 132 of the Third Amended Complaint.

133.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Third Amended Complaint to the extent that it does not identify what is meant by "Gov. Hochul's agenda."

134.    Superintendent    James    respectfully    refers    the    Court    to https://troopers.ny.gov/contact-us and https://troopers.ny.gov/firearms for an accurate recitation of the contents of those websites. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 134 of the Third Amended Complaint.

135.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Third Amended Complaint.

136.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Third Amended Complaint.

137.    Paragraph 137 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by civilians in New York State and New York City is not authorized.

138.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Third Amended Complaint.

139.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Third Amended Complaint.

140.    Paragraph 140 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 140 of the Third Amended Complaint.

141.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Third Amended Complaint.

142.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Third Amended Complaint.

143.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Third Amended Complaint.

144.    Paragraph 144 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 144 of the Third Amended Complaint.

145.    Superintendent James denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in Paragraph 145 of the Third Amended Complaint.

146.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Third Amended Complaint.

147.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Third Amended Complaint.

148.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Third Amended Complaint.

149.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Third Amended Complaint.

150.    Superintendent James admits, upon information and belief, the allegations set forth in Paragraph 150 of the Third Amended Complaint.

151.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 of the Third Amended Complaint.

152.    Paragraph 152 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 152 of the Third Amended Complaint.

153.    Superintendent James denies the allegations set forth in Paragraph 153 of the Third Amended Complaint.

154.    Superintendent James denies allegations set forth in Paragraph 154 of the Third Amended Complaint.

155.    Paragraph 155 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 155 of the Third Amended Complaint.

156.    Paragraph 156 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 156 of the Third Amended Complaint.

157.    Paragraph 157 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 157 of the Third Amended Complaint.

158.    Paragraph 158 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to 38 RCNY 5; NYC Admin. Code Title 10, Chapter 3 for an accurate statement of their contents.

159.    Paragraph 159 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 159 of the Third Amended Complaint and respectfully refers the Court to the statute cited for an accurate statement of its contents.

160.    Paragraph 160 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 160 of the Third Amended Complaint and respectfully refers the Court to the statutes cited for an accurate statement of their contents.

161.    Paragraph 161 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statutes cited for an accurate statement of their contents.

162.    Paragraph 162 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James

respectfully refers the Court to the statutes cited for an accurate statement of their contents.

163.    Paragraph 163 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 163 of the Third Amended Complaint and respectfully refers the Court to the statutes cited for an accurate statement of their contents.

164.    Paragraph 164 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164 of the Third Amended Complaint, and respectfully refers the Court to the decisions cited and statutes cited for a complete and accurate statement of their contents.

165.    Paragraph 165 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 165 of the Third Amended Complaint.

166.    Paragraph 166 of the Third Amended Complaint sets forth a legal conclusion to which no response is required.

167.    Paragraph 167 of the Third Amended Complaint sets forth a legal conclusion to which no response is required.

168.    Paragraph 168 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Third Amended Complaint.

169.    Paragraph 169 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits

the allegations set forth in Paragraph 169 of the Third Amended Complaint.

170.    Paragraph 170 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits the allegations set forth in Paragraph 170 of the Third Amended Complaint.

171.    Superintendent James denies the allegations set forth in Paragraph 171 of the Third Amended Complaint.

172.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 172 of the Third Amended Complaint.

173.    Paragraph 173 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by civilians in New York State and New York City is not authorized.

174.    Paragraph 174 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Third Amended Complaint and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

175.    Paragraph 175 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

176.    Superintendent James denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Third Amended Complaint.

177.    Paragraph 177 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 177 of the Third Amended Complaint.

178.    Superintendent James denies the allegations contained in Paragraph 178 of the Third Amended Complaint.

179.    Paragraph 179 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 179 of the Third Amended Complaint and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

180.    Paragraph 180 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 180 of the Third Amended Complaint and respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents.

181.    Paragraph 181 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. Superintendent James denies the allegations set forth in Paragraph 181 of the Third Amended Complaint.

182.    Paragraph 182 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. Superintendent James denies the allegations set forth in Paragraph 182 of the Third Amended Complaint.

183.    Paragraph 183 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits

that the open carriage of handguns by civilians in New York State and New York City is not authorized.

184.    Paragraph 184 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that the open carriage of handguns by unlicensed civilians in New York State and New York City is a felony.

185.    Paragraph 185 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 185 of the Third Amended Complaint.

186.    Paragraph 186 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 186 of the Third Amended Complaint.

187.    Paragraph 187 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 187 of the Third Amended Complaint.

188.    Paragraph 188 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

189.    Paragraph 189 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

190.    Paragraph 190 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits

that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

191.   Paragraph 191 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

192.   Paragraph 192 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

193.   Paragraph 193 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

194.   Paragraph 194 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

195.   Paragraph 195 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

196.   Paragraph 196 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

197.   Paragraph 197 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits that Plaintiffs seek to proceed as stated therein, but denies that they are entitled to that relief.

198.   Paragraph 198 of the Third Amended Complaint sets forth a legal conclusion to

which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 198 of the Third Amended Complaint, but denies that they are entitled to that relief.

199.    Paragraph 199 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James admits the allegations in Paragraph 199 of the Third Amended Complaint, but denies that they are entitled to that relief.

200.    Superintendent    James    respectfully    refers    the    Court    to https://www.youtube.com/watch?v=gC1L2rrztQs for an accurate recitation of the contents of that video.

201.    Paragraph 201 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 201 of the Third Amended Complaint.

202.    Paragraph 202 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 202 of the Third Amended Complaint.

203.    Superintendent James denies the allegations in Paragraph 203 of the Third Amended Complaint.

204.    Superintendent James denies the allegations in Paragraph 204 of the Third Amended Complaint.

205.    Paragraph 205 of the Third Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Superintendent James denies the allegations in Paragraph 205 of the Third Amended Complaint.

206.    In response to the allegation set forth in Paragraph 206 of the Third Amended Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 205 of the Third Amended Complaint as if fully set forth herein.

207.    Paragraph 207 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 207 of the Third Amended Complaint.

208.    Paragraph 208 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 208 of the Third Amended Complaint.

209.    Paragraph 209 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 209 of the Third Amended Complaint.

210.    In response to the allegation set forth in Paragraph 210 of the Third Amended Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 209 of the Third Amended Complaint as if fully set forth herein.

211.    Paragraph 211 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 211 of the Third Amended Complaint.

212.    Paragraph 212 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 212 of the Third Amended Complaint.

213.     Paragraph 213 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 213 of the Third Amended Complaint.

214.     Paragraph 214 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 214 of the Third Amended Complaint.

215.     In response to the allegation set forth in Paragraph 215 of the Third Amended Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 214 of the Third Amended Complaint as if fully set forth herein.

216.     Paragraph 216 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 216 of the Third Amended Complaint.

217.     Paragraph 217 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 217 of the Third Amended Complaint.

218.     Paragraph 218 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 218 of the Third Amended Complaint.

219.     In response to the allegation set forth in Paragraph 219 of the Third Amended Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 218 of the Third Amended Complaint as if fully set forth herein.

220.    Paragraph 220 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 220 of the Third Amended Complaint.

221.    Paragraph 221 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 221 of the Third Amended Complaint.

222.    Paragraph 222 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 222 of the Third Amended Complaint.

223.    In response to the allegation set forth in Paragraph 223 of the Third Amended Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 222 of the Third Amended Complaint as if fully set forth herein.

224.    Paragraph 224 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 224 of the Third Amended Complaint.

225.    Paragraph 225 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 225 of the Third Amended Complaint.

226.    Paragraph 226 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 226 of the Third Amended Complaint.

227.    In response to the allegation set forth in Paragraph 227 of the Third Amended

Complaint, Superintendent James reiterates and incorporates by reference his responses to the allegations set forth in Paragraphs 1 through 227 of the Third Amended Complaint as if fully set forth herein.

228.    Paragraph 228 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 228 of the Third Amended Complaint.

229.    Paragraph 229 of the Third Amended Complaint sets forth a conclusion of law to which no response is required. To the extent a response is required, Superintendent James denies the allegations set forth in Paragraph 229 of the Third Amended Complaint.

230.    Superintendent James admits that Plaintiffs seek the relief enumerated in the WHEREFORE section of the Third Amended Complaint, but denies that they are entitled to such relief.

231.    Superintendent James denies each and every other allegation in the Third Amended Complaint, including those in headings and footnotes, except where expressly admitted herein.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

232.    The Third Amended Complaint fails to state a claim against Superintendent James upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

233.    Plaintiffs' claims are barred, in whole or in part, for lack of standing.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

234.    Plaintiffs' claims are barred on the ground that the challenged statutory provisions do not infringe the right to keep and bear "arms" within the meaning of the Second Amendment.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

235.    Plaintiffs' claims are barred on the ground that the challenged statutory provisions are "consistent with this Nation's historical tradition of firearm regulation."

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

236.    Superintendent James has not violated or deprived Plaintiffs of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

237.    The acts or admissions of Superintendent James did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiffs complain.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

238.    Plaintiffs' claims are barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

**WHEREFORE**, Superintendent James respectfully requests that the Court enter judgment in his favor, dismissing all claims against him with prejudice, and granting costs and other relief as the Court may deem just and proper.

Dated:    New York, New York
          December 19, 2025

LETITIA JAMES
Attorney General
State of New York

_/s/ Suzanna Publicker Mettham_
Suzanna Publicker Mettham
Ian Ramage
Assistant Attorneys General
28 Liberty Street
New York, NY 10005
suzanna.mettham@ag.ny.gov
ian.ramage@ag.ny.gov